# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JARROD STRINGER, ET AL., | § | |
|     *Plaintiffs,* | § | |
| | § | |
| V. | § | NO. 5:16-CV-00257 |
| | § | |
| CARLOS H. CASCOS, IN HIS OFFICIAL CAPACITY | § | |
| AS THE TEXAS SECRETARY OF STATE AND | § | |
| STEVEN C. MCCRAW, IN HIS OFFICIAL CAPACITY | § | |
| AS THE DIRECTOR OF THE TEXAS DEPARTMENT OF | § | |
| PUBLIC SAFETY, | § | |
|     *Defendants.* | § | |

---

**DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

---

TO:    Plaintiffs, Jarrod Stringer, Benjamin Hernandez, Totysa Watkins, and John Woods ("Plaintiffs"), by and through their attorney of record, Mimi M.D. Marziani, TEXAS CIVIL RIGHTS PROJECT, 1405 Montopolis Drive, Austin, Texas 78741; and Peter A. Kraus, WATERS & KRAUS, LLP, 3219 McKinney Avenue, Dallas, Texas 75204.

          Respectfully submitted,

          KEN PAXTON
          Attorney General of Texas

          JEFFREY C. MATEER
          First Assistant Attorney General

          BRANTLEY STARR
          Deputy First Assistant Attorney General

          JAMES E. DAVIS
          Deputy Attorney General for Civil Litigation

          ANGELA V. COLMENERO
          Chief, General Litigation Division

1

/s/Anne Marie Mackin
ANNE MARIE MACKIN
Texas Bar No. 24078898
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4080
(512) 320-0667 FAX
anna.mackin@texasattorneygeneral.gov

ATTORNEYS DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on this the 23rd day of September, 2016, a true and correct copy of the foregoing

was sent via electronic mail to:

Peter A. Kraus
kraus@waterskraus.com

Charles S. Siegel
siegel@watersdraus.com

Caitlyn E. Silhan
csilhan@watersdraus.com

Mimi Marziani
mimi@texascivilrightsproject.org

Hani Mirza
hani@texascivilrightsproject.org

Wayne Krause Yang
wayne@texascivilrightsproject.org

Rachel A. Gross
rgross@waterskraus.com

Cassandara Lang Champion
champion@texascivilrightsproject.org

ATTORNEYS FOR PLAINTIFFS

/s/Anne Marie Mackin
Assistant Attorney General

**RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Carlos Cascos, in his official capacity as the Texas Secretary of State, and Steve McCraw, in his official capacity as the Director of the Texas Department of Public Safety, by and through the Attorney General for the State of Texas, respond to the Plaintiffs' First Set of Requests for Production of Documents.

## GENERAL OBJECTIONS

Defendants object to each Request: (1) insofar as it calls for the production of documents not in Defendants' possession, custody, or control; (2) insofar as it calls for the production of documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged; (3) insofar as it calls for the production of documents which are publicly available or otherwise equally available and/or uniquely available or equally available from third parties; (4) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; and (5) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.    Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.

The inadvertent production or disclosure of any privileged documents or information shall not constitute or be deemed to be a waiver of any applicable privilege with respect to such document or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. Defendants reserve the right not to produce

documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. Defendants likewise do not waive the right to object, on any and all grounds, to (1) the evidentiary use of documents produced in response to these requests; and (2) discovery requests relating to those documents.

Defendants submit these responses and objections without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist. Defendants' responses and objections are not intended to be, and shall not be construed as, agreement with Plaintiff's characterization of any facts, circumstances, or legal obligations. Defendants reserve the right to contest any such characterization as inaccurate. Defendants also object to the requests to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

The responses and objections contained herein are made on the basis of information now known to Defendants and are made without waiving any further objections to or admitting the relevancy or materiality of any of the information requested. Defendants' investigation, discovery and preparation for proceedings are continuing and all answers are given without prejudice to Defendants' right to introduce or object to the discovery of any documents, facts or information discovered after the date hereof.

Defendants will provide their responses based on terms as they are commonly understood, and consistent with the Federal Rules of Civil Procedure. Defendants object to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1**: Provide all data since January 1, 2012 sufficient to show:

(a)     the number of voter registration applications collected in conjunction with in-person driver's license renewal applications received by a DPS office;

(b)     the number of voter registration applications collected in conjunction with in-person driver's license renewal applications and submitted by DPS to the Texas Secretary of State; and

(c)     the number of voter registration applications collected in conjunction with in-person driver's license renewal applications and submitted by DPS to the Texas Secretary of State that resulted in a new or updated voter registration.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case. This is because Plaintiffs do not allege attempting to register to vote "in conjunction with in person driver's license renewal applications," or to have renewed their driver licenses at all. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b). Such applications, then, are unrelated to Plaintiffs' claims, and this request further violates the proportionality requirement, given the significant number of driver license transactions since January 1, 2012, and large amount of potentially responsive information.

Defendants further object that certain requested information may be protected under 52 U.S.C. §20504(b), which provides that "[n]o information relating to the failure of an applicant for a State motor vehicle driver's license to sign a voter registration application may be used for any purpose other than voter registration." *See also* Motion for Protective Order at 3. Revealing information relating to the number of voter registration applications resulting from specific transactions might implicitly reveal information about individuals who did not sign a voter registration application when renewing a driver license in-person at DPS.   Disclosing such information in discovery might use it "for a purpose other than voter registration," and would therefore not be permissible under the NVRA.

Defendants also object that this request is ambiguous and overly broad to the extent it requests, without limitation, "all data sufficient to show" the requested information. It is possible that a great many documents might show the information requested, but not all such documents would be *necessary* to show that information. This request appears to be an interrogatory masquerading as a request for production, perhaps to avoid the 25 interrogatory limit under Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case and under statute, Defendants will produce such documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of

the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).[1]

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 2:**  Provide all data since January 1, 2012 sufficient to show:

>   (a)     the number of voter registration applications collected in conjunction with  mail-in driver's license renewal applications received by a DPS office;

>   (b)     the number of voter registration applications collected in conjunction with  mail-in driver's license renewal applications and submitted by DPS to the  Texas Secretary of State; and

>   (c)     the number of voter registration applications collected in conjunction with  mail-in driver's license renewal applications and submitted by DPS to the  Texas Secretary of State that resulted in a new or updated voter registration.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case. This is because Plaintiffs do not claim to have submitted "mail-in driver's license renewal applications," or to have renewed their driver licenses at all. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b). Such applications, then, are unrelated to Plaintiffs' claims, and this request further violates the proportionality requirement, given the significant number of driver license transactions since January 1, 2012, and large amount of potentially responsive information.

Defendants further object that certain requested information may be protected under 52 U.S.C. §20504(b), which provides that "[n]o information relating to the failure of an applicant for a State motor vehicle driver's license to sign a voter registration application may be used for any purpose other than voter registration." *See also* Motion for Protective Order at 3. Revealing information relating to the number of voter registration applications resulting from specific transactions might implicitly reveal information about individuals who did not sign a voter registration application when renewing a driver license by mail through DPS.   Disclosing such information in discovery might use it "for a purpose other than voter registration," and would therefore not be permissible under the NVRA.

---

[1] Depending upon the scope of discovery the Court permits, Defendants reserve the right to extend the time to respond to Plaintiffs' First Requests for Production. Should such extension prove necessary, Defendants will promptly inform the Plaintiffs. FED. R. CIV. P. 34(b)(2)(B).

Defendants also object that this request is ambiguous and overly broad to the extent it requests, without limitation, "all data sufficient to show" the requested information. It is possible that a great many documents might show the information requested, but not all such documents would be *necessary* to show that information. This request appears to be an interrogatory masquerading as a request for production, perhaps to avoid the 25 interrogatory limit under Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case and under statute, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 3:**  Provide all data since January 1, 2012 sufficient to show:

    (a)    the number of voter registration applications collected in conjunction with  online driver's license renewal applications received by DPS;

    (b)    the number of voter registration applications collected in conjunction with  online driver's license renewal applications and submitted by DPS to the Texas Secretary of State;

    (c)    the number of voter registration applications collected in conjunction with  online driver's license renewal applications and submitted by DPS to the Texas Secretary of State that resulted in a new or updated voter registration; and

    (d)    the number of individuals who checked "yes" in response to the statement "I want to register to vote" while seeking to renew their driver's license  with DPS online.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case. This is because Plaintiffs do not claim to have applied to register to vote "in conjunction with  online driver's license renewal," or to have renewed their driver licenses at all. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b). Such applications, then, are unrelated to Plaintiffs' claims, and this request further violates the proportionality requirement, given the significant number of driver license transactions since January 1, 2012, and large amount of potentially responsive information.

Defendants further object that certain information requested may be protected under 52 U.S.C. §20504(b), which provides that "[n]o information relating to the failure of an applicant for a State motor vehicle driver's license to sign a voter registration application may be used for any purpose other than voter registration." *See also* Motion for Protective Order at 3. Revealing information relating to the number of voter registration applications resulting from specific transactions might implicitly reveal information about individuals who did not sign a voter registration application when renewing a driver license by mail through DPS.   Disclosing such information in discovery might use it "for a purpose other than voter registration," and would therefore not be permissible under the NVRA.

Defendants also object that this request is ambiguous and overly broad to the extent it requests, without limitation, "all data sufficient to show" the requested information. It is possible that a great many documents might show the information requested, but not all such documents would be *necessary* to show that information. This request appears to be an interrogatory masquerading as a request for production, perhaps to avoid the 25 interrogatory limit under Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the  requested information is discoverable based upon the claims in this case and under statute, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO.  4:**  Provide all data since January 1, 2012 sufficient to show:

    (a) the number of submissions for driver's license address changes received  in-person at a DPS office;

    (b) the number of persons who submitted a driver's license change-of-address  application at a DPS office who stated on the form that the change of  address is *not* for voter registration purposes;

    (c) the number of in-person submissions for driver's license address changes  received by the Texas Secretary of State from a DPS office; and

    (d) the number of in-person submissions for driver's license address changes  received by the Texas Secretary of State from a DPS office resulting in a change of address for a voter's registration file.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case. This is because Plaintiffs do not claim to have submitted "driver's license address changes [] in-person at a DPS office." *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b). Such applications, then, are unrelated to Plaintiffs' claims, and this request further violates the proportionality requirement, given the significant number of driver license transactions since January 1, 2012, and large amount of potentially responsive information.

Defendants further object that certain information requested may be protected under 52 U.S.C. §20504(b), which provides that "[n]o information relating to the failure of an applicant for a State motor vehicle driver's license to sign a voter registration application may be used for any purpose other than voter registration." *See also* Motion for Protective Order at 3. Revealing information relating to the number of voter registration applications resulting from specific transactions might implicitly reveal information about individuals who did not sign a voter registration application when changing their address in-person at DPS. Disclosing such information in discovery might use it "for a purpose other than voter registration," and would therefore not be permissible under the NVRA.

Defendants also object that this request is ambiguous and overly broad to the extent it requests, without limitation, "all data sufficient to show" the requested information. It is possible that a great many documents might show the information requested, but not all such documents would be *necessary* to show that information. This request appears to be an interrogatory masquerading as a request for production, perhaps to avoid the 25 interrogatory limit under Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case and under statute, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 5:** Provide all data since January 1, 2012 sufficient to show:

(a) the number of changes of address received by mail at a DPS office;

(b) the number of persons completing a change of address by mail who stated on the mail-in form that the change of address is not for voter registration purposes;

(c) the number of mail-in changes of address received by the Texas Secretary of State from DPS; and

(d) the number of mail-in changes of address received by the Texas Secretary of State from DPS resulting in a change of address for a voter's registration file.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case. This is because Plaintiffs do not claim to have submitted change of address forms by mail. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b). Such submissions, then, are unrelated to Plaintiffs' claims, and this request further violates the proportionality requirement, given the significant number of driver license transactions since January 1, 2012, and large amount of potentially responsive information.

Defendants further object that certain information requested may be protected under 52 U.S.C. §20504(b), which provides that "[n]o information relating to the failure of an applicant for a State motor vehicle driver's license to sign a voter registration application may be used for any purpose other than voter registration." *See also* Motion for Protective Order at 3. Revealing information relating to the number of voter registration applications resulting from specific transactions might implicitly reveal information about individuals who did not sign a voter registration application when changing their address by mail with DPS. Disclosing such information in discovery might use it "for a purpose other than voter registration," and would therefore not be permissible under the NVRA.

Defendants also object that this request is ambiguous and overly broad to the extent it requests, without limitation, "all data sufficient to show" the requested information. It is possible that a great many documents might show the information requested, but not all such documents would be *necessary* to show that information. This request appears to be an interrogatory masquerading as a request for production, perhaps to avoid the 25 interrogatory limit under Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case and under statute, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. Fed. R. Civ. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 6:** Provide all data since January 1, 2012 sufficient to show:

(a)  the number of online change-of-address applications received by DPS;

(b)  the number of online change-of-address applications submitted by DPS to  the Texas Secretary of State;

(c)  the number of online change-of-address applications submitted by DPS to  the Texas Secretary of State resulting in a change of address for a voter's registration; and

(d)  the number of individuals who checked "yes" in response to the statement  "I want to register to vote" while seeking to update their driver's license  address information with DPS online.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, except as it relates to Class C individual motor vehicle licenses—the type held by the Plaintiffs.

Defendants further object that certain information requested may be protected under 52 U.S.C. §20504(b), which provides that "[n]o information relating to the failure of an applicant for a State motor vehicle driver's license to sign a voter registration application may be used for any purpose other than voter registration." *See also* Motion for Protective Order at 3.  Revealing information relating to the number of voter registration applications resulting from specific transactions might implicitly reveal information about individuals who did not sign a voter registration application when changing their address online with DPS.   Disclosing such information in discovery might use it "for a purpose other than voter registration," and would therefore not be permissible under the NVRA.

Defendants also object that this request is ambiguous and overly broad to the extent it requests, without limitation, "all data sufficient to show" the requested information. It is possible that a great many documents might show the information requested, but not all such documents would be *necessary* to show that information. This request appears to be an interrogatory masquerading as a request for production, perhaps to avoid the 25 interrogatory limit under Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case and under statute, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute

attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 7:** Documents and communications concerning procedures for offering voter registration to an eligible resident who obtains, renews, or updates address information on his or her driver's license in each of the following ways: in-person, by phone, by mail, and on DPS's website.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 8:**  Documents and communications concerning methods in which customer data is collected and stored by DPS following each of the following types of driver's license transactions: in-person, by phone, by mail, and on DPS's website.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be

produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO.  9:** Documents and communications concerning methods in which customer data is collected and stored by DPS following each of the following types of voter registration transactions: in-person, by phone, by mail, and on DPS's website.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO.  10:** Documents and communications concerning all individuals who attempted to register to vote through DPS since January 1, 2012, through any of the following types of transactions, but who was not, in fact, registered to vote: in-person, by phone, by mail, and on DPS's website.

**RESPONSE:** Defendants object that this request is unintelligible, and will not produce any documents in response to it as Defendants do not understand what it is seeking.

**REQUEST NO. 11:** Documents and communications concerning methods by which customer data is selected for transfer and subsequently transferred from DPS to the Texas Secretary of State and/or election officials for inclusion in the voter files.

**RESPONSE:**

Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, as it requests information about other topics besides online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b). Defendants object that this request is ambiguous as to "customer data" and "selected for transfer" and "the voter files."

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 12:** Documents and communications concerning and describing the process by which voter registration information, including information collected in conjunction with online driver's license renewal and change-of-address applications, is transmitted from DPS to the Texas Secretary of State and/or election officials.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, as it requests information about other topics besides online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 13:** Documents and communications related to auditing or otherwise reviewing DPS' customer database and/or files for errors.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, as it requests information about other topics besides online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 14:** Documents and communications since January 1, 2012 concerning, describing, or analyzing DPS's compliance with Section 5 of the NVRA.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request

on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, as it requests information about other topics besides online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 15:**  Documents and communications since January 1, 2012 related to DPS designating  one or more persons to coordinate the agency's voter registration program.

**RESPONSE:**  Subject to and without waiving the foregoing objections, Defendants will produce responsive documents, to the extent any exist, in their possession, custody or control. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 16:**  Documents and communications since January 1, 2012 identifying the individuals who DPS designated to coordinate the agency's voter registration program.

**RESPONSE:**  Subject to and without waiving the foregoing objections, Defendants will produce responsive documents, to the extent any exist, in their possession, custody or control. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 17:**  Documents sufficient to show the appearance and function of each screen and user interface available on the DPS website relating to voter registration, including but not limited to screen shots mentioning voter registration and screen shots of the screens immediately before and immediately after any screens mentioning voter registration.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, as it requests information about other topics besides online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).  Defendants object that this request is ambiguous as to "function" and "including, but not limited to."

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 18:**  Documents and communications concerning the purpose and function of each question related to voter registration on the online driver's license renewal application and the online driver's license change-of-address application on the DPS website.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request as ambiguous as to "purpose and function."

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 19:** Documents and communications concerning policies, customs, and procedures related to the reason why the "Frequently Asked Questions" page of the "Driver's License Renewal and Change of Address" section of the DPS website does not inform voters that online driver's license applications on the DPS website are not also considered applications for voter registration.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request as ambiguous as to "policies, customs, and procedures" and to the extent it presumes any legal obligation on behalf of Defendants.

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 20:** All training materials provided or presentations made to DPS employees concerning voter registration since January 1, 2012.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, as it requests information about other topics besides online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation,

constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 21:**  All training materials provided or presentations made to Texas Secretary of State employees concerning voter registration since January 1, 2012.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, as it requests information about other topics besides online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 22:**  Documents and communications concerning Texas Secretary of State practices, policies, directives, guidelines, instructions, advisories, operating manuals, procedural manuals,  user manuals forms or rules that are or were in place since January 1, 2012 related to Section 5 of the NVRA.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, as it requests information about other topics besides online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their

possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 23:**  Documents and communications concerning DPS practices, policies, directives, guidelines, instructions, advisories, operating manuals, procedural manuals, user manuals forms  or rules that are or were in place since January 1, 2012 related to Section 5 of the NVRA.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, as it requests information about other topics besides online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 24:**  Any reports, analyses, or data compilations regarding compliance with Section 5 of the NVRA.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws.

Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, as it requests information about other topics besides online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 25:** Documents and communications relating to any issues, concerns, or problems with the transmission of voter registration information from any DPS office or DPS's online  services system to the Texas Secretary of State and/or election officials since January 1, 2012.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants object that this request is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, as it requests information about other topics besides online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).  Defendants further object that this request is ambiguous and overly broad as to "issues, concerns, or problems."

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and

restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO.  26:**  Documents and communications related to procedures for collecting and addressing customer complaints since January 1, 2012.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b). Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws.  Defendants further object that this request is ambiguous as to "customer complaints."

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO.  27:**  Documents and communications related to any actions taken by DPS in response  to complaints from members of the public concerning voter registration at DPS since January 1, 2012.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b). Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws.  Defendants further object that this request is ambiguous as to "complaints from members of the public."

Defendants object that certain of this information may be protected by the NVRA and State law governing agency handling of individual information. *See* TEX. ELEC. CODE §20.032(d), Registration Procedures ("Information regarding the agency or office to which an application is submitted is confidential and may be used only for voter registration purposes").

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case and under statute, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 28:** Documents and communications related to complaints received by the Texas Secretary of State concerning voter registration in conjunction with online transactions through the DPS website since January 1, 2012.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b). Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants further object that this request is ambiguous as to "complaints."

Defendants object that certain of this information may be protected by the NVRA and State law governing agency handling of individual information. *See* TEX. ELEC. CODE §20.032(d), Registration Procedures ("Information regarding the agency or office to which an application is submitted is confidential and may be used only for voter registration purposes").

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case and under statute, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO.  29:**   Documents and communications identifying all persons who made complaints to the Texas Secretary of State concerning voter registration in conjunction with online transactions  through the DPS website since January 1, 2012.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b). Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws.  Defendants further object that this request is ambiguous as to "complaints."

Defendants object that certain of this information may be protected by the NVRA and State law governing agency handling of individual information. "Identifying" is vague and ambiguous. *See* TEX. ELEC. CODE §20.032(d), Registration Procedures ("Information regarding the agency or office to which an application is submitted is confidential and may be used only for voter registration purposes").

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case and under statute, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 30:**  Documents and communications related to complaints received by DPS concerning voter registration in conjunction with online transactions through the DPS website since January 1, 2012.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not

proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b). Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants further object that this request is ambiguous as to "complaints."

Defendants object that certain of this information may be protected by the NVRA and State law governing agency handling of individual information. "Identifying" is vague and ambiguous. *See* TEX. ELEC. CODE §20.032(d), Registration Procedures ("Information regarding the agency or office to which an application is submitted is confidential and may be used only for voter registration purposes").

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case and under statute, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 31:** Documents and communications identifying all persons who made complaints to DPS concerning voter registration in conjunction with online transactions through the DPS website since January 1, 2012.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b). Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws. Defendants further object that this request is ambiguous as to "complaints" and "identifying." Defendants object that this information may be protected by the NVRA and state law governing agency handling of individually identifying information. *See* TEX. ELEC. CODE §20.032(d), Registration Procedures ("Information regarding the agency or office to which an application is submitted is confidential and may be used only for voter registration purposes")

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based

upon the claims in this case and under statute, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO.  32:** Documents and communications concerning the creation of a web portal through  which election officials share voter information inquiries with DPS, following the 2012 election, including:

    (a) The names of all individuals whose names have been submitted to DPS  through that portal since its creation.

    (b) For all identified individuals, identify which county submitted the  individual's name, the date of that submission, the results of DPS's  investigation into the individual's file, and whether the individual's ballot  was ultimately counted.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b). Defendants object to this request on the ground that it seeks information and documents protected from disclosure by privacy laws.  Defendants object that this information may be protected by the NVRA and state law governing agency handling of individually identifying information. S*ee* TEX. ELEC. CODE §20.032(d), Registration Procedures ("Information regarding the agency or office to which  an  application  is  submitted  is  confidential  and  may  be  used  only  for  voter  registration purposes")

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case and under statute, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information

26

will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 33:**  Documents and communications related to DPS's efforts to inform counties around the state about its web portal.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.   Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 34:**  Documents related to policies, practices, and procedures concerning DPS's web portal.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 35:**  Documents related to policies, practices, and procedures concerning the use of DPS's web portal by county election officials.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 36:**  Documents related to policies, practices, and procedures concerning the use of DPS's web portal by Texas Secretary of State officials.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be

produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 37:** Documents related to policies, practices, and procedures concerning the use of DPS's web portal by other state and local government officials or their agents.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 38:** Documents and communications related to Texas Secretary of State policies, practices, and procedures concerning the use of electronic signatures for driver's license applications, renewal applications, and change-of-address applications.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 39:** Documents and communications related to Texas Secretary of State policies, practices, and procedures concerning the use of electronic signatures for voter registration applications collected in conjunction with driver's license applications, renewal applications, and change-of-address applications.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 40:** Documents and communications related to DPS policies, practices, and procedures concerning the use of electronic signatures for driver's license applications, renewal applications, and change-of-address applications.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 41:**  Documents and communications related to DPS policies, practices, and procedures concerning the use of electronic signatures for voter registration applications collected in conjunction with driver's license applications, renewal applications, and change-of- address applications.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and

restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO.  42:**  Documents and communications concerning policies, practices, and procedures related to updating voter registration information collected in conjunction with driver's license  applications,  renewal applications, and change-of-address applications  for voters  who move within a county.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO.  43:**  Documents and communications concerning policies, practices, and procedures related to voters who move within a county, update their address on their driver's license through the DPS website, and are subsequently barred from changing their address for voter registration purposes online.

**RESPONSE:** Defendants object that this request is unintelligible, and will not produce any documents in response to it as Defendants do not understand what it is seeking.

**REQUEST NO.  44:**  Documents and communications concerning policies, practices, and procedures related to the process used to update voter registration information for voters who move within a  county and change their address online for voter registration purposes.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing

expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. Fed. R. Civ. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 45:**   Documents and communications concerning DPS's policies, practices, and procedures related to implementing the DPS policy whereby whenever a United States citizen applicant checks both the "yes" and "no" box on driver's license application in response to a question asking whether he or she would like to register to vote, his or her answer will be considered an affirmative response.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. Fed. R. Civ. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 46**:  Documents related to policies, practices, and procedures concerning the use of the  Driver's License System (DLS) by DPS for voter registration purposes.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 47:**  Documents related to policies, practices, and procedures concerning the use of the  DLS by Texas Secretary of State officials for voter registration purposes.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting

the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO.  48:**  Documents related to policies, practices, and procedures concerning the use of the  DLS for voter registration purposes by third-party nongovernmental entities involved in maintaining or programming said system.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO.  49:**  Documents related to programs and computer systems used by third-party nongovernmental entities involved in maintaining or programming the DLS.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their

possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO.  50:**  Documents related to any agreements or contracts for services between DPS and  third-party nongovernmental entities involved in maintaining or programming the DLS.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO.  51:**  Documents related to any agreements or contracts for services between the Texas Secretary of State and third-party nongovernmental entities involved in maintaining or programming the DLS.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything

other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.


**REQUEST NO.  52:** Documents related to policies practices, and procedures concerning the use of  the  DPS  website  by  third-party  nongovernmental  entities  involved  in  maintaining  or programming  the website.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 53:** Documents related to programs and computer systems used by third-party nongovernmental entities involved in maintaining or programming the DPS website.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 54:**  Documents related to any agreements or contracts for services between DPS and  third-party nongovernmental entities involved in maintaining or programming the DPS website.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and

restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.


**REQUEST NO.  55:**  Documents related to any agreements or contracts for services between the Texas Secretary of State and third-party nongovernmental entities involved in maintaining or programming the DPS website.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery.  Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO.  56:**  Documents related to voter registration data shared between the Texas Secretary  of State and DPS to ensure accuracy in the State of Texas' required reporting to the United States Election Assistance Commission.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be

produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.

**REQUEST NO. 57:** Documents related to the State of Texas' considerations of implementing policies similar to those mentioned in the Department of Justice and the State of Alabama's Memorandum of Understanding concerning the State of Alabama's compliance with Section 5 of the NVRA.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. It is an impermissible fishing expedition because it is not calculated to lead to the discovery of relevant evidence, and is not proportional to the claims alleged in this case, to the extent it requests information about anything other than online change of address transactions for Class C licenses that originate on the DPS website. *See* Motion for Protective Order (Doc. 24) at ¶¶5-8; 14-17; 20(a) & (b); 21(a) & (b).

Subject to and without waiving the foregoing objections, if, in ruling on Defendants' pending Motion for Protective Order, the Court determines that any of the requested information is discoverable based upon the claims in this case, Defendants will produce documents, to the extent any exist, in their possession, custody or control necessary to show the requested information. Such documents will be produced on a rolling basis on or before December 1, 2016, or within 21 days of the Court's ruling on Defendants' pending motion for protective order, whichever is later. FED. R. CIV. P. 34(b)(2)(B).

Information which would otherwise be protected from disclosure under federal or state law will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Information about collection, storage, and transfer of voter information will not be produced without a protective order on file specifically preserving the confidentiality and restricting the use of such discovery. Documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged will not be produced.