# EXHIBIT I



Re: Document Production
Mackin, Anna
to:
Caitlyn Silhan
01/18/2017 02:43 AM
Cc:
"Clopton, Jodie", "Martinez, Tamera" , Vicki Via, "Skinner, Adrian"
Hide Details
From: "Mackin, Anna" <Anna.Mackin@oag.texas.gov>
To: Caitlyn Silhan <csilhan@waterskraus.com>,
Cc: "Clopton, Jodie" <Jodie.Clopton@oag.texas.gov>, "Martinez, Tamera" <Tamera.Martinez@oag.texas.gov>, Vicki Via <vvia@waterskraus.com>, "Skinner, Adrian" <Adrian.Skinner@oag.texas.gov>
History: This message has been forwarded.

Caitlyn,

I propose rolling production over the next three weeks (Feb. 8). Every business day, I will release all documents that are ready for production to our external vendor for bates numbering and processing. Though I cannot control the vendor's speed, this should keep a steady stream of documents coming your way for review (almost every business day). Given that the discovery deadline is May 15, this seems reasonable. My hope is to have everything reviewed by next Wednesday (Jan. 25), so that it is (hopefully) sent to you by Friday (Jan. 27), but I cannot predict exactly how long everything will take. The cushion of time should ensure everything can be completed, and any unforeseen issues can be addressed before that date, given my other docket obligations (which I am happy to list for verification but assume you prefer not to be bored with) and my clients' resources.

I regret any confusion on last Thursday's call regarding redaction. We have been redacting full social security numbers in Excel files by replacing the numbers with the character "x," which should be self-evident in the documents where it was done. We have added black redaction blocks to any other files where SSNs are present. Any redactions for attorney client or work product privilege will be detailed in a privilege log, as you have requested. As noted in our written responses, some documents produced contained redactions as they were maintained in the ordinary course of business. If there are questions about this, please let me know and I'm glad to address.

Thanks,
Anna

---

**From:** Caitlyn Silhan <csilhan@waterskraus.com>
**Sent:** Tuesday, January 17, 2017 7:46 PM
**To:** Mackin, Anna
**Cc:** Clopton, Jodie; Martinez, Tamera; Vicki Via; Skinner, Adrian
**Subject:** Re: Document Production

Thanks, Anna. While I understand your circumstances, recall that these requests were made months ago. You and your clients have had ample time to at least collect responsive documents, if not prepare to produce them, long before now. In fact, you previously represented that you would be prepared to do so by December 1, as noted by the Court in its December 14, 2016 order requiring that you complete this production by last Friday.

In any event, we have already experienced delays--and both sides have expended additional resources--as a result of your clients' refusal to produce responsive documents without a court order. We cannot agree to further delays because they do not wish to allocate the necessary resources to this important, though relatively straightforward, litigation.

That being said, if you'd like us to consider a reasonable modified production timeline that won't jeopardize our ability to proceed under the current scheduling order, please propose one by noon tomorrow. In the meantime Vicki and I will touch base on the metadata issues tomorrow and get back to you.

Finally, with respect to the log (or memorialization by other means) of information you've redacted from documents, you agreed to provide this information during our phone call last Thursday. Specifically, you advised that you would be going into documents--including native files--and removing certain very sensitive information like Social Security Numbers. You agreed to specify which documents and what kind of information you removed in this manner in a cover letter accompanying the production. If this is no longer the case, please let me know.

Sincerely,

Caitlyn


*sent from my iPhone, so please excuse any errors.

On Jan 17, 2017, at 6:27 PM, Mackin, Anna <Anna.Mackin@oag.texas.gov> wrote:

> Caitlyn,
>
> As I mentioned at the deposition on Friday, I have received over 55,000 pages of potentially responsive documents. Given the manpower of my office and the defendant state agencies, the bulk of these had not been collected, received, and uploaded into the Relativity platform until last week. I am the only attorney assigned to this matter and have been working as quickly as I can to review these materials for responsiveness, nonparty social security numbers, attorney work product and attorney client communications, and highly technical information about the systems that protect some of the most sensitive data maintained by the State of Texas.
>
> This afternoon, I released an additional 519 documents to the external vendor that processes them. I'm told that the vendor usually moves through materials within 24 hours, and those files will be sent to you as soon as the vendor processes them. I will continue to provide documents as efficiently as possible, and release the latest set of materials to the vendor each day until I have made my way through all of them. I understand that you need sufficient time to review the documents in advance of depositions, and, as ever, I remain happy to work with you on scheduling. I understand your stated desire to move forward and am doing all I am able given the universe of potentially responsive documents and my resources. Of course, seek court intervention if you feel you must, but please bear in mind the breadth and sensitivity of the materials requested.
>
> My plan is to provide a privilege log once I have completed review of all of the potentially responsive documents my clients have sent over. Additionally, while I am happy to provide a privilege log, I am not required to log information that has not been produced "for any other reason" (for example, documents that are reviewed but not produced because they are not

responsive, or Social Security Numbers).

With respect to your additional issues:

(1) I understood that Vicki & Adrian had reached an understanding about the file naming conventions. What, specifically, are you requesting, and I'm sure we can resolve it?
(2) I have copied Adiran on this note and he can correct me if I am wrong, but I assume if we did not provide that metadata, it did not exist as we received the file.
(3) If no custodian was identified, no custodian was associated with the document as we received it.
(4) If no Author or From field was identified, that metadata was not associated with the documents as we received them.

Adrian and I will also discuss the "Bates_Number" in the "Parent_ID" field issue and will let you know.

Please also note that I am attending a court-ordered mediation in Dallas on Thursday in *State of Texas v. Alabama-Coushatta*, No. 9:01-cv-00299 (E.D. Tex, Lufkin Div.), so I will be out of the office for most of that day.

Anna Mackin | Assistant Attorney General
P.O. Box 12548, Capitol Station, Austin, Texas 78711
Direct: 512.475.4074 | Fax: 512.320.0667
anna.mackin@oag.texas.gov

**From:** Caitlyn Silhan [mailto:csilhan@waterskraus.com]
**Sent:** Tuesday, January 17, 2017 5:23 PM
**To:** Mackin, Anna <Anna.Mackin@oag.texas.gov>
**Cc:** Clopton, Jodie <Jodie.Clopton@oag.texas.gov>; Martinez, Tamera <Tamera.Martinez@oag.texas.gov>; Vicki Via <vvia@waterskraus.com>
**Subject:** Re: Document Production

Hi Anna,

We have not received the outstanding production as of the time of this email. When we spoke about the matter on Friday, you indicated that you should be able to produce it today as agreed, and in the event that you could not, would let be know in advance of the noon deadline whether you required another small extension. As you know, we need enough time to review these documents in advance of upcoming depositions, and further extending those or any other dates to accommodate production delays is not an acceptable option. Having not heard from you about the outstanding production, we will need to seek court intervention if you are unable to produce the remaining responsive documents in the next 24 hours.

With respect to the Friday, January 13 production of 913 pages of documents, you have not provided a cover letter or privilege log explaining what, if any, information you have withheld on the basis of privilege or for any other reason (including, for example, whether Social Security Numbers have been redacted and if so, for which specific documents). That production is also deficient because
(1) you have renamed native files, which is inconsistent with our ESI protocol that requires that native file names be maintained, and requires that you provide a cross-reference list of native file names and Bates numbers corresponding with each native file (see also my November 11, 2016 email to you memorializing our discussion about this issue);
(2) for the re-named native files, the metadata only provides the date you modified the document, not the date the document was created or edited;

(3) you have failed to produce the Custodian field for a single document; and
(4) of the 193 documents produced, 74 have no information for the Author and From fields.

Finally, we need the Parent_ID field to contain the Bates_Number of the document from which the Native file was extracted, which is standard. We continue to review the production, and I will get back to you should we identify any other issues.

Please contact me at your earliest opportunity to discuss the foregoing.

Thank you,

Caitlyn


<image001.jpg>
**Caitlyn Silhan | Attorney**
3141 Hood Street, Suite 700 | Dallas, TX 75219
Toll Free 800-226-9880 | Phone 214-357-6244 | Fax 214-357-7252
www.waterskraus.com
**Please note new address**


| From: | Caitlyn Silhan/Attorney/Dallas/W&K |
|---|---|
| To: | "Mackin, Anna" <Anna.Mackin@oag.texas.gov>, |
| Cc: | "Clopton, Jodie" <Jodie.Clopton@oag.texas.gov>, "Martinez, Tamera" <Tamera.Martinez@oag.texas.gov> |
| Date: | 01/12/2017 02:28 PM |
| Subject: | Re: Document Production |

Likewise, Anna. With respect to point 1, I'm confirming that electronic production via secure share is acceptable at this point. If that changes, I will let you know. As to point 2, I'm also confirming that we have agreed to extend tomorrow's deadline for the remaining 10,000 pages to Tuesday at noon. Let me look into point 3 and get back to you.

Best regards,

Caitlyn


<image001.jpg>
**Caitlyn Silhan | Attorney**
3141 Hood Street, Suite 700 | Dallas, TX 75219
Toll Free 800-226-9880 | Phone 214-357-6244 | Fax 214-357-7252
www.waterskraus.com
**Please note new address**


| From: | "Mackin, Anna" <Anna.Mackin@oag.texas.gov> |
|---|---|
| To: | Caitlyn Silhan <csilhan@waterskraus.com>, |
| Cc: | "Clopton, Jodie" <Jodie.Clopton@oag.texas.gov>, "Martinez, Tamera" <Tamera.Martinez@oag.texas.gov> |
| Date: | 01/12/2017 01:26 PM |
| Subject: | Document Production |

Caitlyn,

I write to confirms our conversation a few moments ago. We agreed to the following regarding document production in Stringer v. Cascos:

1.   Defendants will produce the first batch of documents to you, Vivian your paralegal, and the TCRP attorneys tomorrow. This currently numbers about 2,000 pages in Relativity. When the files are ready, Tamera will share a link to access them via secure share.

2.   I will complete review of a second batch of documents before Tuesday morning (Monday is a State holiday). I have not seen this batch yet because it is still being processed by EDS, but my best estimate (subject to change) is that it is about 10,000 pages. First thing Tuesday morning I will ask EDS to process the files ASAP with the aim of providing them to you by Tuesday at noon. If EDS anticipates that the processing time will be longer than this, I will inform you immediately and give you their best estimate of the files will be ready for production. At that point, Tamera will provide them to you, Vivian, and the TCRP attorneys via secure share.

3.   We discussed producing Excel files both natively and "Watermarked" (bearing a "CONFIDENTIAL" stamp), with the agreement that only the watermarked versions would be used. I just spoke with our EDS consultant, however, and he reminded me that, under the ESI agreement, we will be providing a load file with the metadata for each native file produced. Given this, would it be acceptable for us to produce watermarked files only? I'm proposing this because it might be more straightforward when it comes to bates numbering, etc.

Please let me know your thoughts on point 3, and also correct me if you had a different understanding of our agreement regarding points 1 and 2.

Thanks, as always, for your professionalism.

Sincerely,
Anna

This electronic message contains information from WATERS & KRAUS, LLP that may be privileged and confidential attorney work product or attorney/client communication. The information is intended to be for the use of the addressee only. If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you received this message in error, please notify the sender immediately.

This electronic message contains information from WATERS & KRAUS, LLP that may be privileged and confidential attorney work product or attorney/client communication. The information is intended to be for the use of the addressee only. If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you received this message in error, please notify the sender immediately.

This electronic message contains information from WATERS & KRAUS, LLP that may be privileged and confidential attorney work product or attorney/client communication. The

information is intended to be for the use of the addressee only. If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you received this message in error, please notify the sender immediately.