IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JARROD STRINGER, ET AL., § | |
|     *Plaintiffs,* § | |
| § | |
| v. § | NO. 5:16-CV-00257 |
| § | |
| ROLANDO PABLOS,[1] IN HIS OFFICIAL CAPACITY § | |
| AS THE TEXAS SECRETARY OF STATE AND § | |
| STEVEN C. MCCRAW, IN HIS OFFICIAL CAPACITY § | |
| AS THE DIRECTOR OF THE TEXAS DEPARTMENT OF § | |
| PUBLIC SAFETY, § | |
|     *Defendants.* § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS**

Defendants, Rolando Pablos, in his official capacity as Texas Secretary of State, and Steven C. McCraw, in his official capacity as Director of the Texas Department of Public Safety, ("Defendants"), hereby respond to Plaintiffs' motion for discovery sanctions. Doc. 44. Plaintiffs' motion should be denied because Plaintiffs' counsel have not complied with the rules of this Court requiring good faith and reasonableness in attempting to resolve discovery disputes without court intervention. They have instead ignored Defendants' reasonable request for minimal additional time to review documents to protect critical information about the State's election and voter registration systems, and personally identifying information about individuals who are not party to this litigation.[2] Plaintiffs' motion should also be denied under the factors of Federal Rule of Civil Procedure 37(b), because the additional days necessary to protect this data will not prejudice

---

[1] When action was filed, Carlos H. Cascos was Texas's Secretary of State. On January 5, 2017, Rolando Pablos took over this position, and is now listed as the Defendant. FED. R. CIV. P. 25(d) ("[a]n action does not abate when a public officer who is a party in an official capacity…ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name[.]")

[2] The parties have agreed in the protective order entered in this cause that documents containing such personally identifying information are to be designated and marked as confidential. Docs. 39-1; 42.

1

Plaintiffs' interests in this litigation, given that discovery extends through May 15, 2017, and Defendants have repeatedly offered flexibility in scheduling. Moreover, no sanctions are necessary, as Defendants are already producing (and will continue to produce) documents on a rolling basis, and production is nearing completion as of this filing.

**Additional Relevant Facts**

At the outset, Defendants must supplement the factual assertions in Plaintiffs' motion for discovery sanctions. First, Plaintiffs misrepresented their correspondence with Defendants regarding the volume of production, which is heavily emphasized in the motion for discovery sanctions. Second, Plaintiffs omitted facts from their motion which demonstrate their failure to work in good faith to resolve their discovery complaint out of Court. Third, Defendants supplement the Plaintiffs' assertions to offer the Court a complete picture of discovery in this cause to date.

<u>Plaintiffs' Misrepresentations Regarding Volume of Production.</u> Plaintiffs assert that "there are more than 55,000 pages" of documents responsive to their requests for production. Doc. 44 at 2. They also assert that Defendants promised to produce 2,000 pages of documents on January 13, and 10,000 pages of documents on January 17. *Id.* These assertions are wrong. Instead, in writing to Plaintiffs' counsel to explain why additional time was needed for production, Defendants' counsel indicated that Defendants had identified "over 55,000 pages of *potentially responsive* documents" all of which required review "for responsiveness, nonparty social security numbers, attorney work product and attorney client communications, and highly technical information about the systems that protect some of the most sensitive data maintained by the State of Texas." *See* (Doc. 44-3) at 2 (emphasis added). Defendants' counsel also provided two production estimates (2,000 and 10,000 pages, respectively), and was explicit that these numbers were a "best estimate (subject to change)[.]" (Doc. 43-2) at 2.

2

As Defendants' counsel pointed out via email on January 23, 2017, upon review, many documents identified as *potentially* responsive did not ultimately prove responsive. Exhibit 1. Defendants' counsel also advised Plaintiffs' counsel that she had "merely provided that number (and the 2,000 and 10,000 numbers cited earlier) as a reference point so you might understand the volume of data I have been working through in order to ensure we respond fully to your requests while meeting our obligations to protect SSNs and designate confidential data as such." *Id.* Because Plaintiffs' motion for discovery sanctions is framed around their misunderstanding of the volume of responsive documents, Defendants are compelled to correct that misunderstanding here.

Defendants' Attempts to Resolve Plaintiffs' Complaint Out of Court. In the January 17 email attached as Exhibit I to Plaintiffs' motion for discovery sanctions, Plaintiffs' counsel indicated "if you'd like us to consider a reasonable modified production timeline that won't jeopardize our ability to proceed under the current scheduling order, please propose one by noon tomorrow." ECF 44-9 at 3. Defendants' counsel responded at 2:43 AM on January 18, 2017, proposing a rolling production timeline which would ensure everything was reviewed, processed, and received by Plaintiffs by February 8. *Id.* at 2. Undersigned counsel explained that she believed this was reasonable given repeated offers to move depositions, given that sensitive and personal information exists in many potentially responsive documents, given that discovery in this case does not close until May, and given that documents were being (and continue to be) produced to Plaintiffs at regular intervals as they are reviewed.[3]

Yet, Plaintiffs never replied to this proposal to explain why they would be unable to meet the deadlines in the current scheduling order under the proposed modified production timeline. In fact, Plaintiffs did not respond to that modified production timeline *at all* before asking the Court

---

[3] *See, e.g.*, Exhibit 2 (Plaintiffs' counsel downloaded the first volume of 913 pages on January 13, 2017.)

3

to impose sanctions. Plaintiffs did not engage in any attempts to resolve this dispute without Court intervention, despite the following occasions on which they might have done so:

-Plaintiffs' counsel did not object or otherwise respond to the proposed timeline sent via email on January 18 at 2:43 AM. ECF 44-9 at 2. *Id.*; *see also* Mackin Decl. ¶3.

-Defendant's counsel emailed Plaintiff's counsel on January 18, 2017, indicating that a second volume of documents had been released for production. Exhibit 3. Plaintiffs did not object or otherwise respond to this email, either to address Defendants' proposed timeline, or for any other reason. *Id.*; *see also* Mackin Decl. ¶4.

-Plaintiffs downloaded the second volume of documents, totaling 5,289 pages, on January 19, 2017 at 2:27 PM, and received an updated production log via email. Exhibits 4, 5. Plaintiffs did not respond to this email, either to address Defendants' proposed timeline, or for any other reason. *Id.*; *see also* Mackin Decl. ¶5.

-Defendants' counsel emailed Plaintiffs' litigation team the Defendants' topic designations under rule 30(b)(6) on January 20, 2017 at 10:52 AM. Exhibit 6. Plaintiffs did not respond to this email to address Defendants' proposed timeline. *Id.* Counsel did, however, respond asking to schedule 30(b)(6) depositions for February 6, February 14, and February 24. *Id.*

-Defendants' counsel emailed Defendants' supplemental responses to Plaintiffs' requests for admissions to Plaintiffs' counsel on January 20, 2017 at 4:57 PM. Exhibit 7.[4] In this email, Defendants' counsel also indicated that a third volume of documents had been released for production. *Id.* Plaintiffs did not respond to this email, either to address Defendants' proposed timeline, or for any other reason. *Id.; see also*, Mackin Decl. ¶6.

-On January 23, 2017, at 11:47 AM, Plaintiffs' counsel left a voicemail for Defendants' counsel attempting to confer regarding Plaintiffs' motion for sanctions. Mackin Decl. ¶7. Plaintiffs filed their motion for sanctions later that same day. Doc. 44.

Additional facts related to Discovery. Of further note, on January 24, 2017 at 11:21 AM, Plaintiffs downloaded the third volume of documents from the Defendants, totaling 3,864 pages. Exhibit 8. At 1:53 PM that same day, Plaintiffs downloaded the fourth volume of documents from Defendants, totaling 1,408 pages. Exhibit 9. The production log provided on January 24, 2017, reflects total production of 11,474 pages to date. Exhibit 10. An additional 716 documents were released for production on the date of this filing. Mackin Decl. ¶8.

---

[4] Email attachments have been omitted from this exhibit as they are lengthy and are not relevant to the instant motion.

4

**Argument**

I.  **Plaintiffs' Counsel have not Followed the Court's Rules for Discovery Disputes**

Western District Local Rule AT-4(b) explicitly addresses requests for extensions of time to respond to discovery: "[t]he court expects a lawyer to grant other lawyers' requests for reasonable extensions of time to respond to discovery, pretrial motions, and other pretrial matters. Opposing such requests wastes resources, unless the client's legitimate interests will be adversely affected." Western District Local Rule AT-4(e) further provides:

> A lawyer should conduct discovery to elicit relevant facts and evidence, and not for an improper purpose, such as to harass, intimidate, or unduly burden another party or a witness. When a discovery dispute arises, opposing lawyers should attempt to resolve it by working cooperatively together. A lawyer should refrain from filing motions to compel or for sanctions unless all reasonable efforts to resolve the dispute with opposing counsel have been exhausted.[5]

The instant motion for sanctions should be denied because counsel for Plaintiffs have not abided by these rules. Indeed, after Plaintiffs' counsel *expressly indicated* a willingness to cooperate on production deadlines to allow for adequate review, Defendants' counsel proposed a modified production timeline, explaining in detail the reasons for that proposal. ECF 44-9 at 2. *Id.*; *see also* Mackin Decl. ¶3. These reasons included the fact that discovery in this case extends into May, Defendants' counsel is willing to schedule all depositions to ensure Plaintiffs' have adequate time to review relevant materials, and Defendants must review documents for privilege, confidentiality, and sensitive personal and proprietary information. *Id.* Counsel also offered to reschedule any pending depositions about which Plaintiffs had concerns. *Id.*

But, despite earlier indications of willingness to cooperate, Plaintiffs' counsel ignored Defendants' counsel for 5 days, and left a voicemail to confer regarding sanctions just hours before

---

[5] *See also* Local Rule AT-4(f) "[b]efore filing a non-dispositive motion, a lawyer should make a reasonable effort to resolve the issue without involving the court."

moving the Court to impose the same. Mackin Decl. ¶7. Plaintiffs' counsel have not explained why the proposal of Defendants' counsel was not "reasonable," or why Plaintiffs' "legitimate interests will be adversely affected" by this proposal. W.D. Tex. Local Rule AT-4(b). Meanwhile, Defendants have carried on reviewing and producing documents as quickly as possible. Exhibits 2, 4, 5, 8, 9, 10. Given this, Defendants submit that Plaintiffs' counsel have not made "all reasonable efforts to resolve the dispute," as required by Local Rule AT-4(e).

Plaintiffs argue that sanctions are appropriate because of the upcoming deposition of Sheri Gipson, scheduled for January 31, 2017. Doc. 44 at 9. But the January 31 deposition was scheduled at Plaintiffs' request, and will be the first of two depositions of this witness. Despite the knowledge that reviewing documents for highly sensitive information was slightly delaying production, Plaintiffs declined to reschedule Ms. Gipson's deposition. Moreover, Ms. Gipson will be deposed individual on January 31, and in the future as a 30(b)(6) representative of Defendant McCraw. Defendants are glad to work with Plaintiffs to continue Ms. Gipson's individual deposition after her 30(b)(6) deposition, to ensure that Plaintiffs have an opportunity to review all relevant materials and obtain all discovery permitted under the rules. This should not result in additional expense to the parties, as Ms. Gipson will already be appearing for a 30(b)(6) deposition, and Plaintiffs will be taking that deposition.

Given Plaintiffs' failure to work in good faith to resolve this dispute out of court—including by granting Defendants' reasonable request for time to review potentially responsive documents for highly sensitive information—their motion for sanctions should be denied.

**II.     Rule 37(b) Sanctions are not Merited**

Even if Plaintiffs were not obligated to attempt in good faith to resolve this discovery dispute out of Court, Defendants respectfully contend that sanctions are not merited here. As

Plaintiffs note, there are four factors to consider in evaluating a motion for civil contempt under Federal Rule of Civil Procedure 37(b): (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) willfulness. Doc. 44 at 6 (citations omitted).

Because the discovery period in this case runs through May 15, 2017,[6] the several additional days it has taken Defendants to review potentially responsive documents for personally identifying and technical systems information will not harm Plaintiffs' interests in litigation. While voter registration is of the utmost importance, it is also important that the sensitive information implicated by this lawsuit is handled with care and duly protected. Both of these important interests can be ably accommodated in this case, as Defendants have produced and will continue to produce responsive documents after performing adequate review. This review and production are largely complete, and will be completed in full as expeditiously as possible. *E.g.,* Mackin Decl. ¶9. This will allow Plaintiffs ample time to review documents and depose all relevant witnesses before the May 15, 2017 deadline. Moreover, Defendants have remained flexible throughout this litigation—and will continue to remain flexible—to ensure that performing adequate review does not prevent Plaintiffs from obtaining any discovery to which they are entitled under the Rules.

With respect to the second factor, the requested sanction is not likely to be effective, because Defendants are already working diligently to produce documents as quickly as possible. *E.g.,* Exhibits 2, 4, 5, 8, 9, 10.

With respect to the third factor, the Defendants are State agencies with limited resources, all taxed to the citizenry. This is the reason that the Eleventh Amendment bars suit against the State and its agencies absent an express waiver of immunity—to prevent a barrage of litigation

---

[6] *See* Doc. 32 (Scheduling Order).

which would drain the public fisc and prevent the government from doing its job of serving the governed. *E.g., Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 64 (1996). Indeed, as set forth in Defendants' Motion to Dismiss, the NVRA's limited waiver of Eleventh Amendment immunity requires each Plaintiff filing suit to give specific notice as outlined in the statute.[7] Gathering documents and reviewing them adequately takes time, particularly where, as here, the Defendants have significant nonlitigation responsibilities. For example, the Secretary of State's Office had a significant role in administering the 2016 presidential election, including the meeting of the electoral college on December 19, 2016. TEX. ELEC. CODE §192.006. Defendants continue to work in good faith to comply with their discovery obligations in this litigation in an environment where their limited resources must be allocated with maximum efficiency.

Finally, as demonstrated by the exhibits to this motion, any delay is not willful, but is the result of the need to protect nonparty information from use outside this litigation, and to protect the integrity of the state's voter registration and election systems.

## Conclusion

For all of the foregoing reasons, Defendants respectfully submit that sanctions are inappropriate in this case.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

---

[7] *See, e.g.,* Defendants' Motion to Dismiss (Doc. 7) at 11-13 (citing, *inter alia*, 52 U.S.C. §20510(b)(1)-(2); *Scott v. Schedler*, 771 F.3d 831, 835-36 (5th Cir. 2014) (where NAACP provided notice to Louisiana Secretary of State, but individual plaintiff did not, the individual lacked standing under NVRA); *ACORN v. Fowler*, 178 F.3d 350, 367 (5th Cir. 1999) (ACORN lacked standing to sue on behalf of its members where it had not shown any individual member had standing in his own right).

> BRANTLEY STARR
> Deputy First Assistant Attorney General
>
> JAMES E. DAVIS
> Deputy Attorney General for Civil Litigation
>
> ANGELA V. COLMENERO
> Chief, General Litigation Division
>
> /s/Anne Marie Mackin
> ANNE MARIE MACKIN
> Texas Bar No. 24078898
> Assistant Attorney General
> General Litigation Division
> P.O. Box 12548, Capitol Station
> Austin, Texas 78711-2548
> (512) 475-4074
> (512) 320-0667 FAX
> anna.mackin@oag.texas.gov
>
> ATTORNEYS FOR DEFENDANTS

### CERTIFICATE OF SERVICE

I certify that on the 30th day of January, 2017, a true and correct copy of the foregoing was filed electronically with the Court and delivered via the CM/ECF system to all counsel of record.

> /s/Anne Marie Mackin
> Assistant Attorney General