IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JARROD STRINGER, ET AL., | § | |
|     *Plaintiffs,* | § | |
| | § | |
| V. | § | NO. 5:16-CV-00257 |
| | § | |
| ROLANDO PABLOS,[1] IN HIS OFFICIAL CAPACITY | § | |
| AS THE TEXAS SECRETARY OF STATE AND | § | |
| STEVEN C. MCCRAW, IN HIS OFFICIAL CAPACITY | § | |
| AS THE DIRECTOR OF THE TEXAS DEPARTMENT OF | § | |
| PUBLIC SAFETY, | § | |
|     *Defendants.* | § | |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants, Rolando Pablos, in his official capacity as Texas Secretary of State, and Steven C. McCraw, in his official capacity as Director of the Texas Department of Public Safety, ("Defendants"), deny each and every allegation contained in Plaintiff's Original Complaint for declaratory and injunctive relief (Doc. 1) except for those expressly admitted below. These numbered paragraphs and titles correspond to the paragraphs within the Plaintiff's Original Complaint.

## NATURE OF THE CLAIM

1. This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent this paragraph contains any factual allegations requiring a response, admit that this paragraph cites statutes and portions of the United States

---

[1] When this lawsuit was filed, Carlos H. Cascos was Texas's Secretary of State. On January 5, 2017, Rolando Pablos took over this position. Secretary Pablos is therefore now listed as the Defendant in this cause. *See* FED. R. CIV. P. 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name[.]"

Constitution, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited authorities, Defendants deny those characterizations and contend that these authorities speak for themselves, and deny any violation thereof with respect to Plaintiffs.

2.      This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent this paragraph contains any factual allegations requiring a response, admit that this paragraph cites and/or quotes a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

3.      This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent this paragraph contains any factual allegations requiring a response, admit that this paragraph cites and/or quotes statutes, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statutes, Defendants deny those characterizations and contend that the statutes speak for themselves, and deny any violation thereof with respect to Plaintiffs.

4.      This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent this paragraph contains any factual allegations requiring a response, admit that this paragraph cites and/or quotes a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

5.      Admit that certain Texas driver license holders may initiate a renewal of their driver license or an update to the address on their drive license on the DPS website, but note that these

transactions are completed on Texas.gov. Admit that individuals renewing their driver license or changing the address on their driver license through a transaction initiated on the DPS website are asked to check "yes" or "no" in response to the statement, "I want to register to vote," but deny that this is a complete description of the voter registration related component of these transactions. Admit that the Texas counties—not the Defendants—are responsible for registering voters within the State, and registered voters are reported into the statewide voter registration database, and information relating to voter registration applications may be transmitted by Defendants to counties, so in that respect, admit that Defendants themselves do not "update" *any* "registration records of voters." In all other respects, deny.

6.      This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

7.      Deny.

8.      Deny.

9.      Admit that, between September 2013 and May 26, 2015, SOS recorded more than 1,800 inquiries from counties relating to individuals who alleged they had registered to vote at DPS and had questions about their voter registration status. In all other respects, deny.

10.     Admit that Defendants are bound by constitutional and federal law, but deny that they are "ignoring" or "being permitted to ignore" it, and deny in all other respects.

## JURISDICTION AND VENUE

11.     Defendants deny that the Court has jurisdiction under the NVRA, *see* 52 U.S.C. §20510(b), deny that they have violated the United States Constitution or any law with regard to Plaintiffs, and deny this paragraph to the extent it requires any further response.

12.     Deny.

13.     This paragraph, an assertion of jurisdiction, is a legal conclusion which does not require a response. The cited statutes speak for themselves.

14.     Defendants lack sufficient information to admit or deny whether each Plaintiff is a citizen of the State of Texas. The balance of this paragraph, an assertion of jurisdiction, is a legal conclusion which does not require a response.

15.     This paragraph, an assertion of venue, is a legal conclusion which does not require a response. To the extent a response is required, Defendants admit that each conducts business in this district but lack sufficient information to admit or deny whether a substantial part of the events or omissions giving rise to this claim took place in this district.

## PARTIES
### *Plaintiffs*

16.     Defendants admit that individuals by the names of Benjamin Hernandez, Jarrod Stringer, Totysa Watkins, and John Woods are currently listed with active registrations on the statewide voter registration list, but deny that any individuals by these names were harmed by any alleged conduct by Defendants.

### *Defendants*

17.     Deny.

18.     Deny that Carlos H. Cascos is the Texas Secretary of State. The balance of this paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is

4

required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites statutes, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statutes, Defendants deny those characterizations and contend that the statutes speak for themselves.

19.     Admit that Steven C. McCraw is the Director of the Texas Department of Public Safety, which operates field offices around the State of Texas and issues driver's licenses and other state identification cards. The balance of this paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites statutes, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statutes, Defendants deny those characterizations and contend that the statutes speak for themselves, and deny any violation thereof with respect to Plaintiffs.

## APPLICABLE LAW
### *The Fourteenth Amendment*

20.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites the United States Constitution, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the United States Constitution, Defendants deny those characterizations and contend that the United States Constitution speaks for itself, and deny any violation thereof with respect to Plaintiffs.

21.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent this paragraph contains any factual allegations requiring a response, admit that this paragraph cites and/or quotes cases, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited authorities,

Defendants deny those characterizations and contend that the authorities speak for themselves.

### *National Voter Registration Act of 1993*

22.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites and/or quotes a statute and several cases, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited authorities, Defendants deny those characterizations and contend that the authorities speak for themselves, and deny any violation thereof with respect to Plaintiffs.

23.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent this paragraph contains any factual allegations requiring a response, admit that this paragraph cites legislative history, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of any applicable law, Defendants deny those characterizations and contend that such law speaks for itself.

24.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites statutes, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statutes, Defendants deny those characterizations and contend that the statutes speak for themselves, and deny any violation thereof with respect to Plaintiffs.

25.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants

deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

26.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites statutes, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statutes, Defendants deny those characterizations and contend that the statutes speak for themselves, and deny any violation thereof with respect to Plaintiffs.

27.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

### Texas Election Code

28.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

29.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations

requiring a response, admit that this paragraph cites a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

30.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites statutes, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statutes, Defendants deny those characterizations and contend that the statutes speak for themselves, and deny any violation thereof with respect to Plaintiffs.

31.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

32.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites statutes, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statutes, Defendants deny those characterizations and contend that the statutes speak for themselves, and deny any violation thereof with respect to Plaintiffs.

## FACTUAL ALLEGATIONS

33.     Deny.

### *DPS Does Not Provide Simultaneous Voter Registration with Online Transactions*

34.     Admit that Texans may access certain online services through www.txdps.state.tx.us, a website operated by Texas.gov. Deny with respect to the word "encourages" and in all other respects.

35.     Admit that Texas driver license holders who satisfy specific criteria may initiate a renewal of their driver license or an update to the address on their license on the DPS website, may renew their license or update the address information associated with their license online through Texas.gov. Deny with respect to the word "invites" and in all other respects.

36.     Deny.

37.     Admit.

38.     Admit that individuals renewing their driver license or changing the address on their driver license through a transaction initiated on the DPS website are asked to check "yes" or "no" in response to the statement, "I want to register to vote," but deny that this is a complete description of the voter registration related component of these transactions. Admit that the Texas counties— not the Defendants— are responsible for registering voters within the State, and registered voters are reported into the statewide voter registration database, and information relating to voter registration applications may be transmitted by Defendants to counties, so in that respect, admit that Defendants themselves do not register any individuals to vote. Otherwise, deny.

39.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, deny.

40.     Deny.

41.     Deny.

42.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites a handbook, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited handbook, Defendants deny those characterizations and contend that the handbook speaks for itself.

43.     Deny.

44.     Deny.

45.     Deny.

### *Defendants' Conduct Injures Each Plaintiff*

46.     Admit that an individual by the name of Benjamin Hernandez has registration information in the statewide voter registration database reflecting a registration in Dallas County with an effective date of registration of December 4, 2014, a date the application was submitted to the registrar of November 4, 2014, and admit that the registration record contains a reference to a provisional ballot. Further admit that there is no voting history for Mr. Hernandez in the statewide voter registration system for 2014. Defendants are without sufficient knowledge and/or information to admit or deny the balance of this paragraph, and on that basis, deny.

47.     Admit that that an individual by the name of Jarrod Stringer has two addresses in the statewide voter registration system in Tarrant County (1) one with a start date of May 28, 2014, and an end date of May 12, 2015; and (2) one with a start date of October 22, 2009 and an end date of May 28, 2014. Admit that Mr. Stringer's voting history in the statewide voter registration database as to 2014 only indicates that he cast a regular ballot in Tarrant County on May 22, 2014;

there is no voting history for him for the November 2014 election. Admit that Mr. Stringer has an address in Bexar County for his registration in Bexar County with an effective date of May 23, 2015 in the statewide voter registration database. Defendants are without sufficient knowledge and/or information to admit or deny the balance of this paragraph, and on that basis, deny.

48.     Admit that that an individual by the name of Totysa Watkins has three addresses in the statewide voter registration system; (1) one with a start date of March 4, 2015 and an end date of July 9, 2016, in Irving, in Dallas County; (2) one with a start date of January 18, 2013 and an end date of November 11, 2014, in Dallas, in Denton County; (3) and an additional address at which her registration is active, in Irving, in Dallas County. Defendants are without sufficient knowledge and/or information to admit or deny the balance of this paragraph, and on that basis, deny.

49.     Admit that that an individual by the name of John Oates Woods III has two addresses in the statewide voter registration system; (1) one with a start date of December 3, 2015 and an end date of November 11, 2016, in Houston, in Harris County; and (2) an additional address at which his registration is active, in Houston, in Harris County. Defendants are without sufficient knowledge and/or information to admit or deny the balance of this paragraph, and on that basis, deny.

50.     Defendants are without sufficient knowledge as to what Plaintiffs did or did not believe about their voter registration status, and therefore, deny.

51.     Defendants deny "DPS' registration failures." Defendants are without sufficient knowledge to admit or deny the balance of this paragraph, and on that basis, deny.

52.     To the extent this paragraph calls for a legal conclusion, it does not require a response. Defendants deny that completing an online change of address initiated on the DPS website could jeopardize any Plaintiff's registration status at his or her residence, and deny this paragraph in all

11

other respects.

53.      Deny.

### *Defendant's Voter Registration Failures Harm Countless Texas Voters*

54.      Deny.

55.      Deny.

56.      Deny.

57.      Deny.

### CLAIMS FOR RELIEF
### *Count I*
### *Subjecting Plaintiffs to Arbitrary Treatment in Violation*
### *Of the Right to Equal Protection*

58.      Defendants repeat and reaffirm their answers to each and every allegation contained in the

paragraphs above and incorporate the same herein as though fully set forth.

59.      Deny.


### *Count II*
### *Failure to Treat Driver's License Renewal Transactions*
### *as Voter Registration Applications*

60.      Defendants repeat and reaffirm their answers to each and every allegation contained in the

paragraphs above and incorporate the same herein as though fully set forth.

61.      This paragraph contains assertions of law, conclusory statements, and/or argument, to

which no response is required. To the extent that this paragraph contains any factual allegations

requiring a response, admit that this paragraph cites and/or quotes statutes, and in all other respects,

deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statutes,

Defendants deny those characterizations and contend that the statutes speak for themselves, and

deny any violation thereof with respect to Plaintiffs, and deny that Plaintiffs have satisfied the

notice requirement cited in this paragraph.

62.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites and/or quotes a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

63.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

64.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites and/or quotes a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

65.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites and/or quotes a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited

statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

66.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites and/or quotes a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

67.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites and/or quotes a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

### Count III

#### Failure to Treat Driver's License Change-of-Address Transactions as Updates for Voter Registration Purposes

68.     Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

69.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites and/or quotes a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and

14

deny any violation thereof with respect to Plaintiffs, and deny that Plaintiffs have satisfied the notice requirement cited in this paragraph.

70.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites and/or quotes a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

71.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites and/or quotes a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

72.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites and/or quotes a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

73.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites and/or quotes a statute, and in all other

respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

74.     This paragraph contains assertions of law, conclusory statements, and/or argument, to which no response is required. To the extent that this paragraph contains any factual allegations requiring a response, admit that this paragraph cites and/or quotes a statute, and in all other respects, deny. To the extent that this paragraph contains Plaintiffs' characterizations of the cited statute, Defendants deny those characterizations and contend that the statute speaks for itself, and deny any violation thereof with respect to Plaintiffs.

## REQUEST FOR RELIEF

Paragraphs i.-vii. [PRAYER FOR RELIEF] do not contain assertions of fact to which a response is required, except that Defendants deny that Plaintiffs are entitled to any of the relief requested.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1.     Defendants asserts that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Defendants assert the defenses of Eleventh Amendment immunity and sovereign immunity.

3.     Defendants assert the affirmative defense of statute of limitations for any claims falling outside the applicable limitations period.

4.     Defendants assert that any and all actions of Defendants and their officers, agents and employees, relevant to the claims and causes of action asserted in Plaintiffs' Complaint, were done in good faith and without malice, willfulness, or intent.

5.      Plaintiffs lacks standing and have failed to demonstrate injury-in-fact, causation, or redressability necessary to establish standing.

6.      Defendants assert that Plaintiff has not exhausted administrative requirements requisite to file suit.

7.      Defendants assert that Plaintiffs have failed to satisfy the conditions precedent required to invoke the Court's jurisdiction over their claims, including the presuit notice requirements of the NVRA, 52 U.S.C. §20510(b)(1)-(2).

8.      Defendants assert the defense of misrepresentation.

9.      Defendants assert that Plaintiffs' claims are moot.

10.     Defendants assert that the Court lacks jurisdiction.

11.     At all times relevant to this cause, Defendants' actions were reasonable and proper under the laws of the United States and the State of Texas.

12.     Defendants reserve the right to raise additional defenses and affirmative defenses to the claims alleged against them as the development of the factual circumstances in this case may warrant.

## PRAYER

For the foregoing reasons, Defendants ask the Court to enter judgment that Plaintiffs take nothing, dismiss Plaintiffs' suit with prejudice, assess costs against Plaintiffs, and award Defendants all other relief the Court deems appropriate.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**

Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Director of Defense Litigation

**ANGELA V. COLMENERO**
Chief, General Litigation Division

*/s/ Anne Marie Mackin*
**ANNE MARIE MACKIN**
**Lead Attorney/Attorney-in-Charge**
State Bar No. 24078898
**ESTEBAN S.M. SOTO**
State Bar No. 24052284
Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2120
Facsimile: (512) 320-0667
anna.mackin@oag.texas.gov
esteban.soto@oag.texas.gov

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on this the 21st day of April, 2017 a true and correct copy of the foregoing

was filed electronically with the Court causing electronic service upon all counsel of record.

*/s/ Anne Marie Mackin*
ANNE MARIE MACKIN
Assistant Attorney General

18