IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JARROD STRINGER, ET AL., § <br>     *Plaintiffs,* § <br> § <br> V. § <br> § <br> ROLANDO PABLOS, IN HIS OFFICIAL CAPACITY § <br> AS TEXAS SECRETARY OF STATE AND STEVEN C. § <br> MCCRAW, IN HIS OFFICIAL CAPACITY AS DIRECTOR § <br> OF THE TEXAS DEPARTMENT OF PUBLIC SAFETY, § <br>     *Defendants.* § | NO. 5:16-CV-00257 |

**DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF PLAINTIFFS'
EXPERT DR. EITAN HERSH**

Pursuant to the Second Amended Scheduling Order, Doc. 51, any objections to the reliability of an expert's testimony must be made within fourteen days of the expert's deposition or else be waived. Defendants, therefore, file this motion to exclude the testimony of Dr. Eitan Hersh. While Defendants anticipate that the Court may permit Dr. Hersh to testify, given that this is a bench trial, *Whitehouse Hotel Ltd. P'ship v. C.I.R.*, 615 F.3d 321, 330 (5th Cir. 2010), Defendants wish to preserve their arguments and explain to the Court why it should not find Dr. Hersh's testimony reliable.

**Introduction and Summary of Argument**

Dr. Eitan Hersh purports to offer expert testimony on two main points. First, he would testify on "the capacity of the state of Texas to update voter registration records based on information that Texans provide to [DPS] through an online portal when they renew their driver's licenses or submit a change of address." Exhibit A, Amended Expert Report of Dr. Eitan Hersh

1

(May 25, 2017) at 2. Second, he would testify on "the logistical challenges that may explain Texas's policy decision in this matter." *Id.*

Dr. Hersh's testimony on these points should be excluded, for three independent reasons. First, it is irrelevant to the issue in this case: whether Defendants violated the NVRA with respect to Stinger, Hernandez, and Woods. *See* Doc. 1 (Plaintiffs' Original Complaint). Second, even if it were relevant, Dr. Hersh's testimony is rife with legal conclusions and opinions—which he is not qualified to give; and which are not the proper subject of expert testimony, in any event. Finally, even if Dr. Hersh's testimony was relevant and was not legally conclusory, it remains unreliable.

For instance, Dr. Hersh intends to testify that Texas would achieve "massive cost saving" by implementing Plaintiff's proposed voter registration system. Exhibit B, Rough Draft of Deposition Transcript of Dr. Eitan Hersh (May 23, 2017) at 97:15-21. But, in coming to this opinion, he testifies that he never reviewed any data related to the costs of administering Texas's system. and thus cannot estimate the financial saving of implementing Plaintiffs' desired changes "with any degree of scientific certainty." *Id.* at 98:15-99:23. Instead, Dr. Hersh simply asks this Court to accept his opinions based solely on the *ipse dixit* of Dr. Hersh. *Id.* at 101:4-8 (Q: Do any sort of calculations to come to this conclusion? A: No I treat this as kind of a conventional wisdom…"). Likewise, Dr. Hersh opines that Texas law conflicts with the NVRA, but—even if it were proper for a witness to offer a legal conclusion—he admits that in coming to his conclusion he did not review any of the Texas Election Code provisions at issue. *Id.* at 53:6-22. Thus, Dr. Hersh lacks any reliable information that would help the trier of fact determine any fact in issue and relevant to the resolution of this cause.

Because each of these three reasons is independently sufficient to exclude his testimony from consideration here, the instant motion should be granted.

**ARGUMENT AND AUTHORITY**

**A.     The Legal Standard**

The proponent of expert testimony has the burden of showing that the expert testimony is reliable. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). The trial court is charged with the responsibility of acting as a gatekeeper to exclude unreliable expert testimony, and it must make "a preliminary assessment of whether the reasoning and methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–93 (1993). This Court's gatekeeper function applies to all expert testimony (not just testimony based on science). *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 372 (5th Cir. 2000) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999)). The Court is to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Seatrax, Inc.*, 200 F.3d at 372 (citation omitted)).

Federal Rule of Evidence 702 governs the admissibility of expert testimony as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. Accordingly, before allowing expert testimony to be heard, the district court must be assured that the proffered witness is qualified to testify by virtue of his "knowledge, skill, experience, training, or education." *Id.* A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject. *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999). The issue is whether a particular expert has "sufficient specialized knowledge to assist the jurors in deciding the particular issues . . ." *Tanner v. Westbrook*, 174 F.3d 542, 548 (5th Cir. 1999) (quoting *Kumho*, 526 U.S. at 156)).

In evaluating the admissibility of expert testimony, the key factors are reliability and relevancy. *Daubert*, 509 U.S. at 589. The reliability requirement ensures that the expert testimony is "supported by appropriate validations" and "establishes a standard of evidentiary reliability." *Id.* This determination requires the court to assess "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592–93. To assist in this determination, the Supreme Court has suggested that trial courts examine a nonexclusive list of factors including whether a theory or technique has or can be tested, published, subjected to peer review, whether it has or can be subjected to standards controlling its operation, the known or potential rate of error, and whether it is generally accepted. *Id.* at 593–04.

*Kumho* stressed that the *Daubert* factors may be relevant to the reliability of experience-based testimony. The overarching goal of *Daubert's* gate-keeping requirement is to ensure the reliability and relevancy of expert testimony and to make certain that an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Kumho*, 526 U.S. at 152.

An expert's testimony must be reliable at each and every step or else it is inadmissible. The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, *et alia*." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 354 (5th Cir. 2007) (holding that district court did not abuse its discretion in excluding expert testimony after reasonably concluding that the analytical gap between the studies on which the expert relied and his conclusions was too great, and thus, his opinions were unreliable). That is, expert testimony is inadmissible where there is an "analytical gap" between the expert's opinion and the existing data. *Gen. Elec. v. Joiner*, 522 U.S. 136, 146 (1997).

The relevancy requirement ensures that the expert testimony will actually "assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* Rule 401 defines relevant evidence as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED R. EVID. 401(a). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 590. Furthermore, the court may exclude expert testimony that is unhelpful under Rule 703:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FED. R. EVID. 703.

Lastly, and relevant here, expert testimony should be excluded if it usurps the role of the judge or jury by proffering legal opinions or conclusions. *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992).

**B.    Dr. Hersh's opinion is irrelevant to any question at issue in this case.**

The sole question in this case is whether Defendants have violated the rights of Plaintiffs Stringer, Hernandez, and Woods under the NVRA.[1] As a result, Dr. Hersh's opinion on "the capacity of the state of Texas to update voter registration records based on information that Texans provide to [DPS] through an online portal when they renew their driver's licenses or submit a change of address" and "the logistical challenges that may explain Texas's policy decision in this matter" is irrelevant. Exhibit A at ¶2. *See also, e.g.*, Exhibit A at ¶3 ("The expertise I bring to bear on this case is specifically my familiarity with voter registration systems and my prior work in linking records of drivers licenses to voter registration databases.").

Indeed, at issue in this case is *Texas's* voter registration process. *E.g.* Doc. 1. But, Dr. Hersh admits he ignored Texas-specific law.[2] *Id.* at 53:6-22. In fact, he *admits* that his entire report is *speculation* concerning State official's motivations. Exhibit A at ¶2 ("I have been asked to review depositions from state officials and offer an assessment of the logistical challenges that *may* explain Texas's policy decision in this matter.") (emphasis added). Similarly, Dr. Hersh has not identified any basis for his purported knowledge of voter registration in the exogenous states he references in his report,[3] or any indication that such states have the same voter registration laws that exist in Texas.[4]

**C.    Dr. Hersh is not qualified to opine on issues of law or costs.**

As set forth above, expert testimony is to be excluded if it usurps the role of the judge or jury by proffering legal opinions or conclusions. *E.g., Owen v. Kerr-McGee Corp.*, 698 F.2d at

---

[1] *See* Doc.1; Doc. 7 and authorities cited therein.
[2] Moreover, as fully set forth in Defendants' Motion to Dismiss, Plaintiffs have failed to establish standing to assert these claims. Defendants re-urge these arguments—which defeat the Court's jurisdiction— here. Doc 7 at 7-11.
[3] *See* Exhibit A ¶¶15 (California); 16 (Michigan and North Carolina).
[4] Plaintiffs here do not challenge any portion of Texas's law. *See* Doc. 1.

6

240 (noting that Federal Rule of Evidence 704 is not intended to allow a witness to give legal conclusions); *Salas v. Carpenter*, 980 F.2d at 305.

Nevertheless, Dr. Hersh's report is rife with legal conclusions and opinions. *See, e.g.,* Exhibit A at ¶ 20. Moreover, Dr. Hersh testified that he intends to offer an opinion that Texas is in violation of the NVRA. Exhibit B at 85:25-86:7 (Q: We spoke earlier in the deposition whether you would be giving any opinion whether Texas in violation of the NVRA, correct? A: Correct. Q: And I think you said that you would be offer that opinion? A: I'm offer that opinion yes as a scholar of the voter registration system."). But legal opinions are not proper expert testimony under Rule 704. *See Owen v. Kerr-McGee Corp.*, 698 F.2d at 240. And, even if they were, Dr. Hersh is not qualified to be a legal expert given that he has no legal training, is not licensed to practice law, and has never practiced as a lawyer. *See, e.g.,* Exhibit B at 25:21-26:3; 46:15-20.

Likewise, Dr. Hersh intends to offer opinion regarding the costs associated with voter registration in Texas, and the impact Plaintiff's desired changes would have on those costs. Exhibit B at 97:15-21. But, Dr. Hersh has no education or background in accounting or finance. *Id.* at 25:18-27:8. He did not consult any colleagues, review any data (Texas-specific or otherwise), or perform any calculations in coming to his opinions about alleged cost savings. *Id.* at 98:15-101.11.

Accordingly, Dr. Hersh's testimony should be excluded to the extent he seeks to opine on the law, or on the costs of voter registration in Texas.

**D.  Dr. Hersh's testimony should also be excluded because it is not reliable.**

Finally, even if Dr. Hersh were offering testimony on any matter relevant to this case, and even if it were not legally conclusory, it should still be excluded as unreliable. This is because Dr. Hersh has no personal (let alone expert) knowledge of voter registration in Texas, but rather seeks to testify "[a]s a scholar who studies voter registration systems." Exhibit A at ¶1. Dr. Hersh admits

7

that, for purposes of his report, he did not study Texas law, or obtain any personal knowledge about voter registration in Texas. Exhibit B at 53:6-22; *Contra* FED. R. EVID. 702(b), (d) (court must ensure that expert testimony is "based on sufficient facts or data" and that "the expert has reliably applied the principles and methods to the facts of the case.") Moreover, Dr. Hersh undermines the reliability of his own testimony in this subject by interchangeably using terms such as "digital signature" and "electronic signature"[5], and "election office"[6] and "election officials."[7] Further, he fails to provide any citation to the portions of the deposition testimony in this cause which he purportedly relied upon.

Finally, as noted above, Dr. Hersh intends to testify about the financial ramifications of various voter registration methods, including his opinion that adopting Plaintiffs' desired changes to Texas's current practices would achieve "massive cost saving" for the State. Exhibit B at 97:15-21. But, he testified that he never reviewed any data related to the costs of administering Texas's system and thus cannot estimate the financial saving of implementing the new program "with any degree of scientific certainty." *Id.* at 98:15-99:23. Rather, Dr. Hersh testified that it would not be important for him to know the financial costs of the current system in order to offer his opinion. *Id.* at 100:11-14. Instead, he improperly asks this Court to accept his financial opinions based solely on *ipse dixit*. *Id.* at 101:4-8 (Q: Do any sort of calculations to come to this conclusion? A: No I treat this as kind of a conventional wisdom…").

For all of these reasons, Dr. Hersh's opinions on this point are unreliable.

---

[5] *See, e.g.* Exhibit A at ¶¶ 26- 28, 31
[6] Exhibit A at ¶ 19 (individual can "download an unpopulated registration application and mail it to the election office");
[7] Exhibit A at ¶21.

**CONCLUSION AND PRAYER**

For the reasons set forth above, the Defendants respectfully requests that the Court exclude Dr. Hersh from testifying in this case.

        Respectfully submitted,

        KEN PAXTON
        Attorney General of Texas

        JEFFREY C. MATEER
        First Assistant Attorney General

        BRANTLEY STARR
        Deputy First Assistant Attorney General

        JAMES E. DAVIS
        Deputy Attorney General for Civil Litigation

        ANGELA V. COLMENERO
        Chief, General Litigation Division

        /s/*Anne Marie Mackin*
        ANNE MARIE MACKIN
        Texas Bar No. 24078898
        ESTEBAN S.M. SOTO
        Texas Bar. No. 24052284
        Assistant Attorney General
        General Litigation Division
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 475-4074
        (512) 320-0667 FAX
        anna.mackin@oag.texas.gov
        esteban.soto@oag.texas.gov

        ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

I certify that on this the 6th day of June, 2017 a true and correct copy of the foregoing was filed electronically with the Court and delivered via the CM/ECF system to all counsel of record.

/s/*Anna Marie Mackin*
Assistant Attorney General