IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JARROD STRINGER, ET AL., § | |
|    *Plaintiffs*, § | |
| § | NO. 5:16-CV-00257 |
| v. § | |
| § | |
| ROLANDO PABLOS, IN HIS OFFICIAL CAPACITY § | |
| AS TEXAS SECRETARY OF STATE AND STEVEN § | |
| C. MCCRAW, IN HIS OFFICIAL CAPACITY AS § | |
| DIRECTOR OF THE TEXAS DEPARTMENT OF § | |
| PUBLIC SAFETY, § | |
|    *Defendants*. § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT, DR. EITAN HERSH**

Plaintiffs Jarrod Stringer, et al., file this response to Defendants Rolando Pablos and Steven C. McCraw's Motion to Exclude the Testimony of Plaintiffs' Expert, Dr. Eitan Hersh, and show:

**I. INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiffs sued Defendants under 52 U.S.C. §§ 20501-20511 for violations of the "Motor Voter" provisions of the National Voter Registration Act ("NVRA") and the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. This case is set for a bench trial on October 2, 2017; the Court, not a jury, will be the trier of fact. 2d. Am. Sched. Order ¶ 9, Doc No. 51.[1]

Plaintiffs retained Dr. Eitan Hersh to provide expert testimony on the ability of Defendants "to update voter registration records based on information that Texans provide to the Department of Public Safety (DPS) through an online portal when they renew their drivers'

---

[1] Although the Scheduling Order indicates this case is set for jury selection and trial on Monday, October 2, 2017, no jury has been requested and the parties plan to proceed with a bench trial.

licenses or submit a change of address" and assess "the logistical challenges that may explain Texas's policy decision in this matter." Ex. 1, Am. Expert Rep. of Dr. Eitan Hersh ¶ 1 (May 25, 2017). Dr. Hersh will offer the opinion that there are no "obvious substantial technical reasons" why Texas does not update or allow individuals to update their voter registration data when they perform a transaction online, and that it boils down to "an interpretation of the law." Ex. 2, Hersh Dep. 34:14-35:3.

Dr. Hersh earned both his master's degree and doctorate in Political Science from Harvard University, and is currently a political scientist and Yale University professor whose research and academic work focuses on the interactions between elections, institutions, and voters. Ex. 1, Am. Expert Rep. ¶ 2-4; Ex. 1, Curriculum Vitae of Eitan D. Hersh, Ex. A to Am. Expert Rep.; Ex. 2, Hersh Dep. 25:14-25. Dr. Hersh has regularly published scholarly articles on these issues since 2011, and has analyzed important developments in election law and voter registration techniques during this time. Ex. 1, Am. Expert Rep. ¶ 3-4; Ex. 1, Curriculum Vitae of Eitan Hersh, Ex. A to Am. Expert Rep. His work "has a methodological focus on public records [and] voter registration data[,]" and his book about voter registration systems and political campaigns specifically discusses the motor voter provisions in the National Voter Registration Act. Ex. 2, Hersh Dep. 27:18-25, 33:04-08, 73:19-74:10. Accordingly, Dr. Hersh has a wealth of knowledge, skill, training, and education which he draws upon for his opinions regarding voter registration processes—indeed, he has been retained as a testifying expert in two other NVRA cases and served as a consulting expert in two cases concerning Texas's voter identification law. Ex. 1, Am. Expert Rep. ¶ 5; Ex. 1, Curriculum Vitae of Eitan Hersh, Ex. A to Am. Expert Rep.; Ex. 2, Hersh Dep. 8:14-10-25.[2]

---

[2] *Judicial Watch, Inc. v. King*, 993 F. Supp. 2d 919 (S.D. Ind. 2012); *Fish v. Kobach*, No. 16-2105-JAR-JPO (D. Kan. May 10, 2017), 2017 WL 1929010, *Texas v. Holder*, 63 F. Supp. 3d 54 (D.D.C. 2014); *Veasey v. Perry*, 135 S.Ct. 9 (2014). Dr. Hersh was retained and testified on

Defendants' motion objects to Dr. Hersh's testimony. Defendants argue that Dr. Hersh's testimony is irrelevant, offers unqualified legal opinions and conclusions, and is unreliable. However, Defendants misapply the legal standard governing expert testimony in bench trials and discount Dr. Hersh's expertise simply because it is informed by national, and not only Texas-specific, standards and techniques. Because Dr. Hersh's testimony is relevant and reliable, and because he is amply qualified to provide it, Defendants' motion should be denied.

## II. ARGUMENT

### A. The Legal Standard

Federal Rule 702 governs the relevance of expert testimony, and provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED.R.EVID. 702. Federal Rule of Evidence 704 mandates that, "an opinion is not objectionable just because it embraces an ultimate issue. FED. R. EVID. 704. Federal Rule of Evidence 401 determines evidence is relevant if, "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.

Courts have broad discretion in determining whether a witness is qualified to testify, and the test for whether a witness's testimony is sufficiently reliable is a flexible one. *See, e.g., Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) (the test as laid down in *Daubert* applies whether the proposed expert testimony is based on "professional studies or personal

---

behalf of the Defendant, the State of Indiana, in *Judicial Watch*. Exhibit 2, Hersh Dep., 08:19-09:09 (incorrectly listing "Louisiana" as a result of a typographical error.)

experience"). A district court should allow an expert witness to testify if it finds that the witness is qualified to testify in a particular field or on a given subject. *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999).

"Unlike an ordinary witness . . . an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592 (1993). Such latitude is premised on "an assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline." *Id.* at 593. The Fifth Circuit has explained that whether an expert's testimony is reliable and relevant are fact-specific inquiries. S*ee Burleson v. Texas Dept. of Criminal Justice,* 393 F.3d 577, 584 (5th Cir. 2004).

*Daubert* established a "gate-keeping" requirement to ensure that an expert's testimony, in addition to meeting the standards set by the Federal Rules of Evidence, "rests on a reliable foundation and is relevant to the task at hand." *Id.* at 597. However, in a bench trial, a court "is not faced with the same concerns expressed in the *Daubert* and *Kumho Tire* line of cases because it will not have to function as a gatekeeper for a jury." *Perez v. Texas*, No. 11-CA-360-OLG-JES-XR, 2014 WL 12480146, at *1 (W.D. Tex. July 9, 2014) (Garcia, J.). As such, most of *Daubert's* safeguards "are not as essential . . . where a district judge sits as the trier of fact[.]" *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). Absent a jury, there is "no risk of tainting the trial by exposing a jury to unreliable evidence." *Whitehouse Hotel Ltd. P'ship v. C.I.R.*, 615 F.3d 321, 330 (5th Cir. 2010).

With the weight of *Daubert*'s interpretation of the Federal Rules of Evidence lessened by the circumstances of a bench trial, whether Dr. Hersh's expertise is admissible is a question that can be resolved by a straightforward application of the rules themselves, specifically Federal Rules 702, 704, and 401.

4

### B. Because This Case Will Be Tried to the Bench, Defendants' *Daubert* Objections are Misplaced and the Court Should Hear and Weigh Dr. Hersh's Testimony

In their motion, Defendants lead with the recognition that, pursuant to *Whitehouse*, the Court will likely permit Dr. Hersh to testify, and instead attempt to convince the Court that his testimony is irrelevant and unreliable. Defs.' Mot. to Exclude Expert 1, Doc. No. 67. Nevertheless, Defendants seek exclusion of Dr. Hersh's testimony on the basis of the Court's "gatekeeper" function. As set out above, in the absence of a jury, a court does not act as a gatekeeper, and therefore, reliance on that function does not support exclusion of Dr. Hersh's testimony.

In a bench trial, while the court need not serve as a gatekeeper for a jury, it nevertheless scrutinizes expert testimony, hearing it and then giving it "whatever weight it deserves." *Perez v. Texas*, 2014 WL 12480146, at *1 (citing *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F.Supp.2d. 1001, 1042 (N.D. Ill. 2003) (J. Posner, sitting by designation)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See United States v. 14.38 Acres of Land, More or Less Situated in Leflore County,* 80 F.3d 1074, 1078 (5th Cir.1996) (quoting *Daubert,* 113 S.Ct. at 2798) (internal quotations and citations omitted); *see also Primrose Op. Co. v. National Am. Ins. Co.,* 382 F.3d 546, 562 (5th Cir. 2004); *Stevenson v. E.I. DuPont De Nemours and Co.,* 327 F.3d 400, 407 (5th Cir. 2003).

Accordingly, because this is a bench trial, Defendants' arguments go to the weight the Court should afford Dr. Hersh's testimony, not the admissibility of his opinions under *Daubert.*

### C. Dr. Hersh's Testimony Is Relevant to the Questions at Issue

The issue in this case is whether Defendants violate the NVRA and the Equal Protection Clause in failing to treat online applications to renew or update driver's licenses as simultaneous

applications to register to vote or update voter registration.[3] Defendants object to Dr. Hersh's testimony because they claim it does not specifically focus on Texas's voter registration process. Defs.' Mot. to Exclude Expert 7-8, Doc. No. 67.  Contrary to Defendants' motion, Dr. Hersh *does* opine on Texas's voter registration with respect to the issue in this case: Texas's compliance with Federal law – the NVRA – on which he is an expert. Ex. 2, Hersh Dep. 27:13-28:1, 50:4-9. He reached his conclusion after studying pleadings, depositions, and other discovery materials, through which he learned the details of Texas's voter registration system. *See* Ex. 1, List of Materials Dr. Hersh Reviewed while Compiling Expert Report, Ex. B to Am. Expert Rep.

The issue in this case is not Texas's compliance with state law. Therefore, Dr. Hersh's expertise will assist the trier of fact precisely because it is national in scope; the NVRA is a federal law, and Dr. Hersh's extensive experience with the NVRA can shed light on whether Texas has the ability to update voter registration seamlessly during an online driver's license transaction. This viewpoint is critical in evaluating Texas's claimed justifications and assessing whether Defendants violated the statute. Dr. Hersh explains repeatedly that state statutes are not relevant to the NVRA. Ex. 2, Hersh Dep. 65:4-25, 80:15-81:18.

Dr. Hersh's opinions also bring context to Defendants' actions by placing Texas in the larger policy landscape throughout the country. Ex. 1, Am. Expert Rep. ¶ 10-16. In the course of discussing Texas's voter registration system, Dr. Hersh compares Texas's system under the NVRA with other states' systems., which  will assist the trier of fact by providing an example of what compliance looks like. Dr. Hersh can demonstrate, through his knowledge of North

---

[3] Plaintiffs strenuously object to Defendants' assertion that "the sole question in this case is whether Defendants have violated the rights of Plaintiffs Stringer, Hernandez, and Woods under the NVRA." Defs.' Mot. to Exclude Expert 6, Doc. No. 67. This case also concerns Defendants' violations the Equal Protection Clause of the Fourteenth Amendment, as well as Defendants' violation of the rights of countless Texans under these laws. Comp. ¶ 1, Doc. No. 1; Pls.' Resp. in Opp'n to Mot. to Dismiss 19-20, Doc. No. 9.

Carolina and Michigan's procedures that even without online voter registration, a state can seamlessly update voter registration during an online DMV transaction. Ex. 1, Am. Expert Rep. ¶ 16; Ex. 2, Hersh Dep. 61:5-18, 80:8-81:25. Dr. Hersh's interpretation is designed to succinctly explain, through the lens of his knowledge of voter registration systems, how all of the complex, technical details ultimately reveal the absence of any possible barrier to Texas's compliance with the NVRA, outside of a policy decision. Ex. 1, Am. Expert Rep. ¶ 25; Ex. 2, Hersh Dep. 34:12-35:3.

### D. Dr. Hersh Does Not Provide Legal Opinions which Invade the Province of the Court

Defendants argue that Dr. Hersh's testimony is in violation of Federal Rule of Evidence 704 because he opines on legal, not factual, matters and also argue that expert testimony should be excluded if it usurps the role of the judge or jury by proffering legal opinions or conclusions. Defs.' Mot. to Exclude Expert 5, Doc. No. 67. They further argue he is not qualified to opine on issues of the law because he has no legal training. *Id.* at 7.

In *Perez v. Texas*, this Court excluded one expert's testimony when the witness offered his opinion on how the law should be applied to the facts of the case, but allowed testimony from two other experts who used their knowledge and experience to "piece [ ] this information together and put it in context for the court to consider." *Perez v. Texas*, 2014 WL 12480146, at *3. Dr. Hersh seeks to give testimony more like that of the experts this Court allowed in *Perez*. He does not tell the Court how the law should be applied in this case. Instead, he relies on his expertise with regard to the NVRA to analyze and opine on Texas's practices and capacity for updating voter registration seamlessly during an online driver's license transaction. He determined, by analyzing the same facts the Court will need to examine in making a ruling, that there are "no substantial or technical reasons why Texas does not do that[.]. Ex. 2, Hersh Dep. 34:12-19. This opinion may assist the trier of fact in deciding the case

7

Dr. Hersh also has specialized knowledge concerning how different states apply the NVRA. He has studied a variety of states, and discusses the ways different states implement the NVRA in the context of his professorship at Yale. Ex. 2, Hersh Dep. 30:7-32:12; 80:8-83:17. His application of this expertise to the system currently in use by Defendants will assist the Court in understanding whether Texas' interpretation of the NVRA is consistent with how it is interpreted and implemented across the country.

Additionally, Defendants contend that Dr. Hersh's testimony offers unfounded opinions on the costs of a changed voter registration process in Texas because he has no financial expertise. Plaintiffs tasked Dr. Hersh with identifying and evaluating any potential barriers Defendants might have for complying with Federal law. Ex. 2, Hersh Dep. 46:6-47:4. In his opinion, based on his review of the evidence in this case, as well as on his experience and expertise with voter registration systems, he determined that the changes Defendants would have to make to treat online transactions the same as in-person transactions would have "essentially no cost," and concluded there would be an "efficiency gain." Ex. 2, Hersh Dep. 117:8-118:1, 113:18-114:8. .

**E. Dr. Hersh's Testimony is Reliable**

Defendants argue that Dr. Hersh's testimony is unreliable for the same reason they argue that his testimony is irrelevant: his expertise is not specific to Texas. Again, Defendants misunderstand the issue in this case. Dr. Hersh will testify, not on Texas's compliance with Texas law, but instead Texas's capacity to provide voter registration during an online driver's license transaction, as required by the NVRA. Dr. Hersh's testimony regarding Texas's current voter registration practices and its ability to modify those practices in terms of cost and technical function, as well as evaluating its claimed justifications for engaging in practices that violate the NVRA is reliable because it stems from years of studying voter registration methods around the

country. Through that study, he concludes that because an automated process for online transactions already exists, the change Plaintiffs seek would require very little cost or technical feats. Ex. 2, Hersh Dep. 117:8-118:6.

The reliability of his testimony is not undermined by the fact that those years were not dedicated to examining Texas. Dr. Hersh's breadth of knowledge may be less useful if this was an issue of state law, but it is not. The NVRA presents a national standard for voter registration that states must meet, and determining whether or not Texas is in violation of this law cannot be accomplished by an analysis that looks only within the state.

Accordingly, Plaintiffs respectfully contend that the Court should hear Dr. Hersh's testimony—as well as Defendants' cross examination and any contrary evidence—and then give it the weight it deserves.

### III. CONCLUSION AND PRAYER

For the reasons set forth above, Plaintiffs respectfully request that Defendants' objections be overruled and their motion denied.

Dated: June 13, 2017

Respectfully submitted,

Peter A. Kraus (*pro hac vice*)
Texas Bar No. 11712980
kraus@waterskraus.com
Charles S. Siegel
Texas Bar No. 18341875
siegel@waterskraus.com
Caitlyn E. Silhan
Texas Bar No. 24072879
csilhan@waterskraus.com
Rachel A. Gross *(pro hac vice)*
Texas Bar No. 24073608
rgross@waterskraus.com

WATERS & KRAUS, LLP

9

3141 Hood Street, Suite 700
Dallas, Texas 75219
214-357-6244 (Telephone)
214-871-2263 (Facsimile)

Mimi M.D. Marziani
Texas Bar No. 24091906
mimi@texascivilrightsproject.org
Hani Mirza
Texas Bar No. 24083512
hani@texascivilrightsproject.org

*/s/*Cassandra Champion
Cassandra Champion
Texas Bar No. 24082799
champion@texascivilrightsproject.org
Rebecca Harrison Stevens
Texas Bar No. 24065381
beth@texascivilrightsproject.org

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2017 a true and correct copy of the foregoing was filed electronically with the Court and delivered via the CM/ECF system to all counsel of record.

*/s/*Cassandra Champion
Cassandra Champion