IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JARROD STRINGER, ET AL, <br>    *Plaintiffs,* <br><br> v. <br><br> ROLANDO PABLOS, IN HIS OFFICIAL CAPACITY AS TEXAS SECRETARY OF STATE AND STEVEN C. MCCRAW, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE TEXAS DEPARTMENT OF PUBLIC SAFETY, <br>    *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | NO. 5:16-CV-00257 |

**ROLANDO PABLOS'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS**

TO:     Plaintiffs Jarrod Stringer, Benjamin Hernandez, Totysa Watkins, and John Woods, by and through their attorneys of record, Cassandra Champion, Beth Stevens, and Hani Mirza, TEXAS CIVIL RIGHTS PROJECT, 1405 Montopolis Drive, Austin, Texas 78741; and Caitlyn E. Silhan, WATERS & KRAUS, LLP, 3141 Hood Street, Suite 700, Dallas, Texas 75219.

Defendant Rolando Pablos, in his official capacity as the Texas Secretary of State hereby serves his supplemental responses to Plaintiffs' Second Set of Requests for Admissions.

**Dated: June 20, 2017.**

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

1

# EXHIBIT A

>ANGELA V. COLMENERO
>Chief, General Litigation Division
>
>/s/Esteban San Miguel Soto
>ANNE MARIE MACKIN
>Texas Bar No. 24078898
>ESTEBAN SAN MIGUEL SOTO
>Texas Bar No. 24052284
>Assistant Attorney General
>General Litigation Division
>P.O. Box 12548, Capitol Station
>Austin, Texas 78711-2548
>(512) 475-4074
>(512) 320-0667 FAX
>anna.mackin@oag.texas.gov
>
>ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on this the 20th day of June, 2017 a true and correct copy of this document was sent via electronic mail to counsel listed below:

Cassandra Champion, champion@texascivilrightsproject.org
Hani Mirza, hani@texascivilrightsproject.org
Beth Stevens, beth@texascivilrightsproject.org
Caitlyn Silhan, csilhan@waterskraus.com

>/s/Esteban San Miguel Soto
>Assistant Attorney General

## DEFENDANT PABLOS' RESPONSES TO JARROD STRINGER'S REQUESTS FOR ADMISSIONS

Request No. 1: Admit that the signature used for DPS application forms is the electronic signature captured by the DPS customer service representative at the customer's most recent in-person DPS transaction

Response: Defendant objects that this request is vague and ambiguous as to the phrase "used for". Subject to and without waiving the foregoing objections, Defendant admits that Section 13.002 of the Texas Election Code provides, among other things, that "[a] person desiring to register to vote must submit an application to the registrar of the county in which the person resides", "[a] registration application must be in writing and signed by the applicant." Defendant further admits that Section 20.063 of the Texas Election Code provides, among other things, that "(a) The Department of Public Safety shall provide to each person who applies in person at the department's

offices for an original or renewal of a driver's license, a personal identification card, or a duplicate or corrected license or card an opportunity to complete a voter registration application form…", and "(b) [w]hen the department processes a license or card for renewal by mail, the department shall deliver to the applicant by mail a voter registration application form." Defendant further admits that Section 20.066 of the Texas Election Code provides, among other things, that "(a)  If a person completes a voter registration application as provided by Section 20.063, the Department of Public Safety shall: (1)  input the information provided on the application into the department's electronic data system; and (2)  inform the applicant that the applicant's electronic signature provided to the department will be used for submitting the applicant's voter registration application", and "(b)  [n]ot later than the fifth day after the date a person completes a voter registration application and provides an electronic signature to the department, the department shall electronically transfer the applicant's voter registration data, including the applicant's signature, to the secretary of state." Defendant further refers to its response to Request for Admission No. 16.  Defendant denies the remainder of the request.

Request No. 2: Admit that the Secretary of State Texas Online Application available at the link provided to online DPS driver license renewal and change of address customers at the end of their transaction (currently available at https://www.sos.state.tx.us/elections/voter/reqvr.shtml) requires information that duplicates information required in the online driver license renewal and change of address form.

Response: Defendant objects that this request is argumentative and calls for a legal conclusion. Subject to and without waiving the foregoing general and specific objections, Defendant denies that an application itself can prescribe requirements, or that an individual cannot fill in a blank form however they choose, although doing so in a manner not compliant with statutory requirements may not register the individual to vote. Defendant admits that §13.002 of the Texas Election Code requires that, among other things, "[a] person desiring to register to vote must submit an application to the registrar of the county in which the person resides", "[a] registration application must be in writing and signed by the applicant", and "(c) A registration application must include: (1) the applicant's first name, middle name, if any, last name, and former name, if any; (2) the month, day, and year of the applicant's birth; (3) a statement that the applicant is a United States citizen; (4) a statement that the applicant is a resident of the county; (5) a statement that the applicant has not been determined by a final judgment of a court exercising probate jurisdiction to be: (A) totally mentally incapacitated; or (B) partially mentally incapacitated without the right to vote; (6) a statement that the applicant has not been finally convicted of a felony or that the applicant is a felon eligible for registration under Section 13.001; (7) the applicant's residence address or, if the residence has no address, the address at which the applicant receives mail and a concise description of the location of the applicant's residence; (8) the following information: (A) the applicant's Texas driver's license number or the number of a personal identification card issued by the Department of Public Safety; (B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or (C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B); (9) if the application is made by an agent, a statement of the agent's relationship to the applicant; and (10) the city and county in which the applicant formerly resided… (f) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be partially mentally incapacitated without the right to vote by a court and who is eligible to register because of Section 1.020(b) shall include in the application a statement that the

3

person's guardianship has been modified to include the right to vote or the person's mental capacity has been completely restored, as applicable, by a final judgment of a court. (g) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be totally mentally incapacitated by a court and who is eligible to register because of Section 1.020(a) shall include in the application a statement that the person's mental capacity has been completely restored by a final judgment of a court…and that "(d) The omission of the applicant's middle or former name under Subsection (c)(1) or the applicant's zip code under Subsection (c)(7) does not affect the validity of a registration application, and the registrar may not reject the application because of that omission." As to the fields in which a voter may select radio buttons or enter information, the Texas Online Application speaks for itself.  Moreover, Defendant SOS does not operate the DPS online driver license renewal and change of address form, Defendant denies that an application itself can prescribe requirements, or that an individual cannot fill in a blank form however they choose, although doing so in a manner not compliant with statutory requirements may not lead to online driver license renewal or change of address, and the DPS online driver license renewal and change of address form speaks for itself.  Defendant further contends that information in the fields in which a voter may select radio buttons or enter information on the Texas Secretary of State Texas Online Application are no more than the minimum amount of information necessary to prevent duplicate voter registrations and enable the State election officials to assess the eligibility of the applicant and to administer voter registration and other parts of the election process as allowed by 52 U.S.C. §20504(c)(2)(B).

Request No. 3: Admit that the Secretary of State Texas Online Application available at the link provided to online DPS driver license renewal and change of address customers at the end of their transaction (currently available at https://www.sos.state.tx.us/elections/voter/reqvr.shtml) requires the customer to provide their first name.

Response: Defendant denies that an application itself can prescribe requirements, or that an individual cannot fill in a blank form however they choose, although doing so in a manner not compliant with statutory requirements may not register the individual to vote. Defendant admits that §13.002 of the Texas Election Code requires that, among other things, "[a] person desiring to register to vote must submit an application to the registrar of the county in which the person resides", "[a] registration application must be in writing and signed by the applicant", and "(c) A registration application must include: (1) the applicant's first name, middle name, if any, last name, and former name, if any; (2) the month, day, and year of the applicant's birth; (3) a statement that the applicant is a United States citizen; (4) a statement that the applicant is a resident of the county; (5) a statement that the applicant has not been determined by a final judgment of a court exercising probate jurisdiction to be: (A) totally mentally incapacitated; or (B) partially mentally incapacitated without the right to vote; (6) a statement that the applicant has not been finally convicted of a felony or that the applicant is a felon eligible for registration under Section 13.001; (7) the applicant's residence address or, if the residence has no address, the address at which the applicant receives mail and a concise description of the location of the applicant's residence; (8) the following information: (A) the applicant's Texas driver's license number or the number of a personal identification card issued by the Department of Public Safety; (B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or (C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B); (9) if the application is made by an agent, a statement of the

agent's relationship to the applicant; and (10) the city and county in which the applicant formerly resided… (f) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be partially mentally incapacitated without the right to vote by a court and who is eligible to register because of Section 1.020(b) shall include in the application a statement that the person's guardianship has been modified to include the right to vote or the person's mental capacity has been completely restored, as applicable, by a final judgment of a court. (g) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be totally mentally incapacitated by a court and who is eligible to register because of Section 1.020(a) shall include in the application a statement that the person's mental capacity has been completely restored by a final judgment of a court…and that "(d) The omission of the applicant's middle or former name under Subsection (c)(1) or the applicant's zip code under Subsection (c)(7) does not affect the validity of a registration application, and the registrar may not reject the application because of that omission." As to the fields in which a voter may select radio buttons or enter information, the Texas Online Application speaks for itself.

### PABLOS' RESPONSES TO JOHN WOODS' REQUESTS FOR ADMISSIONS

<u>Request No. 4:</u> Admit that the Secretary of State Texas Online Application available at the link provided to online DPS driver license renewal and change of address customers at the end of their transaction (currently available at https://www.sos.state.tx.us/elections/voter/reqvr.shtml) requires the customer to provide their last name.

<u>Response:</u> Defendant denies that an application itself can prescribe requirements, or that an individual cannot fill in a blank form however they choose, although doing so in a manner not compliant with statutory requirements may not register the individual to vote. Defendant admits that §13.002 of the Texas Election Code requires that, among other things, "[a] person desiring the register to vote must submit an application to the registrar of the county in which the person resides", "[a] registration application must be in writing and signed by the applicant", and "(c) A registration application must include: (1) the applicant's first name, middle name, if any, last name, and former name, if any; (2) the month, day, and year of the applicant's birth; (3) a statement that the applicant is a United States citizen; (4) a statement that the applicant is a resident of the county; (5) a statement that the applicant has not been determined by a final judgment of a court exercising probate jurisdiction to be: (A) totally mentally incapacitated; or (B) partially mentally incapacitated without the right to vote; (6) a statement that the applicant has not been finally convicted of a felony or that the applicant is a felon eligible for registration under Section 13.001; (7) the applicant's residence address or, if the residence has no address, the address at which the applicant receives mail and a concise description of the location of the applicant's residence; (8) the following information: (A) the applicant's Texas driver's license number or the number of a personal identification card issued by the Department of Public Safety; (B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or (C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B); (9) if the application is made by an agent, a statement of the agent's relationship to the applicant; and (10) the city and county in which the applicant formerly resided… (f) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be partially mentally incapacitated without the right to vote by a court and who is eligible to register because of Section 1.020(b) shall include in the application a statement that the

person's guardianship has been modified to include the right to vote or the person's mental capacity has been completely restored, as applicable, by a final judgment of a court. (g) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be totally mentally incapacitated by a court and who is eligible to register because of Section 1.020(a) shall include in the application a statement that the person's mental capacity has been completely restored by a final judgment of a court…and that "(d) The omission of the applicant's middle or former name under Subsection (c)(1) or the applicant's zip code under Subsection (c)(7) does not affect the validity of a registration application, and the registrar may not reject the application because of that omission." As to the fields in which a voter may select radio buttons or enter information, the Texas Online Application speaks for itself.

Request No. 5: Admit that the Secretary of State Texas Online Application available at the link provided to online DPS driver license renewal and change of address customers at the end of their transaction (currently available at https://www.sos.state.tx.us/elections/voter/reqvr.shtml) requires the customer to provide their middle name, if the customer has one.

Response: Defendant denies that an application itself can prescribe requirements, or that an individual cannot fill in a blank form however they choose, although doing so in a manner not compliant with statutory requirements may not register the individual to vote. Defendant admits that §13.002 of the Texas Election Code requires that, among other things, "[a] person desiring the register to vote must submit an application to the registrar of the county in which the person resides", "[a] registration application must be in writing and signed by the applicant", and "(c) A registration application must include: (1) the applicant's first name, middle name, if any, last name, and former name, if any; (2) the month, day, and year of the applicant's birth; (3) a statement that the applicant is a United States citizen; (4) a statement that the applicant is a resident of the county; (5) a statement that the applicant has not been determined by a final judgment of a court exercising probate jurisdiction to be: (A) totally mentally incapacitated; or (B) partially mentally incapacitated without the right to vote; (6) a statement that the applicant has not been finally convicted of a felony or that the applicant is a felon eligible for registration under Section 13.001; (7) the applicant's residence address or, if the residence has no address, the address at which the applicant receives mail and a concise description of the location of the applicant's residence; (8) the following information: (A) the applicant's Texas driver's license number or the number of a personal identification card issued by the Department of Public Safety; (B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or (C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B); (9) if the application is made by an agent, a statement of the agent's relationship to the applicant; and (10) the city and county in which the applicant formerly resided…(f) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be partially mentally incapacitated without the right to vote by a court and who is eligible to register because of Section 1.020(b) shall include in the application a statement that the person's guardianship has been modified to include the right to vote or the person's mental capacity has been completely restored, as applicable, by a final judgment of a court. (g) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be totally mentally incapacitated by a court and who is eligible to register because of Section 1.020(a) shall include in the application a statement that the person's mental capacity has been completely restored by a final judgment of a court…and that "(d) The omission of the applicant's middle or

former name under Subsection (c)(1) or the applicant's zip code under Subsection (c)(7) does not affect the validity of a registration application, and the registrar may not reject the application because of that omission." As to the fields in which a voter may select radio buttons or enter information, the Texas Online Application speaks for itself.

Request No. 6: Admit that the Secretary of State Texas Online Application available at the link provided to online DPS driver license renewal and change of address customers at the end of their transaction (currently available at https://www.sos.state.tx.us/elections/voter/reqvr.shtml) requires the customer to provide their date of birth.

Response: Defendant denies that an application itself can prescribe requirements, or that an individual cannot fill in a blank form however they choose, although doing so in a manner not compliant with statutory requirements may not register the individual to vote. Defendant admits that §13.002 of the Texas Election Code requires that, among other things, "(a) [a] person desiring the register to vote must submit an application to the registrar of the county in which the person resides", "(b) [a] registration application must be in writing and signed by the applicant", and "(c) A registration application must include: (1) the applicant's first name, middle name, if any, last name, and former name, if any; (2) the month, day, and year of the applicant's birth; (3) a statement that the applicant is a United States citizen; (4) a statement that the applicant is a resident of the county; (5) a statement that the applicant has not been determined by a final judgment of a court exercising probate jurisdiction to be: (A) totally mentally incapacitated; or (B) partially mentally incapacitated without the right to vote; (6) a statement that the applicant has not been finally convicted of a felony or that the applicant is a felon eligible for registration under Section 13.001; (7) the applicant's residence address or, if the residence has no address, the address at which the applicant receives mail and a concise description of the location of the applicant's residence; (8) the following information: (A) the applicant's Texas driver's license number or the number of a personal identification card issued by the Department of Public Safety; (B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or (C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B); (9) if the application is made by an agent, a statement of the agent's relationship to the applicant; and (10) the city and county in which the applicant formerly resided…(f) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be partially mentally incapacitated without the right to vote by a court and who is eligible to register because of Section 1.020(b) shall include in the application a statement that the person's guardianship has been modified to include the right to vote or the person's mental capacity has been completely restored, as applicable, by a final judgment of a court. (g) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be totally mentally incapacitated by a court and who is eligible to register because of Section 1.020(a) shall include in the application a statement that the person's mental capacity has been completely restored by a final judgment of a court…and that "(d) The omission of the applicant's middle or former name under Subsection (c)(1) or the applicant's zip code under Subsection (c)(7) does not affect the validity of a registration application, and the registrar may not reject the application because of that omission." As to the fields in which a voter may select radio buttons or enter information, the Texas Online Application speaks for itself.

Request No. 7: Admit that the Secretary of State Texas Online Application available at the link provided to online DPS driver license renewal and change of address customers at the end of their transaction (available at https://www.sos.state.tx.us/elections/voter/reqvr.shtml) requires the customer to provide their Texas driver's license number, if the customer has one.

Response: Defendant denies that an application itself can prescribe requirements, or that an individual cannot fill in a blank form however they choose, although doing so in a manner not compliant with statutory requirements may not register the individual to vote. Defendant admits that §13.002 of the Texas Election Code requires that, among other things, "(a) [a] person desiring the register to vote must submit an application to the registrar of the county in which the person resides", "(b) [a] registration application must be in writing and signed by the applicant", and "(c) A registration application must include: (1) the applicant's first name, middle name, if any, last name, and former name, if any; (2) the month, day, and year of the applicant's birth; (3) a statement that the applicant is a United States citizen; (4) a statement that the applicant is a resident of the county; (5) a statement that the applicant has not been determined by a final judgment of a court exercising probate jurisdiction to be: (A) totally mentally incapacitated; or (B) partially mentally incapacitated without the right to vote; (6) a statement that the applicant has not been finally convicted of a felony or that the applicant is a felon eligible for registration under Section 13.001; (7) the applicant's residence address or, if the residence has no address, the address at which the applicant receives mail and a concise description of the location of the applicant's residence; (8) the following information: (A) the applicant's Texas driver's license number or the number of a personal identification card issued by the Department of Public Safety; (B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or (C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B); (9) if the application is made by an agent, a statement of the agent's relationship to the applicant; and (10) the city and county in which the applicant formerly resided…(f) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be partially mentally incapacitated without the right to vote by a court and who is eligible to register because of Section 1.020(b) shall include in the application a statement that the person's guardianship has been modified to include the right to vote or the person's mental capacity has been completely restored, as applicable, by a final judgment of a court. (g) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be totally mentally incapacitated by a court and who is eligible to register because of Section 1.020(a) shall include in the application a statement that the person's mental capacity has been completely restored by a final judgment of a court…and that "(d) The omission of the applicant's middle or former name under Subsection (c)(1) or the applicant's zip code under Subsection (c)(7) does not affect the validity of a registration application, and the registrar may not reject the application because of that omission." As to the fields in which a voter may select radio buttons or enter information, the Texas Online Application speaks for itself.

Request No. 8: Admit that the Secretary of State Texas Online Application available at the link provided to online DPS driver license renewal and change of address customers at the end of their transaction (available at https://www.sos.state.tx.us/elections/voter/reqvr.shtml) requires the customer to provide the last four digits of their social security number if they do not have a Texas driver's license number.

Response: Defendant denies that an application itself can prescribe requirements, or that an individual cannot fill in a blank form however they choose, although doing so in a manner not compliant with statutory requirements may not register the individual to vote. Defendant admits that §13.002 of the Texas Election Code requires that, among other things, "(a) [a] person desiring the register to vote must submit an application to the registrar of the county in which the person resides", "(b) [a] registration application must be in writing and signed by the applicant", and "(c) A registration application must include: (1) the applicant's first name, middle name, if any, last name, and former name, if any; (2) the month, day, and year of the applicant's birth; (3) a statement that the applicant is a United States citizen; (4) a statement that the applicant is a resident of the county; (5) a statement that the applicant has not been determined by a final judgment of a court exercising probate jurisdiction to be: (A) totally mentally incapacitated; or (B) partially mentally incapacitated without the right to vote; (6) a statement that the applicant has not been finally convicted of a felony or that the applicant is a felon eligible for registration under Section 13.001; (7) the applicant's residence address or, if the residence has no address, the address at which the applicant receives mail and a concise description of the location of the applicant's residence; (8) the following information: (A) the applicant's Texas driver's license number or the number of a personal identification card issued by the Department of Public Safety; (B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or (C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B); (9) if the application is made by an agent, a statement of the agent's relationship to the applicant; and (10) the city and county in which the applicant formerly resided…(f) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be partially mentally incapacitated without the right to vote by a court and who is eligible to register because of Section 1.020(b) shall include in the application a statement that the person's guardianship has been modified to include the right to vote or the person's mental capacity has been completely restored, as applicable, by a final judgment of a court. (g) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be totally mentally incapacitated by a court and who is eligible to register because of Section 1.020(a) shall include in the application a statement that the person's mental capacity has been completely restored by a final judgment of a court…and that "(d) The omission of the applicant's middle or former name under Subsection (c)(1) or the applicant's zip code under Subsection (c)(7) does not affect the validity of a registration application, and the registrar may not reject the application because of that omission." As to the fields in which a voter may select radio buttons or enter information, the Texas Online Application speaks for itself.

Request No. 9: Admit that the Secretary of State Texas Online Application available at the link provided to online DPS driver license renewal and change of address customers at the end of their transaction (available at https://www.sos.state.tx.us/elections/voter/reqvr.shtml) requires the customer to provide their county of residence.

Response: Defendant denies that an application itself can prescribe requirements, or that an individual cannot fill in a blank form however they choose, although doing so in a manner not compliant with statutory requirements may not register the individual to vote. Defendant admits that §13.002 of the Texas Election Code requires that, among other things, "(a) [a] person desiring the register to vote must submit an application to the registrar of the county in which the person resides", "(b) [a] registration application must be in writing and signed by the applicant", and "(c)

A registration application must include: (1) the applicant's first name, middle name, if any, last name, and former name, if any; (2) the month, day, and year of the applicant's birth; (3) a statement that the applicant is a United States citizen; (4) a statement that the applicant is a resident of the county; (5) a statement that the applicant has not been determined by a final judgment of a court exercising probate jurisdiction to be: (A) totally mentally incapacitated; or (B) partially mentally incapacitated without the right to vote; (6) a statement that the applicant has not been finally convicted of a felony or that the applicant is a felon eligible for registration under Section 13.001; (7) the applicant's residence address or, if the residence has no address, the address at which the applicant receives mail and a concise description of the location of the applicant's residence; (8) the following information: (A) the applicant's Texas driver's license number or the number of a personal identification card issued by the Department of Public Safety; (B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or (C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B); (9) if the application is made by an agent, a statement of the agent's relationship to the applicant; and (10) the city and county in which the applicant formerly resided…(f) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be partially mentally incapacitated without the right to vote by a court and who is eligible to register because of Section 1.020(b) shall include in the application a statement that the person's guardianship has been modified to include the right to vote or the person's mental capacity has been completely restored, as applicable, by a final judgment of a court. (g) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be totally mentally incapacitated by a court and who is eligible to register because of Section 1.020(a) shall include in the application a statement that the person's mental capacity has been completely restored by a final judgment of a court…and that "(d) The omission of the applicant's middle or former name under Subsection (c)(1) or the applicant's zip code under Subsection (c)(7) does not affect the validity of a registration application, and the registrar may not reject the application because of that omission." As to the fields in which a voter may select radio buttons or enter information, the Texas Online Application speaks for itself.

Request No. 10: Admit that the Secretary of State Texas Online Application available at the link provided to online DPS driver license renewal and change of address customers at the end of their transaction (available at https://www.sos.state.tx.us/elections/voter/reqvr.shtml) requires the customer to provide their residence address.

Response: Defendant denies that an application itself can prescribe requirements, or that an individual cannot fill in a blank form however they choose, although doing so in a manner not compliant with statutory requirements may not register the individual to vote. Defendant admits that §13.002 of the Texas Election Code requires that, among other things, "(a) [a] person desiring the register to vote must submit an application to the registrar of the county in which the person resides", "(b) [a] registration application must be in writing and signed by the applicant", and "(c) A registration application must include: (1) the applicant's first name, middle name, if any, last name, and former name, if any; (2) the month, day, and year of the applicant's birth; (3) a statement that the applicant is a United States citizen; (4) a statement that the applicant is a resident of the county; (5) a statement that the applicant has not been determined by a final judgment of a court exercising probate jurisdiction to be: (A) totally mentally incapacitated; or (B) partially mentally incapacitated without the right to vote; (6) a statement that the applicant has not been finally

convicted of a felony or that the applicant is a felon eligible for registration under Section 13.001; (7) the applicant's residence address or, if the residence has no address, the address at which the applicant receives mail and a concise description of the location of the applicant's residence; (8) the following information: (A) the applicant's Texas driver's license number or the number of a personal identification card issued by the Department of Public Safety; (B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or (C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B); (9) if the application is made by an agent, a statement of the agent's relationship to the applicant; and (10) the city and county in which the applicant formerly resided…(f) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be partially mentally incapacitated without the right to vote by a court and who is eligible to register because of Section 1.020(b) shall include in the application a statement that the person's guardianship has been modified to include the right to vote or the person's mental capacity has been completely restored, as applicable, by a final judgment of a court. (g) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be totally mentally incapacitated by a court and who is eligible to register because of Section 1.020(a) shall include in the application a statement that the person's mental capacity has been completely restored by a final judgment of a court…and that "(d) The omission of the applicant's middle or former name under Subsection (c)(1) or the applicant's zip code under Subsection (c)(7) does not affect the validity of a registration application, and the registrar may not reject the application because of that omission." As to the fields in which a voter may select radio buttons or enter information, the Texas Online Application speaks for itself.

Request No. 11:   Admit that the Secretary of State Texas Online Application available at the link provided to online DPS driver license renewal and change of address customers at the end of their transaction (available at https://www.sos.state.tx.us/elections/voter/reqvr.shtml) requires the customer to provide their city of residence..

Response: Defendant denies that an application itself can prescribe requirements, or that an individual cannot fill in a blank form however they choose, although doing so in a manner not compliant with statutory requirements may not register the individual to vote. Defendant admits that §13.002 of the Texas Election Code requires that, among other things, "(a) [a] person desiring the register to vote must submit an application to the registrar of the county in which the person resides", "(b) [a] registration application must be in writing and signed by the applicant", and "(c) A registration application must include: (1) the applicant's first name, middle name, if any, last name, and former name, if any; (2) the month, day, and year of the applicant's birth; (3) a statement that the applicant is a United States citizen; (4) a statement that the applicant is a resident of the county; (5) a statement that the applicant has not been determined by a final judgment of a court exercising probate jurisdiction to be: (A) totally mentally incapacitated; or (B) partially mentally incapacitated without the right to vote; (6) a statement that the applicant has not been finally convicted of a felony or that the applicant is a felon eligible for registration under Section 13.001; (7) the applicant's residence address or, if the residence has no address, the address at which the applicant receives mail and a concise description of the location of the applicant's residence; (8) the following information: (A) the applicant's Texas driver's license number or the number of a personal identification card issued by the Department of Public Safety; (B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social

security number; or (C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B); (9) if the application is made by an agent, a statement of the agent's relationship to the applicant; and (10) the city and county in which the applicant formerly resided…(f) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be partially mentally incapacitated without the right to vote by a court and who is eligible to register because of Section 1.020(b) shall include in the application a statement that the person's guardianship has been modified to include the right to vote or the person's mental capacity has been completely restored, as applicable, by a final judgment of a court. (g) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be totally mentally incapacitated by a court and who is eligible to register because of Section 1.020(a) shall include in the application a statement that the person's mental capacity has been completely restored by a final judgment of a court…and that "(d) The omission of the applicant's middle or former name under Subsection (c)(1) or the applicant's zip code under Subsection (c)(7) does not affect the validity of a registration application, and the registrar may not reject the application because of that omission." As to the fields in which a voter may select radio buttons or enter information, the Texas Online Application speaks for itself.

Request No. 12:   Admit that the Secretary of State Texas Online Application available at the link provided to online DPS driver license renewal and change of address customers at the end of their transaction (available at https://www.sos.state.tx.us/elections/voter/reqvr.shtml) requires the customer to provide their residence zip code.

Response: Defendant denies that an application itself can prescribe requirements, or that an individual cannot fill in a blank form however they choose, although doing so in a manner not compliant with statutory requirements may not register the individual to vote. Defendant admits that §13.002 of the Texas Election Code requires that, among other things, "(a) [a] person desiring the register to vote must submit an application to the registrar of the county in which the person resides", "(b) [a] registration application must be in writing and signed by the applicant", and "(c) A registration application must include: (1) the applicant's first name, middle name, if any, last name, and former name, if any; (2) the month, day, and year of the applicant's birth; (3) a statement that the applicant is a United States citizen; (4) a statement that the applicant is a resident of the county; (5) a statement that the applicant has not been determined by a final judgment of a court exercising probate jurisdiction to be: (A) totally mentally incapacitated; or (B) partially mentally incapacitated without the right to vote; (6) a statement that the applicant has not been finally convicted of a felony or that the applicant is a felon eligible for registration under Section 13.001; (7) the applicant's residence address or, if the residence has no address, the address at which the applicant receives mail and a concise description of the location of the applicant's residence; (8) the following information: (A) the applicant's Texas driver's license number or the number of a personal identification card issued by the Department of Public Safety; (B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or (C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B); (9) if the application is made by an agent, a statement of the agent's relationship to the applicant; and (10) the city and county in which the applicant formerly resided…(f) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be partially mentally incapacitated without the right to vote by a court and who is eligible to register because of Section 1.020(b) shall include in the application a statement that the

person's guardianship has been modified to include the right to vote or the person's mental capacity has been completely restored, as applicable, by a final judgment of a court. (g) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be totally mentally incapacitated by a court and who is eligible to register because of Section 1.020(a) shall include in the application a statement that the person's mental capacity has been completely restored by a final judgment of a court…and that "(d) The omission of the applicant's middle or former name under Subsection (c)(1) or the applicant's zip code under Subsection (c)(7) does not affect the validity of a registration application, and the registrar may not reject the application because of that omission." As to the fields in which a voter may select radio buttons or enter information, the Texas Online Application speaks for itself.

Request No. 13:    Admit that the Secretary of State Texas Online Application available at the link provided to online DPS driver license renewal and change of address customers at the end of their transaction (available at https://www.sos.state.tx.us/elections/voter/reqvr.shtml) requires the customer to provide their mailing address if it differs from their residence address..

Response: Defendant denies that an application itself can prescribe requirements, or that an individual cannot fill in a blank form however they choose, although doing so in a manner not compliant with statutory requirements may not register the individual to vote. Defendant admits that §13.002 of the Texas Election Code requires that, among other things, "(a) [a] person desiring the register to vote must submit an application to the registrar of the county in which the person resides", "(b) [a] registration application must be in writing and signed by the applicant", and "(c) A registration application must include: (1) the applicant's first name, middle name, if any, last name, and former name, if any; (2) the month, day, and year of the applicant's birth; (3) a statement that the applicant is a United States citizen; (4) a statement that the applicant is a resident of the county; (5) a statement that the applicant has not been determined by a final judgment of a court exercising probate jurisdiction to be: (A) totally mentally incapacitated; or (B) partially mentally incapacitated without the right to vote; (6) a statement that the applicant has not been finally convicted of a felony or that the applicant is a felon eligible for registration under Section 13.001; (7) the applicant's residence address or, if the residence has no address, the address at which the applicant receives mail and a concise description of the location of the applicant's residence; (8) the following information: (A) the applicant's Texas driver's license number or the number of a personal identification card issued by the Department of Public Safety; (B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or (C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B); (9) if the application is made by an agent, a statement of the agent's relationship to the applicant; and (10) the city and county in which the applicant formerly resided…(f) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be partially mentally incapacitated without the right to vote by a court and who is eligible to register because of Section 1.020(b) shall include in the application a statement that the person's guardianship has been modified to include the right to vote or the person's mental capacity has been completely restored, as applicable, by a final judgment of a court. (g) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be totally mentally incapacitated by a court and who is eligible to register because of Section 1.020(a) shall include in the application a statement that the person's mental capacity has been completely restored by a final judgment of a court…and that "(d) The omission of the applicant's middle or

person's guardianship has been modified to include the right to vote or the person's mental capacity has been completely restored, as applicable, by a final judgment of a court. (g) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be totally mentally incapacitated by a court and who is eligible to register because of Section 1.020(a) shall include in the application a statement that the person's mental capacity has been completely restored by a final judgment of a court…and that "(d) The omission of the applicant's middle or former name under Subsection (c)(1) or the applicant's zip code under Subsection (c)(7) does not affect the validity of a registration application, and the registrar may not reject the application because of that omission." As to the fields in which a voter may select radio buttons or enter information, the Texas Online Application speaks for itself.

Request No. 13:    Admit that the Secretary of State Texas Online Application available at the link provided to online DPS driver license renewal and change of address customers at the end of their transaction (available at https://www.sos.state.tx.us/elections/voter/reqvr.shtml) requires the customer to provide their mailing address if it differs from their residence address..

Response: Defendant denies that an application itself can prescribe requirements, or that an individual cannot fill in a blank form however they choose, although doing so in a manner not compliant with statutory requirements may not register the individual to vote. Defendant admits that §13.002 of the Texas Election Code requires that, among other things, "(a) [a] person desiring the register to vote must submit an application to the registrar of the county in which the person resides", "(b) [a] registration application must be in writing and signed by the applicant", and "(c) A registration application must include: (1) the applicant's first name, middle name, if any, last name, and former name, if any; (2) the month, day, and year of the applicant's birth; (3) a statement that the applicant is a United States citizen; (4) a statement that the applicant is a resident of the county; (5) a statement that the applicant has not been determined by a final judgment of a court exercising probate jurisdiction to be: (A) totally mentally incapacitated; or (B) partially mentally incapacitated without the right to vote; (6) a statement that the applicant has not been finally convicted of a felony or that the applicant is a felon eligible for registration under Section 13.001; (7) the applicant's residence address or, if the residence has no address, the address at which the applicant receives mail and a concise description of the location of the applicant's residence; (8) the following information: (A) the applicant's Texas driver's license number or the number of a personal identification card issued by the Department of Public Safety; (B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or (C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B); (9) if the application is made by an agent, a statement of the agent's relationship to the applicant; and (10) the city and county in which the applicant formerly resided…(f) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be partially mentally incapacitated without the right to vote by a court and who is eligible to register because of Section 1.020(b) shall include in the application a statement that the person's guardianship has been modified to include the right to vote or the person's mental capacity has been completely restored, as applicable, by a final judgment of a court. (g) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be totally mentally incapacitated by a court and who is eligible to register because of Section 1.020(a) shall include in the application a statement that the person's mental capacity has been completely restored by a final judgment of a court…and that "(d) The omission of the applicant's middle or

former name under Subsection (c)(1) or the applicant's zip code under Subsection (c)(7) does not affect the validity of a registration application, and the registrar may not reject the application because of that omission." As to the fields in which a voter may select radio buttons or enter information, the Texas Online Application speaks for itself.

Request No. 14:    Admit that the Secretary of State Texas Online Application available at the link provided to online DPS driver license renewal and change of address customers at the end of their transaction (available at https://www.sos.state.tx.us/elections/voter/reqvr.shtml) requires the customer to provide their mailing city if it differs from their city of residence

Response: Defendant denies that an application itself can prescribe requirements, or that an individual cannot fill in a blank form however they choose, although doing so in a manner not compliant with statutory requirements may not register the individual to vote. Defendant admits that §13.002 of the Texas Election Code requires that, among other things, "(a) [a] person desiring the register to vote must submit an application to the registrar of the county in which the person resides", "(b) [a] registration application must be in writing and signed by the applicant", and "(c) A registration application must include: (1) the applicant's first name, middle name, if any, last name, and former name, if any; (2) the month, day, and year of the applicant's birth; (3) a statement that the applicant is a United States citizen; (4) a statement that the applicant is a resident of the county; (5) a statement that the applicant has not been determined by a final judgment of a court exercising probate jurisdiction to be: (A) totally mentally incapacitated; or (B) partially mentally incapacitated without the right to vote; (6) a statement that the applicant has not been finally convicted of a felony or that the applicant is a felon eligible for registration under Section 13.001; (7) the applicant's residence address or, if the residence has no address, the address at which the applicant receives mail and a concise description of the location of the applicant's residence; (8) the following information: (A) the applicant's Texas driver's license number or the number of a personal identification card issued by the Department of Public Safety; (B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or (C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B); (9) if the application is made by an agent, a statement of the agent's relationship to the applicant; and (10) the city and county in which the applicant formerly resided…(f) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be partially mentally incapacitated without the right to vote by a court and who is eligible to register because of Section 1.020(b) shall include in the application a statement that the person's guardianship has been modified to include the right to vote or the person's mental capacity has been completely restored, as applicable, by a final judgment of a court. (g) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be totally mentally incapacitated by a court and who is eligible to register because of Section 1.020(a) shall include in the application a statement that the person's mental capacity has been completely restored by a final judgment of a court…and that "(d) The omission of the applicant's middle or former name under Subsection (c)(1) or the applicant's zip code under Subsection (c)(7) does not affect the validity of a registration application, and the registrar may not reject the application because of that omission." As to the fields in which a voter may select radio buttons or enter information, the Texas Online Application speaks for itself.

Request No. 15:   Admit that the Secretary of State Texas Online Application available at the link provided to online DPS driver license renewal and change of address customers at the end of their transaction (available at https://www.sos.state.tx.us/elections/voter/reqvr.shtml) requires the customer to provide their mailing zip code if it differs from their residence zip code.

Response: Defendant denies that an application itself can prescribe requirements, or that an individual cannot fill in a blank form however they choose, although doing so in a manner not compliant with statutory requirements may not register the individual to vote. Defendant admits that §13.002 of the Texas Election Code requires that, among other things, "(a) [a] person desiring the register to vote must submit an application to the registrar of the county in which the person resides", "(b) [a] registration application must be in writing and signed by the applicant", and "(c) A registration application must include: (1) the applicant's first name, middle name, if any, last name, and former name, if any; (2) the month, day, and year of the applicant's birth; (3) a statement that the applicant is a United States citizen; (4) a statement that the applicant is a resident of the county; (5) a statement that the applicant has not been determined by a final judgment of a court exercising probate jurisdiction to be: (A) totally mentally incapacitated; or (B) partially mentally incapacitated without the right to vote; (6) a statement that the applicant has not been finally convicted of a felony or that the applicant is a felon eligible for registration under Section 13.001; (7) the applicant's residence address or, if the residence has no address, the address at which the applicant receives mail and a concise description of the location of the applicant's residence; (8) the following information: (A) the applicant's Texas driver's license number or the number of a personal identification card issued by the Department of Public Safety; (B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or (C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B); (9) if the application is made by an agent, a statement of the agent's relationship to the applicant; and (10) the city and county in which the applicant formerly resided…(f) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be partially mentally incapacitated without the right to vote by a court and who is eligible to register because of Section 1.020(b) shall include in the application a statement that the person's guardianship has been modified to include the right to vote or the person's mental capacity has been completely restored, as applicable, by a final judgment of a court. (g) Instead of the statement required by Subsection (c)(5), an applicant who has been determined to be totally mentally incapacitated by a court and who is eligible to register because of Section 1.020(a) shall include in the application a statement that the person's mental capacity has been completely restored by a final judgment of a court…and that "(d) The omission of the applicant's middle or former name under Subsection (c)(1) or the applicant's zip code under Subsection (c)(7) does not affect the validity of a registration application, and the registrar may not reject the application because of that omission." As to the fields in which a voter may select radio buttons or enter information, the Texas Online Application speaks for itself.

Request No. 16:   Admit that DPS application is received by a voter registrar without the voter's electronic signature, the voter registrar requests that DPS re-send the customer's file to SOS in the next daily voter registration file.

Response: Defendant objects to this request as it calls for speculation and is vague and ambiguous as to "electronic signature." Subject to and without waiver of the foregoing, Defendant is unable

to specify what a voter registrar does in each and every hypothetical scenario. Defendant notes, however, that if a voter registrar receives an application, and a signature does not transmit with the application, the registrar has, for example, the option of contacting DPS, using the 701 email address, for a copy of the original application that the registrar could use to process the record, with confidential information redacted. In addition, the registrar may contact the Secretary of State to see if the failure to download the signature is technical and may be able to be resolved. That application could then be forwarded to the appropriate county.

Request No. 17:    Admit that documents P_000001-P_000788 are true and authentic copies of the genuine original documents.

Response: Defendant objects to this request as vague and ambiguous as to the phrase "the genuine original documents."  Subject to and without waiving the foregoing general and specific objections, Defendants admits that the documents P_0000001-P_000788 are reflective of documents provided in connection with Defendant's 34th Annual Election Law Seminar for County Election Officials, July 11-13, 2016, and compiled by Defendant.

Request No. 18:    Admit that process described in "The National Voter Registration Act and Voter Registration Applications…an Overview" presentation pp 14-15 [Bates _00007721-D_00007722] is the process "online" county voter registrars use to process DPS Applications.

Response: Defendants deny that this is the current process "online" county voter registrars use to process DPS Applications.

Request No. 19:    Admit that process described in "The National Voter Registration Act and Voter Registration Applications…an Overview" presentation pp 14-15 [Bates _00007721-D_00007722] is the process "online" county voter registrars used to process DPS Applications until the deployment of redeveloped TEAM, as described by Keith Ingram in his deposition in this case.

Response: Defendants deny that this process has always been used by "online" county voter registrars to process DPS Applications prior to the development of redeveloped TEAM. Defendants admit that at the time of the presentation referenced in D_00007721-D_00007722, the process referenced therein was in use.

Request No. 20:    Admit that process county voter registrars use to process DPS Applications, as described by Keith Ingram in his deposition, will work in the same manner for DPS Applications generated from data provided by DPS customers through texas.gov online driver's license renewal and change of address application, should Plaintiffs obtain the relief they request.

Response: Defendant objects that this requests calls for speculation, calls for a legal conclusion, misstates the record, and is vague and ambiguous with respect to the phrase "work in the same manner."