# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JARROD STRINGER, ET AL.,    )
    Plaintiffs,          )
                       )
vs.                         )   CIVIL NO. 5:16-cv-00257
                       )
ROLANDO PABLOS, IN HIS      )
OFFICIAL CAPACITY AS THE    )
TEXAS SECRETARY OF STATE    )
AND STEVEN C. MCCRAW, IN    )
HIS OFFICIAL CAPACITY AS    )
THE DIRECTOR OF THE TEXAS   )
DEPARTMENT OF PUBLIC        )
SAFETY,                     )
    Defendants.          )


ORAL VIDEOTAPED DEPOSITION
JOHN WOODS
MAY 5, 2017


    ORAL VIDEOTAPED DEPOSITION OF JOHN WOODS, produced

as a witness at the instance of the Defendants and duly

sworn, was taken in the above-styled and numbered cause

on the 5th day of May, 2017, from 10:26 a.m. to

12:54 p.m., before Dana Richardson, Certified Shorthand

Reporter in and for the State of Texas, reported by

computerized stenotype machine at the Office of Attorney

General Consumer Protection Division Houston Regional

Office, 808 Travis, Suite 1520, Houston, Texas

77002-1702, pursuant to the Federal Rules of Civil

Procedure and the provisions stated on the record or

attached hereto.

APPENDIX 2

2

```
 1                    APPEARANCES

 2  FOR PLAINTIFFS:

 3       Ms. Beth Stevens
         TEXAS CIVIL RIGHTS PROJECT
 4       1405 Montopolis Drive
         Austin, Texas 78741
 5       Telephone: (512) 474-5073
         E-mail: beth@texascivilrightsproject.org
 6
                       - and -
 7
         Ms. Caitlyn Silhan
 8       WATERS & KRAUS, LLP
         3141 Hood Street, Suite 700
 9       Dallas, Texas 75219
         Telephone: (214) 357-6244
10       Fax:  (214) 357-7252
         E-mail: csilhan@waterskraus.com
11
    FOR DEFENDANTS:
12
         Ms. Anne Marie Mackin
13       ATTORNEY GENERAL'S OFFICE
         P.O. Box 12548, Capitol Station
14       Austin, Texas 78711-2548
         Telephone: (512) 475-4074
15       Fax:  (512) 320-0667
         E-mail: anna.mackin@oag.texas.gov
16


17
    ALSO PRESENT:
18
         Ms. Myra Thetford, Videographer
19

20

21

22

23

24

25
```

1                        EXHIBITS

2

3   EXHIBIT                  DESCRIPTION                    PAGE

4

5   Exhibit 1        Defendants' Notice of              5
                    Deposition of John Woods
6
    Exhibit 2        Plaintiff's Original Complaint     24
7
    Exhibit 3        Application for                    36
8                    Renewal/Replacement/Change of a
                     Texas Driver License or
9                    Identification Card, John
                     Woods, 1/30/2017
10
    Exhibit 4        Application for                    39
11                   Renewal/Replacement/Change of a
                     Texas Driver License or
12                   Identification Card, John
                     Woods, 12/13/13
13
    Exhibit 5        Information Form, DL-43,           42
14                   7/28/09

15  Exhibit 6        Application for Texas Driver       44
                     License or Identification Card,
16                   John Woods, August 22, 2007

17  Exhibit 7        Texas Department of Public         47
                     Safety, Receipt of Surrendered
18                   License, August 22, 2007

19  Exhibit 8        Driver License Renewal and        50
                     Change of Address, printed from
20                   Texas.gov

21  Exhibit 9        November 18, 2015, letter from    60
                     Peter A. Kraus to Anne Marie
22                   Mackin

23  Exhibit 10       E-mail string with top e-mail     68
                     dated April 6, 2017, from John
24                   Woods to Beth Stevens

25

1                    EXHIBITS (cont.)

2    EXHIBIT              DESCRIPTION                PAGE

3
     Exhibit 11    May 26, 2015, letter from Beth      70
4                  Fischer to Dr. John Woods

5    Exhibit 12    Printout from Facebook              76

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    (Exhibit 1 marked)

 2                    THE VIDEOGRAPHER:  This is the videotaped

 3    deposition of John Woods taken on behalf of the

 4    plaintiff -- I'm sorry, taken on behalf of the defendant

 5    in the matter of Jarrod Stringer, et al., versus Rolando

 6    Pablos, et al., Civil Action No. 5:16-cv-00257, for the

 7    United States District Court, Western District of Texas,

 8    San Antonio Division, held in the offices of the

 9    Attorney General's Houston Regional Office at

10    808 Travis, Suite 1520, in Houston, Texas 77002.

11                    The videographer's name is Myra Thetford.

12    The court reporter's name is Dana Richardson.

13                    This is beginning of Tape No. 1.  Today's

14    date is May 5th, 2017.  We are on the record at

15    10:26 a.m.

16                    Would counsel please introduce themselves

17    for the record.

18                    MS. MACKIN:  Anna Mackin with the Attorney

19    General's Office on behalf of all defendants.

20                    MS. STEVENS:  Beth Stevens from the Texas

21    Civil Rights Project on behalf of Plaintiff John Woods.

22                    MS. SILHAN:  Caitlyn Silhan from Waters &

23    Kraus on behalf of Plaintiff John Woods.

24                              ***

25                              ***
```

6

1                      JOHN WOODS,

2   having been first duly sworn, testified as follows:

3                      EXAMINATION

4   BY MS. MACKIN:

5        Q.   Good morning, Mr. Woods.

6        A.   Good morning.

7        Q.   If you wouldn't mind please speaking and

8   spelling your name for the record.

9        A.   Yes.  It's John Woods.  J-o-h-n.  W-o-o-d-s.

10       Q.   Thank you.

11                 My name is Anna Mackin, and I am an

12   attorney with the Texas Attorney General's Office.  I

13   represent the defendants in this case, the Secretary of

14   State of Texas, Rolando Pablos, and the director of the

15   Department of Public Safety, Steven McCraw.

16                 I'm going to review some logistical

17   matters before we get started on the questions.  Have

18   you ever been deposed before?

19       A.   No.

20       Q.   Okay.  Have you ever testified in court before?

21       A.   No.

22       Q.   So just a couple of things to help the court

23   reporter get an accurate record of everything that's

24   being said here today.  If you could try to give a

25   verbal answer to my questions as opposed to nodding or

1  have you been a senior developer?

2      A.   Yes.  Senior development engineer.

3      Q.   Sorry.

4              Before you were hired by Intuitive

5  Machines, what was your job?

6      A.   I was a postdoctoral fellow in aerospace

7  engineering at West Virginia University.

8      Q.   And before that?

9      A.   I was a graduate teaching assistant and

10 graduate research assistant at the University of Texas.

11     Q.   And is that when you were pursuing your Ph.D.?

12     A.   Yes.

13     Q.   Okay.  Did you have any other job, professional

14 jobs, other than like, you know, jobs in high school or

15 jobs in college for spending money?  Any other full-time

16 jobs, I guess, is my question?

17     A.   No.

18     Q.   Okay.  And so you currently reside in Houston?

19     A.   Yes.

20     Q.   And --

21     A.   Excuse me.  Back to any other full-time jobs.

22 Do you mean, like, summer jobs, too?

23     Q.   I mean -- you don't have to tell me, like,

24 every internship you've had.

25     A.   Okay.  Yeah.

1    Q.   I just mean, like, a full-time kind of

2  position.

3    A.   Sure.

4    Q.   So anything you've put on your resum□ that's --

5  I'm sorry, I'm actually trying to make this question

6  more clear and I feel like I'm making it less clear,

7  but -- but I think we're good.

8         So you currently reside in Houston.  And

9  before that, were you in Austin?

10   A.   Houston -- before Houston was Morgantown, West

11 Virginia.

12   Q.   Okay.

13   A.   And before that was Austin.

14   Q.   Okay.  And so you moved to Houston in 2015?

15   A.   Yes.

16   Q.   Okay.  And what year did you move to

17 Morgantown?

18   A.   It was early 2014.

19   Q.   And then what year did you move to Austin?

20   A.   2007.

21   Q.   And then before Austin, were you -- where did

22 you move to Austin from?

23   A.   Blacksburg, Virginia.

24   Q.   Okay.  For your undergraduate?

25   A.   Uh-huh.

1    Q.    -- at the Virginia DMV?

2    A.    Yes.

3    Q.    Okay.  Do you remember the next time that you

4    registered to vote?  I know it's a long way back.  So if

5    you can't remember, that's okay.  I'm just seeing what

6    you remember.

7    A.    Okay.  So can you explain what you mean by

8    registering --

9    Q.    Uh-huh.

10   A.    -- versus changing registration address?

11   Q.    I mean either one.

12   A.    Okay.  I think probably the next time I would

13   have changed it would be when I registered to vote in

14   Blacksburg.

15   Q.    And then after that?

16   A.    I may have changed it moving within Blacksburg,

17   but I probably forgot.

18   Q.    Okay.  And after that?

19   A.    When I moved to Austin.

20   Q.    So did you ever register in Morgantown?

21   A.    No.

22   Q.    Okay.  Why not?

23   A.    Well, I didn't really plan on staying in West

24   Virginia for that long; and I still had a house in

25   Austin and didn't really want to let go of that feeling

33

```
 1  of being from Austin.
 2      Q.   A lot of people feel that way, judging by the
 3  traffic.
 4           And then so you would have -- you believed
 5  you changed it a couple of times within Austin?
 6      A.   I did.
 7      Q.   And then to Houston in 2015?
 8      A.   Yes.
 9      Q.   Okay.  When you moved from -- when you moved to
10  Blacksburg for -- for college, do you remember where --
11  you said that -- you already said the Virginia DMV when
12  you moved to Blacksburg, right?
13           MS. STEVENS:  Objection, form.
14      Q.   (BY MS. MACKIN)  Sorry, I just don't remember
15  if you testified to that or not.
16      A.   I don't know if I ever visited the Blacksburg
17  DMV, though.  So I'm not exactly sure how I changed that
18  address.
19      Q.   Okay.  That's fine.
20           And then when you moved to Austin, do you
21  remember how you initially signed up to register when
22  you first moved?
23      A.   I thought I did, but now I'm doubting that
24  recollection.
25      Q.   I understand.  I'll try to build that into my
```

62

1  when changing his address online at

2  www.txdps.state.tx.us.

3          That attempt to update voter registration

4  information, what is that referring to?

5     A.   To update my voter address from Travis County

6  to Harris County.

7     Q.   Okay.  And the next paragraph, I just want to

8  go through this bit by bit to get a little bit more

9  information about the -- the facts in here.

10    A.   Okay.

11    Q.   So the first sentence:  "Mr. Woods moved from

12  Travis County to Harris County in June 2015."

13          That's actually, though, referring to --

14  you physically moved from Morgantown, but you -- your

15  address registered on your driver license was from

16  Travis to Harris, even though your person was from West

17  Virginia to Harris; is that right?

18    A.   Yes.

19    Q.   Okay.

20    A.   I mean, I spent a lot of time in Austin --

21    Q.   Yeah.  And I'm not --

22    A.   -- even when I was in Morgantown.

23    Q.   I'm not saying that you were, like, lying or

24  trying to trick anybody.  I just want it to be clear in

25  the record because I was a little bit confused when I

77

1 elections, Texas, those types of keywords.  And I knew

2 this -- I knew I had posted this.  So I knew to look for

3 it.

4     Q.   All right.  So let's start where it says:

5 "First, Travis County sends my absentee ballot to my

6 HOME," open paren, "Austin," close paren, "address

7 instead of where I'm temporarily living."

8              What do you mean by that?

9     A.   I still considered Austin to be home, even when

10 I was living in Morgantown.

11     Q.   So you had requested an absentee ballot be sent

12 to you in Morgantown, but you didn't receive one?

13              MS. STEVENS:  Object to the form.

14     Q.   (BY MS. MACKIN)  Yeah, I'm just trying --

15 explain to me what you're talking about in this

16 sentence.

17     A.   I had requested a mail-in ballot.

18     Q.   Okay.

19     A.   And I had requested that it be mailed to my

20 Morgantown address at the time; but instead, they mailed

21 it to my Austin address.  And I called them and asked

22 where it was because I realized it was missing a few

23 days before the election and they promised to overnight

24 me a new one that would get there in time for me to fill

25 it out and overnight it back, but they sent it regular

```
 1  STATE OF TEXAS
    COUNTY OF HARRIS
 2                   REPORTER'S CERTIFICATE

 3      I, Dana Richardson, a Certified Shorthand Reporter

 4  in and for the State of Texas, do certify that this

 5  deposition transcript is a true record of the testimony

 6  given by the witness named herein, after said witness

 7  was duly sworn by me.  The witness was requested to

 8  review the deposition.

 9      I further certify that I am neither attorney or

10  counsel for, related to, nor employed by any parties to

11  the action in which this testimony is taken and,

12  further, that I am not a relative or employee of any

13  counsel employed by the parties hereto or financially

14  interested in the action.

15      I further certify that the amount of time used by
    each party at the deposition is as follows:
16
            Ms. Anne Marie Mackin - 02:05
17          Ms. Beth Stevens - 00:00

18      SUBSCRIBED AND SWORN TO under my hand and seal of
    office on this the 19th day of May, 2017
19

20  _____

21          Dana Richardson, RPR, TX CSR
            Integrity Legal Support Solutions
22          3100 W. Slaughter Lane, Suite A-101
            Austin, Texas 78748
23          (512) 320-8690
            (512) 320-8692 (fax)
24

25
```

# EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JARROD STRINGER, et al.,

                Plaintiffs,

v.

ROLANDO PABLOS, IN HIS OFFICIAL
CAPACITY AS THE TEXAS SECRETARY
OF STATE and STEVEN C. McCRAW, IN
HIS OFFICIAL CAPACITY AS THE
DIRECTOR OF THE TEXAS
DEPARTMENT OF PUBLIC SAFETY,

                Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§

C.A. 5:16-cv-00257-OLG

## AFFIDAVIT OF JARROD STRINGER

STATE OF Texas          §
                            §
COUNTY OF Bexar     §

After being duly sworn, Jarrod Stringer did upon oath, say:

1. "My name is Jarrod Stringer. I am of sound mind, capable of making this affidavit, over the age of 18, and personally acquainted with the facts stated in it, which are true and correct.

2. I plan to continue transacting online with Department of Public Safety ("DPS") in the future whenever I am required to renew or change the address on my driver's license and am eligible to do so.

3. Although I do not plan to attempt to update my voter registration through an online transaction with DPS because Defendants will not allow me to update my voter registration through an online transaction with DPS, should Defendants decide or be compelled to allow online transactions with DPS to serve as voter registration applications, I will update my voter registration information in this manner.

1

APPENDIX 16

4. I, Jarrod Stringer, under pains and penalties of perjury under the laws of the United States of America, swear I am capable of making this declaration and that the foregoing statement is true and correct to the best of my knowledge."

Jarrod Stringer

7-20-17

Date

SWORN TO and SUBSCRIBED before me on this the 20th day of July 2017, 2017, in witness whereof I put my signature and seal of office.

Notary Public, State of Texas

My commission expires 11-21-2017

Dated: July 20th, 2017

YOLANDA RODRIGUEZ
Notary Public, State of Texas
Comm. Expires 11-21-2017
Notary ID 129633976

2

APPENDIX 17

# EXHIBIT 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JARROD STRINGER, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. 5:16-cv-00257-OLG |
| | § | |
| ROLANDO PABLOS, IN HIS OFFICIAL | § | |
| CAPACITY AS THE TEXAS SECRETARY | § | |
| OF STATE and STEVEN C. McCRAW, IN | § | |
| HIS OFFICIAL CAPACITY AS THE | § | |
| DIRECTOR OF THE TEXAS | § | |
| DEPARTMENT OF PUBLIC SAFETY, | § | |
| Defendants. | § | |

## AFFIDAVIT OF BENJAMIN HERNANDEZ

| | |
|---|---|
| STATE OF Texas | § |
| | § |
| COUNTY OF Dallas | § |

After being duly sworn, Benjamin Hernandez did upon oath, say:

1. "My name is Benjamin Hernandez. I am of sound mind, capable of making this affidavit, over the age of 18, and personally acquainted with the facts stated in it, which are true and correct.

2. I plan to continue transacting online with Department of Public Safety ("DPS") in the future whenever I am required to renew or change the address on my driver's license and am eligible to do so.

3. Although I do not plan to attempt to update my voter registration through an online transaction with DPS because Defendants will not allow me to update my voter registration through an online transaction with DPS, should Defendants decide or be compelled to allow

1

online transactions with DPS to serve as voter registration applications, I will update my voter registration information in this manner.

4.  I, Benjamin Hernandez, under pains and penalties of perjury under the laws of the United States of America, swear I am capable of making this declaration and that the foregoing statement is true and correct to the best of my knowledge."

_Benjamin Hernandez_
Benjamin Hernandez

_July 17, 2017_
Date

SWORN TO and SUBSCRIBED before me on this the 17TH day of _July_ 2017, in witness whereof I put my signature and seal of office.



_Notary Public, State of Texas_
Notary Public, State of Texas

My commission expires  01/21/2018

Dated: July 17, 2017



APPENDIX 20

# EXHIBIT 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JARROD STRINGER, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. 5:16-cv-00257-OLG |
| | § | |
| ROLANDO PABLOS, IN HIS OFFICIAL | § | |
| CAPACITY AS THE TEXAS SECRETARY | § | |
| OF STATE and STEVEN C. McCRAW, IN | § | |
| HIS OFFICIAL CAPACITY AS THE | § | |
| DIRECTOR OF THE TEXAS | § | |
| DEPARTMENT OF PUBLIC SAFETY, | § | |
| Defendants. | § | |

## **AFFIDAVIT OF JOHN WOODS**

| | |
|---|---|
| STATE OF Texas | § |
| | § |
| COUNTY OF Harris | § |

After being duly sworn, John Woods did upon oath, say:

1. "My name is John Woods. I am of sound mind, capable of making this affidavit, over the age of 18, and personally acquainted with the facts stated in it, which are true and correct.

2. I plan to continue transacting online with Department of Public Safety ("DPS") in the future whenever I am required to renew or change the address on my driver's license and am eligible to do so.

3. Although I do not plan to attempt to update my voter registration through an online transaction with DPS because Defendants will not allow me to update my voter registration through an online transaction with DPS, should Defendants decide or be compelled to allow online transactions with DPS to serve as voter registration applications, I will update my voter registration information in this manner.

APPENDIX 22

4. I, John Woods, under pains and penalties of perjury under the laws of the United States of America, swear I am capable of making this declaration and that the foregoing statement is true and correct to the best of my knowledge."

_____

John Woods

7/19/2017
_____
Date

SWORN TO and SUBSCRIBED before me on this the 19 day of July,
2017, in witness whereof I put my signature and seal of office.

_____
Notary Public, State of Texas

My commission expires   3-9-2019

Dated: July 19, 2017



GLORIA LANDA
Notary Public
STATE OF TEXAS
My Comm. Exp. March 9, 2019

2

APPENDIX 23

# EXHIBIT 5

EXHIBIT

34

| 2016 Original, renewal, duplicate and modification issuances for DLs and IDs | | percentage | Average Daily (250 days per year) |
|---|---|---|---|
| Field: | 5,448,223 | 77% | 21,793 |
| TOL Web: | 1,448,941 | 21% | 5,796 |
| TOL IVR: | 64,130 | 1% | 257 |
| Mail*: | 85,231 | 1% | 341 |
| total | 7,046,525 | | |

*total DL-64's processed in 2016:  5,690

**Voter Portal Election 2016 Cumulative Details** - 10/20/2016 through 11/21/2016
**(Includes Early Voting)**

| Grand Total Submitted | 19,410 |
|---|---|
| Total answered NO | 6,452 |
| Total answered YES | 5,145 |
| Total answered ONLINE | 6365 |
| Total answered UTLR (Unable to locate record) | 1,117 |
| Total answered IP-Both | 53 |
| Total answered IP-Neither | 278 |
| | |
| 701 Inbox Emails Received | 99 |
| 701 Inbox Documents provided | 166 |
| | |

| | |
|---|---|
| average daily update SOS file | 16,290 |
| average weekly update file (provided to 86 entities) | 77,623 |

range for voter registration extract 4-6,000

APPENDIX 25

# EXHIBIT 6

Page 1

1            IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TEXAS
2                  SAN ANTONIO DIVISION

3    JARROD STRINGER, ET AL.,    *
                                 *
4        Plaintiffs,             *
                                 *
5    VS.                         * CIVIL ACTION
                                 *
6    ROLANDO PABLOS, IN HIS      * NO.: 5:16-cv-00257-OLG
     OFFICIAL CAPACITY AS THE    *
7    TEXAS SECRETARY OF STATE    *     **CERTIFIED
     and STEVEN C. MCCRAW, IN    *      TRANSCRIPT**
8    HIS OFFICIAL CAPACITY AS    *
     THE DIRECTOR OF THE TEXAS   *
9    DEPARTMENT OF PUBLIC        *
     SAFETY,                     *
10                               *
         Defendants.             *
11

12   ********************************************************

13            ORAL AND VIDEOTAPED DEPOSITION OF

14                     SHERI GIPSON

15        DEPARTMENT OF PUBLIC SAFETY'S 30(b)(6)

16                   MARCH 7TH, 2017

17   ********************************************************

18            ORAL AND VIDEOTAPED DEPOSITION OF SHERI

19   GIPSON, produced as a witness at the instance of the

20   PLAINTIFFS, and duly sworn, was taken in the

21   above-styled and numbered cause on the 7th of March,

22   2017, from 9:36 a.m. to 6:15 p.m., before Tammy Staggs,

23   CSR in and for the State of Texas, reported by machine

24   shorthand, at the offices of Texas Attorney General's

25   Office, 300 West 15th Street, 11th Floor, Austin, Texas,



Page 2

1   pursuant to the Federal Rules of Civil Procedure and the
2   provisions stated on the record or attached hereto.
3   That the deposition shall be read and signed under
4   penalties of perjury.  That the deposition shall be read
5   and signed before any notary public.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 3

1          A P P E A R A N C E S
2   FOR THE PLAINTIFF, JARROD STRINGER:
3       Cassandra Champion, Esq.
        TEXAS CIVIL RIGHTS PROJECT
4       1405 Montopolis Drive
        Austin, Texas  78741
5       512.474.5073
        champion@texascivilrighsproject.org
6
7   FOR THE PLAINTIFF, JOHN FRITZ:
8       Beth Stevens, Esq.
        TEXAS CIVIL RIGHTS PROJECT
9       1405 Montopolis Drive
        Austin, Texas  78741
10      512.474.5073
        stevens@texascivilrighsproject.org
11
12   FOR THE PLAINTIFF, BENJAMIN HERNANDEZ:
13       Caitlyn Elizabeth Silhan, Esq.
         WATERS & KRAUS, L.L.P.
14       3141 Hood Street
         Suite 700
15       Dallas, Texas  75219
         214.357.6244
16       csilhan@waterskraus.com
17
18   FOR THE DEFENDANTS:
         Anna M. Mackin, Esq.
19       Esteban Soto, Esq.
         ATTORNEY GENERAL'S OFFICE
20       300 West 15th Street
         Floor 11
21       Austin, Texas  78711
         512.463.2120
22       anna.mackin@oag.texas.gov
         esteban.soto@oag.texas.gov
23   Kathleen T. Murphy, Esq.
         TEXAS DEPARTMENT OF PUBLIC SAFETY
24       5805 North Lamar
         Austin, Texas  78752
25       512.424.2890
             Kathleen.murphy@dps.texas.gov

Page 4

1          A P P E A R A N C E S
2   ALSO PRESENT:
3       Justin Talbot - Videographer
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 5

1                      INDEX
                                           PAGE
2   Appearances.....................................   3
3   Exhibit List....................................   6
4   Stipulations....................................  --
5   SHERI GIPSON:
6       EXAMINATION BY MS. CHAMPION...............   11
7       EXAMINATION BY MS. STEVENS...............  199
8       EXAMINATION BY MS. SILHAN...............  215
9       EXAMINATION BY MS. MACKIN................  216
10      FURTHER EXAMINATION BY MS. SILHAN.........  222
11
12   Signature and Changes..........................  234
13
14   Reporter's Certificate.........................  237
15
16
17          REQUESTED DOCUMENTS/INFORMATION
18                 (None)
19
20             CERTIFIED QUESTIONS
21                 (None)
22
23
24
25



**hglitigation.com**

APPENDIX 28

Page 6

| | NO. | DESCRIPTION | PAGE |
|---|---|---|---|
| 1 | | EXHIBITS | |
| 2 | NO. | DESCRIPTION | PAGE |
| 3 | 1 | Plaintiffs' Fourth Amended Notice of | |
| 4 | | Deposition of Defendant Stephen C. | |
| 5 | | McCraw, in his official capacity as the | |
| 6 | | Director of Texas Department of Public | |
| 7 | | Safety, pursuant to Federal Rule of Civil | |
| 8 | | Procedure 30(b)(6)...................... | 14 |
| 9 | 2 | Defendants' Deposition Topic Designations | |
| 10 | | and Objection to Corporate Representative | |
| 11 | | Topics Under Federal Rule of Civil | |
| 12 | | Procedure 3il(b)(6)..................... | 15 |
| 13 | 3A | List of projects scheduled to occur | |
| 14 | | through 2019........................... | 16 |
| 15 | 3B | List of the changes that have been made | |
| 16 | | to the driver license system since 2012.. | 19 |
| 17 | 3C | Use Case Specification:  Process | |
| 18 | | Authentication Request................. | 34 |
| 19 | 3D | Use Case Specification: Process DL | |
| 20 | | Duplicates/Renewals Application File..... | 40 |
| 21 | 3E | Use Case Specification: Create Daily | |
| 22 | | Update File For SOS.................... | 41 |
| 23 | 3F | Use Case Specification: Create Voter | |
| 24 | | Registration Extract File.............. | 43 |
| 25 | | | |

Page 7

| | | | |
|---|---|---|---|
| 1 | 3G | Module 10A: Class C and M Renewal Age 18 | |
| 2 | | and Above, Customer Operations Handbook.. | 44 |
| 3 | 3H | Screenshots............................ | 45 |
| 4 | 3I | Module 6: Driver License Forms, | |
| 5 | | Introduction to Common Non-CDL Forms, | |
| 6 | | Customer Operations Handbook........... | 45 |
| 7 | 3J | DL-64 Manual Address Change Processing... | 46 |
| 8 | 3K | Texas Secretary of State Voter Inquiry | |
| 9 | | Portal................................. | 48 |
| 10 | 3L | Voter registration paper application | |
| 11 | | postcard............................... | 49 |
| 12 | 3M | Texas Driver License and ID Card Renewal | |
| 13 | | Notice................................. | 53 |
| 14 | 3N | Texas Commercial Driver License | |
| 15 | | Application............................ | 56 |
| 16 | 3O | Application for Renewal/Replacement of a | |
| 17 | | Texas Driver License or Identification | |
| 18 | | Card................................... | 58 |
| 19 | 3P | Application for Texas Driver License or | |
| 20 | | Identification Card as Exhibit.......... | 59 |
| 21 | 3Q | Application for Change of Address on | |
| 22 | | Valid Texas Driver License and | |
| 23 | | Identification Card.................... | 59 |
| 24 | | | |
| 25 | | | |

Page 8

| | | | |
|---|---|---|---|
| 1 | 3R | Application for Change of Address on | |
| 2 | | Valid Texas Driver License and | |
| 3 | | Identification Card.................... | 59 |
| 4 | 3S | Screenshots............................ | 60 |
| 5 | 3T | Screenshots............................ | 61 |
| 6 | 3U | Texas Department of Public Safety | |
| 7 | | Driver's License/ID Card Renewal IVR | |
| 8 | | Script, confidential.................. | 61 |
| 9 | 3V | Driver's License Renewal Receipt and | |
| 10 | | Temporary License..................... | 62 |
| 11 | 3W | Document titled: Texas Department of | |
| 12 | | Public Safety Temporary Identification | |
| 13 | | Card................................... | 62 |
| 14 | 3X | Letter dated July 22nd, 2016.......... | 62 |
| 15 | 3Y | 2016 Original, Renewal, Duplicate and | |
| 16 | | Modification Issuances for Driver License | |
| 17 | | and IDs................................ | 63 |
| 18 | 4 | Organizational chart.................... | 65 |
| 19 | 5 | Application Requirements................ | 82 |
| 20 | 6 | Letter dated September 9th, 2015........ | 113 |
| 21 | 7 | E-mails between Brenda Hester and Kelly | |
| 22 | | Walton, dated 11/5/12.  Subject: Voting.. | 129 |
| 23 | 8 | Voter inquiry checklist................. | 134 |
| 24 | 9 | DR-64 forms processed in fiscal year 2014 | |
| 25 | | and 2015............................... | 148 |

Page 9

| | | | |
|---|---|---|---|
| 1 | 10 | E-mail string between Sara Sandeen and | |
| 2 | | Shea Burch, among others, dated October | |
| 3 | | 2013.  Subject: Other DL.  Confidential.. | 151 |
| 4 | 11 | E-mail strong between Rebekah Hibbs and | |
| 5 | | Sheri Gipson, among others, dated 8/3/16. | |
| 6 | | Subject: DL/ID Renewal - Voter | |
| 7 | | Registration INC 2397.................. | 154 |
| 8 | 12 | E-mail from Beva Kellison to Betsy | |
| 9 | | Schonhoff, dated 11/27/13.  Subject: DPS | |
| 10 | | - Online Registration Attempt, with | |
| 11 | | attachment, Confidential............... | 156 |
| 12 | 13 | DPS Module 17C Customer, Operations | |
| 13 | | Handbook............................... | 169 |
| 14 | D1 | Plaintiffs' Third Amended Notice of | |
| 15 | | Deposition of Defendant Steven C. McCraw | |
| 16 | | in his Official Capacity as the Director | |
| 17 | | of the Texas Department of Public Safety | |
| 18 | | Pursuant to Fed. R. CIV. P 30(b)(6)...... | 216 |



STRINGER: SHERI GIPSON

Page 10

```
 1              P R O C E E D I N G S
 2           THE VIDEOGRAPHER:  Today is Tuesday March
 3    7th, 2017.  It is approximately 9:36 a.m.  I am -- we
 4    are at the Texas Attorney's General Office at 300 West
 5    15th Street, Austin, Texas 78701.
 6              My name is Justin Talbot, video
 7    specialist of Legal Eyes, Incorporated out of Aubrey,
 8    Texas.  This case, Cause No. 5:16-CV-00257-OLG entitled
 9    Jarrod Stringer, et al. vs. Rolando B. Pablos, et al.
10    And this is Volume 2 of the deposition of Sheri Gipson.
11    Video -- this video deposition was requested by the
12    Plaintiffs' counsel at Waters Kraus & Paul.
13              Will counsel and all present please
14    identify yourselves for the record.
15              MS. CHAMPION:  Cassandra Champion with
16    the Texas Civil Rights Project appearing on behalf of
17    Plaintiff Jarrod Stringer.
18              MS. SILHAN:  Caitlyn Silhan on behalf of
19    the Plaintiffs from Waters & Kraus, appearing on behalf
20    of Benjamin Hernandez.
21              MS. STEVENS:  Beth Stevens from the Texas
22    Civil Rights Project appearing on behalf of John Fritz.
23              MR. SOTO:  Esteban Soto with the Attorney
24    General's Office on behalf of Defendants.
25              MS. MURPHY:  Kathleen Murphy, Texas
```

Page 11

```
 1    Department of Pubic Safety's Office of General Counsel.
 2              MS. MACKIN:  Anna Mackin, Texas Office of
 3    Attorney General, on behalf of the Defendants.
 4              I would also like to ask a question on
 5    the record.  Are we in Volume 2 of Sheri Gipson's
 6    deposition or are we in the 30(b)(6) deposition of the
 7    Department of Public Safety?
 8              MS. CHAMPION:  30(b)(6) of the Department
 9    of Public Safety.
10              MS. MACKIN:  Okay.  That's what I
11    thought.
12              THE VIDEOGRAPHER:  I'm sorry.
13              MS. MACKIN:  That's okay.
14              THE VIDEOGRAPHER:  I had the wrong
15    information.
16              MS. MACKIN:  That's okay.  I just wanted
17    to make it clear on the record.
18              MS. CHAMPION:  Thank you.
19                       SHERI GIPSON,
20    Having been first duly sworn, testified as follows:
21                       EXAMINATION
22    BY MS. CHAMPION:
23         Q.   Thank you.
24              Would you please state and spell your
25    full name for the record?
```

Page 12

```
 1         A.   Sheri Gipson, S-H-E-R-I, G-I-P-S-O-N.
 2         Q.   Thank you.
 3              I know you have been deposed before in
 4    this case in your individual capacity, but I would just
 5    like to review the rules of depositions with you, if
 6    that's okay.
 7         A.   Okay.
 8         Q.   Remember, one of the most important things is
 9    that only one of us talk at a time.  I will try to let
10    you completely finish answering a question before asking
11    a new one.  And if you'll let me completely finish the
12    question, that really helps the court reporter.  Is that
13    okay?
14         A.   Yes.
15         Q.   And remember to give verbal answers, "yes" and
16    "no" rather than "uh-huh" and "uh-uh."
17              If you don't understand a question,
18    please let me know; otherwise, if you don't tell me that
19    you haven't understood something, I will assume that you
20    have understood and that the answer you gave was the
21    answer you intended to give.  Does that all make sense?
22         A.   Yes.
23         Q.   Okay.  Do you understand that you're under
24    oath here today?
25         A.   Yes.
```

Page 13

```
 1         Q.   And are you aware how this deposition is
 2    slightly different from the one you gave in your
 3    individual capacity?
 4         A.   Yes.
 5         Q.   So you are here today as a representative of
 6    the Department of Public Safety; is that correct?
 7         A.   Correct.
 8         Q.   And you've been authorized by the republic of
 9    partment -- Department of Public Safety to appear on
10    their behalf and give testimony for the Department
11    today; is that right?
12         A.   Correct.
13         Q.   Do you understand that the Department of
14    Public Safety, or DPS, is bound by the testimony that
15    you give as a representative in this matter?
16         A.   Yes.
17         Q.   And do you understand that, unless I say
18    otherwise, I'm not asking for your personal opinions;
19    but instead, I'm asking for the answer that reflects the
20    position of DPS and their subjective beliefs and
21    opinions.
22         A.   Correct.
23         Q.   Is that clear?
24              Have you ever testified as a DPS
25    representative before?
```



**hglitigation.com**

APPENDIX 30

STRINGER: SHERI GIPSON

Page 138

1  that's not part of the information that's provided to us
2  from the online transaction.
3      Q.   Yeah, why is that not provided for an online
4  transaction?
5      A.   Because that is not -- the voter registration
6  question is not a detail that's provided back to the
7  department from the online transaction.
8      Q.   Why?
9      A.   Because it's not part of the process.  When
10 they select yes, that provides them the link and they go
11 to their link to the Secretary of State where they can
12 download, sign, and complete the application.
13     Q.   I understand it's -- it's not part of the
14 process, but why, according to DPS, do they not complete
15 that for the online transaction?
16          MS. MACKIN:  Objection, form.
17          You can answer.
18     A.   I'm not sure what else I can say other than
19 that's not part of the approved plan and process for the
20 voter registration question for the online process.  The
21 information is not contained in DLS, so therefore we're
22 unable to provide it.  If their last transaction was an
23 online, there -- there's no information that's provided
24 back to DLS regarding voter registration so there's no
25 way we could provide that through the portal.

Page 139

1      Q.   (BY MS. CHAMPION)  If no document is available
2  for a Web -- for an online driver license renewal, how
3  do they know that it was found online?
4      A.   There's a transaction history within the
5  driver license system that indicates each transaction
6  and what the method of that transaction was.  And it
7  indicates that it was a TOL Web or TOL IVR.  And because
8  that's a completely electronic process, there is no
9  document related to that.
10         So when you go into the driver license
11 office, you complete a form, you sign it, and that's
12 scanned in so we have a document.  But for the online,
13 it's completely automated.  There is no document that is
14 submitted by the customer.
15     Q.   If you look back to Exhibit 8, it's different
16 than Exhibit 3K in that the last section on Exhibit 8
17 says, (as read):  Exception for Williamson County voter
18 inquiries.
19         Why is there an exception for Williamson
20 County?
21     A.   That would -- would have been an agreement
22 because Williamson County had requested the actual
23 documents instead of just using the Web portal.  And so
24 they used the 701-inbox to request the documents.
25     Q.   And now every county can request the actual

Page 140

1  document using that e-mail inbox?
2      A.   If -- if they require the actual document,
3  yes.
4      Q.   Do many counties, other than Williamson, now
5  use the actual document?
6      A.   I don't have the actual county information.
7  The number of individuals that use that is relatively
8  low.  There were -- in the 2016 election process -- and
9  I'm looking at the stat sheet that I gave you at the
10 end -- there was 99 requests for documents that came
11 from the e-mail box.
12     Q.   Okay.  Let's look at -- when you said what you
13 gave me earlier, that's Exhibit 3Y, correct?
14     A.   Uh-huh, yes.
15     Q.   Let's look at that now.  What statistic did
16 you just point out?
17     A.   The 701 e-mail inbox, e-mails received.
18     Q.   Uh-huh.
19     A.   That's the ones where they requested specific
20 documents.
21     Q.   Okay.
22     A.   And then the documents provided -- so of those
23 inquiries, they provided a total of 166 documents.
24     Q.   Okay.  Is this document just for the year of
25 2016?

Page 141

1      A.   This is just for that time period that's noted
2  above the 10/20/2016 through 11/21/2016.
3      Q.   Can you just walk me through some of these
4  fields?  What is -- what is the field with over 5
5  million?  What does that mean?
6      A.   Okay.  Up at the very top?
7      Q.   Uh-huh.
8      A.   So this is based off the 2016 original renewal
9  duplicate modification issuances for DL and ID.  So in
10 2016 we issued -- there were five hun- -- 5,448,223
11 transactions completed in the driver license offices.
12 In the -- on TOL Web there was 1,448,941.  TOL/IVR,
13 there was 64,130.  Through the mail, there was 85,231.
14 For a total of 7,046,525 transactions for the -- 2016.
15     Q.   In the chart underneath that, does that
16 reflect how many inquiries were researched through the
17 Web portal?
18     A.   Correct.  The middle portion where it says
19 voter porter election -- voter portal election 2016
20 cumulative details, that is the portal inquiries that
21 they processed during that time period of October 20th
22 through November 21st of 2016.
23     Q.   Okay.  So that's about a month's time,
24 correct?
25     A.   Correct.



STRINGER: SHERI GIPSON

Page 202

1    A.   Uh-huh.
2    Q.   Okay.
3    A.   Yes.  I'm sorry.
4    Q.   Thank you.
5              You -- you indicated that the decision
6  was made to modify the in-office -- the way the
7  in-office process would work for the voter registration
8  question, and that the decision was made not to modify
9  the online version of that.  Is that --
10   A.   Correct.
11   Q.   Okay.  Can you tell me why -- or please tell
12 me why the decision was made not to modify the online
13 transaction.
14   A.   The decision was made based on discussions
15 that were -- that occurred.  I was not provided any
16 documentations that outlined those discussions.  But the
17 creation of the new file was conversations that were
18 held with Secretary of State and what would be included
19 in that file.
20   Q.   You say creation of new file.  You're talking
21 about the voter registration daily file --
22   A.   Extract, correct.
23   Q.   Sitting here today, as the representative of
24 DPS for 30(b)(6) on -- on the policy and procedures
25 surrounding this issue, can you tell me why the decision

Page 203

1  was made not to modify the -- the online voter
2  registration part?
3    A.   It is -- it is my understanding that the
4  decision was made based on requirements for voter
5  registration, and the requirements required -- it makes
6  it sound funny -- the requirements of having a signature
7  at the time of application.
8    Q.   So -- so drilling down from that, you said
9  based on the requirements for voter registration.  And
10 particularly, you're saying based on the requirement for
11 a signature for the voter --
12   A.   Right.
13   Q.   -- registration; is that --
14   A.   Right.  The -- the information provided is
15 that Texas statute does not allow for online voter --
16 voter registration.  It requires a signature with the
17 application.  And for the online process, we are not
18 collecting a new signature as part of that process.
19   Q.   I want to see if I can under-- -- understand
20 this fully.  So the -- the signature that is sent for an
21 in-person transaction where someone answers "yes" to the
22 voter registration question and -- and similarly when
23 someone changes their address -- excuse me -- address
24 via the mail, the signature that's sent for both of
25 those voter registration applications, that's the

Page 204

1  electronic signature; is that right?
2    A.   That is correct.
3    Q.   And that's sent to the Secretary of State?
4    A.   That is correct.
5    Q.   Okay.  The ink signature is never sent to the
6  Secretary of State, correct?
7    A.   That is correct.
8    Q.   Okay.  If you'll look over the Use Case there
9  you have in front of you, staying on the same exhibit,
10 would you confirm for me that the information regarding
11 the -- well, let me rephrase that.  The information
12 that's provided by a customer in an online transaction
13 with DPS -- you'll agree with me that there's
14 information provided by the customer in those
15 transactions?
16   A.   Correct.
17   Q.   Okay.  The -- looking through the use space,
18 is the only information that's provided by the customer
19 that's not transferred from Texas.gov to DLS the answer
20 to the voter registration question?
21   A.   That's correct.
22   Q.   Turn to me -- turn with me -- excuse me -- to
23 page 9 where it talks about business rules.
24   A.   Okay.
25   Q.   Do you see that?

Page 205

1    A.   Yes.
2    Q.   Okay.  Under the Business Rule 1.1.10 heading,
3  there's Selective Service and DRP, is that right, as
4  kind of subheadings under there?
5    A.   Yes.
6    Q.   Okay.  I want -- I just want to make sure I
7  understand the Use Case correctly.  Under Selective
8  Service if -- if -- if the field is marked "yes" for
9  selective service, then certain information is sent by
10 DLS to some other entity; is that right?
11   A.   Correct.
12   Q.   Okay.  And who -- who -- to whom is that
13 information sent?
14   A.   So the -- the system creates a file that is
15 sent to Selective Service that includes any males that
16 fall within the age range of registration.  So prior to,
17 when Selective Service first began, the person -- the
18 customer could elect whether or not that was sent.
19 Under current statute, we send any male that meets the
20 criteria to the Selective Service.
21   Q.   Okay.  And that -- that -- this is -- the DL
22 is programmed to do this once a person is determined to
23 meet the requirements for Selective Service, DLS
24 automatically sends that information in -- in an update
25 file to Selective Service?



STRINGER: SHERI GIPSON

Page 238

1    That pursuant to information given to the
2  deposition officer at the time said testimony was taken,
3  the following includes counsel for all parties of
4  record:
5         FOR THE PLAINTIFF, JARROD STRINGER:
6         Cassandra Champion, Esq.
7
8         FOR THE PLAINTIFF, JOHN FRITZ:
9         Beth Stevens, Esq.
10
11        FOR THE PLAINTIFF, BENJAMIN
12        HERNANDEZ:
13        Caitlyn Elizabeth Silhan, Esq.
14
15        FOR THE DEFENDANTS:
16        Anna M. Mackin, Esq.
17        Esteban Soto, Esq.
18        Kathleen T. Murphy, Esq.
19
20
21
22
23    That $_____ is the deposition officer's
24  charges to the Plaintiffs for preparing the original
25  deposition transcript and any copies of exhibits;

Page 239

1    I further certify that I am neither counsel
2  for, related to, nor employed by any of the parties or
3  attorneys in the action in which this proceeding was
4  taken, and further that I am not financially or
5  otherwise interested in the outcome of the action.
6    Certified to by me this _____ day of
7  _____, 20____.
8
9
10  _____
    Tammy Lea Staggs
11  CSR  7496
    Expiration Date:  12/31/2017
12  Firm No. Dallas: 69
    1.888.656.DEPO
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 240

1  COUNTY OF _____)
2  STATE OF TEXAS)
3        I hereby certify that the witness was notified
4  on _____ that the witness has 30 days
5  or (____ days per agreement of counsel) after being
6  notified by the officer that the transcript is available
7  for review by the witness and if there are changes in
8  the form or substance to be made, then the witness shall
9  sign a statement reciting such changes and the reasons
10 given by the witness for making them;
11       That the witness' signature was/was not
12 returned as of _____, 20____.
13       Subscribed and sworn to on this, the _____ day
14 of _____, 20____.
15
16
17  _____
    Tammy Lea Staggs
18  CSR  7496
    Expiration Date:  12/31/2017
19  Firm No. Dallas: 69
    1.888.656.DEPO
20
21
22
23
24
25

hglitigation.com



APPENDIX 33