UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

NOV 1 4 2017

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

| | |
|---|---|
| JARROD STRINGER, et. al. | ) |
| | ) |
| | ) |
| v. | )   CIVIL NO. SA-16-CA-257-OG |
| | ) |
| ROLANDO PABLOS, in his official | ) |
| capacity as Texas Secretary of State | ) |
| and STEVEN C. McCRAW, in his official | ) |
| capacity as Director of the Texas Department | ) |
| of Public Safety | ) |

## O R D E R

Pending before the Court is Defendants' Motion to Exclude Testimony of Plaintiffs' Expert Dr. Eitan Hersh (Dkt. no. 67). Plaintiffs have filed a response thereto (Dkt. no. 70). After reviewing the motion, response, and the applicable law, the Court finds that Defendants' motion should be denied.

Plaintiffs have designated Dr. Eitan Hersh as a testifying expert witness and he is expected to provide testimony on voter registration systems, the deficiencies in Texas' system, how it could be changed, and whether there are any legitimate barriers to change. Defendants do not challenge the expert's qualifications.[1] But they assert that Dr. Hersh's expert testimony should not be allowed because a few noted statements are irrelevant, constitute a legal opinion, and/or lack a reliable foundation. The Court has reviewed Dr. Hersh's report and deposition testimony, which is 137 pages long. The motion to exclude is based on a few isolated statements made during deposition

---

[1]Dr. Hersh has served as a testifying expert in other NVRA cases and also served as a consulting expert in two cases involving Texas's voter ID law. Docket no. 70, p. 2 n. 2.

which do not fairly represent the nature of his testimony.[2]

Rule 702, Federal Rules of Evidence, governs the admissibility of expert testimony. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993), the Supreme Court instructed that district courts are to perform a "gatekeeping" role concerning the admission of expert testimony to protect the jury. The Court notes that this is a bench trial and a judge, not a jury, will be the trier of fact. The Court is not faced with the same concerns expressed in the *Daubert* and *Kumho Tire* line of cases because it will not have to function as a gatekeeper for a jury. *See Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000)("Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury"); *see also Whitehouse Hotel L.P. v. IRS Commissioner*, 615 F.3d 321, 330 (5th Cir. 2010)("there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence.").[3] While the Court cannot simply abandon its duty to scrutinize expert testimony under *Daubert*, bench trials allow far greater flexibility to hear the testimony at trial and then give the evidence whatever weight it deserves. *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F.Supp.2d 1011, 1042 (N.D. Ill. 2003)(J. Posner, sitting by designation). District courts routinely take this approach, which allows the evidence to be presented in the context of trial, "where a full foundation, vigorous cross-

---

[2]It is noteworthy that the statements were made in response to defense counsel's questions. It appears that defense counsel baited the witness and then challenged his testimony based on his attempt to respond to the questions.

[3]*Accord Oklahoma v. Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009)("while *Daubert*'s standards must still be met, the usual concerns regarding unreliable expert testimony reaching a jury obviously do not arise when a district court is conducting a bench trial"); *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006)("Where the gatekeeper and the factfinder are one and the same – that is, the judge – the need to make such decisions prior to hearing the testimony is lessened"); *Deal v. Hamilton Co. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004)("The 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial"); *United States v. Brown*, 415 F.3d 1257, 1268-69 (11th Cir. 2005)("Those barriers [to opinion testimony] are even more relaxed in a bench trial situation"); *Seaboard Lumber Co. v. United States*, 308 F.3d 1283, 1301 (Fed. Cir. 2002)("these concerns are of lesser import in a bench trial").

examination, and the presentation of contrary evidence can more fully enlighten the Court with regard to the value of an expert's opinion." *In re Sunpoint Securities, Inc.*, 2006 WL 6650385 *1 (Bkrtcy. E.D. Tex. Sept. 26, 2006).[4]

An expert opinion "is not objectionable just because it embraces an ultimate issue" to be decided by the trier of fact. Fed.R.Evid. 704(a). However, experts may not offer legal opinions or advise the Court on how the law should be interpreted or applied to the facts in the case. *See Estate of Sowell v. United States*, 198 F.3d 169, 171 (5th Cir. 1999); *see also Askanse v. Fatjo*, 130 F.3d 657, 672-73 (5th Cir. 1997). Expert testimony in the form of legal opinion invades the province of the Court and does not assist the trier of fact. If the expert makes a statement that constitutes a legal opinion, the Court will disregard it. *See, e.g., Enniss*, 916 F.Supp.2d at 714 (motions to exclude denied in other respects, but granted to the extent the experts were offering legal conclusions on how lease provisions should be interpreted by the court); *Rader v. Bruister*, 2013 WL 6805403 *16 (S.D. Miss. Dec. 20, 2013)(expert allowed to testify, but not about whether the defendants met their fiduciary duties, which was a legal conclusion for the court); *Lyondell Chemical Co. v. Albemarle Corp.*, 2007 WL 5527509 *3 (E.D. Tex. March 9, 2007)(allowed expert testimony, except to extent he offered legal opinion on ultimate allocation of remediation costs).

Moreover, the expert's testimony may not fit all the *Daubert* factors, but it does not need to fit those specific factors to be reliable and therefore admissible. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999) (the *Daubert* factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his

---

[4]*Accord Enniss Family Realty I, LLC v. Schneider Nat'l Carriers, Inc.*, 916 F.Supp.2d 702, 713-14 (S.D. Miss. 2013); *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 616 F.Supp.2d 1250, 1256 (M.D. Fla. 2009); *Harris v. Bruister*, 2013 WL 6805155 *18 (S.D. Miss. Dec. 20, 2013); *Clark v. Phi, Inc.*, 2013 WL 5701658*2 (E.D. La. Oct. 18, 2013)*; Nassri v. Inland Dredging Co.*, 2013 WL 256747 *1 (M.D. La. Jan. 23, 2013); *Cordes v. OSG Ship Management UK, Ltd.*, 2013 WL 2355449 *3-4 (E.D. La. May 29, 2013); *In re Katrina Canal Breaches Consol. Litigation*, 2012 WL 4328354 *1 (E.D. La. Sept. 20, 2012); *Wyeth v. Apotex, Inc.*, 2009 WL 8626786 *2 (S.D. Fla. Oct. 6, 2009).

testimony"); *see also Stolt Achievement Ltd., v. Dredge B.E. Lindholm*, 447 F.3d 360, 366 (5th Cir. 2006)("experts may testify on the basis of their own 'personal knowledge or experience.'")(quoting, in part, *Kumho Tire*, 526 U.S. at 149)); *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)("The rules relating to *Daubert* issues are not precisely calibrated and must be applied in case-specific evidentiary circumstances that often defy generalization").  Ultimately, "[w]hether an expert's testimony is reliable is a fact-specific inquiry." *Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004).  To the extent there are any vulnerabilities in Dr. Hersh's testimony, Defendants will have the opportunity to expose them on cross examination.

Dr. Hersh's will use his knowledge and experience to assist the Court, as trier of fact, in understanding the evidence and determining the facts in issue.  This necessarily includes any inferences or deductions that the expert may draw from the information he has received, reviewed, and analyzed.  He may infer or deduce the reasons behind the State's action or inaction as long as he lays a proper foundation for such opinions.   As in all cases, the Court can give the expert's testimony whatever weight it deserves.  Any expert testimony that will "assist the trier of fact to understand the evidence or to determine a fact in issue" meets the relevancy requirement. *Daubert*, 509 U.S. at 589.  The proposed testimony of Dr. Hersh meets this requirement.

It is therefore ORDERED that Defendants' Motion to Exclude Testimony of Dr. Eitan Hersh (Dkt. no. 67) is DENIED.

It is so ORDERED this _____ day of November, 2017.

ORLANDO L. GARCIA
CHIEF U.S. DISTRICT JUDGE