IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JARROD STRINGER, ET AL., <br>    *Plaintiffs,* <br><br> v. <br><br> ROLANDO PABLOS, IN HIS OFFICIAL CAPACITY AS TEXAS SECRETARY OF STATE AND STEVEN C. MCCRAW, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE TEXAS DEPARTMENT OF PUBLIC SAFETY, <br>    *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | NO. 5:16-CV-00257 |

**DEFENDANTS' SUBMISSION REGARDING THE FORM OF JUDGMENT
AND OBJECTIONS TO PLAINTIFFS' PROPOSED FORM OF JUDGMENT**

Plaintiffs' proposed judgment seeks wide-range declaratory and injunctive relief largely untethered to the specific alleged NVRA violations at issue. If adopted, Plaintiffs' proposal would be impermissibly broad, intrude on Texas's constitutional authority to regulate voter-registration procedures, and violate Federal Rule of Procedure 65. Moreover, because of a change in vendors responsible for operating Texas.gov effective September 1, 2018, implementing Plaintiffs' proposal in their suggested timeframe would likely be impossible. Thus, should the Court order changes to online processes to make such processes compliant with the provisions in paragraph 2 of Plaintiffs' proposal judgment, the new vendor could implement them by December 1, 2018— 90 days from the beginning of its contract. Defendants file this advisory to comply with the Court's directive (Doc. 105 at 61) and to identify the legal infirmities in Plaintiffs' proposal. To be clear, Defendants oppose the issuance of any judgment in Plaintiffs' favor. Plaintiffs—who are Texas residents who have been registered to vote in their desired residential addresses during the entire pendency of this suit—have not made the basic showing that they have standing to bring this suit.

Defendants also dispute liability as to the merits of Plaintiffs' claims. Nevertheless, in entering any judgment in this case, it should reject Plaintiffs' proposal because it is not narrowly tailored to comply with the strictures of Rule 65.

### RESPONSE TO PLAINTIFFS' PROPOSED JUDGMENT

Defendants make the following objections to Plaintiffs' proposed judgment. *See* Doc. 106

**A. Plaintiffs have not shown that they are entitled to a judgment in their favor.**

1. Defendants object to Plaintiff's proposed judgment in its entirety because they dispute that Plaintiffs have carried their burden to show that the Court has jurisdiction to enter the requested relief. The undisputed evidence in the record establishes that all three Plaintiffs were registered to vote at their desired addresses during the entire pendency of this suit. *See* Doc. 82 at 16-19 and summary judgment proof cited therein. Moreover, Plaintiffs have not introduced any competent evidence to establish that they likely will experience any similar future injury. To the contrary, Plaintiffs conceded that they will submit a written, signed request the next time they wish to make a change to their voter registration information. *Id.* On this record, Plaintiffs have not established standing or triggered the Court's jurisdiction.

2. Defendants also object to the proposed judgment in its entirety on the basis that Plaintiffs have not established that they are entitled to a judgment in their favor. Rather, Defendants dispute liability for the reasons they have briefed in this cause. *See* Docs. 7, 12, 82, 86, 89.

**B. Plaintiffs' proposed judgment would violate Rule 65 because it is impermissibly vague and overbroad.**

Defendants object to Plaintiffs' proposed judgment as it is impermissibly vague and overbroad. Rule 65 requires an injunction to be "specific in terms; [and] describe in reasonable detail, and not be reference to the complaint or other document, the act or acts sought to be restrained." FED. R. CIV. P. 65(d). This standard has been described as one that requires "that an

ordinary person reading the court's order should be able to ascertain from the document itself *exactly what conduct is proscribed.*" *United States Steel Corp. v. United Mine Workers of Am.*, 519 F.2d 1236, 1246 n. 20 (5th Cir. 1975) (emphasis added). Further, the scope of the relief is limited by the extent of the violation established. "Thus, an injunction is vague if it does not comply with the specificity requirements in in Rule 65(d), and is overbroad if it is not 'narrowly tailor[ed] . . . to remedy the specific action which gives rise to the order' as determined by the substantive law at issue." *Scott v. Schedler*, 826 F.3d 207, 211 (5th Cir. 2016) (per curiam) (quoting *Doe v. Veneman*, 380 F.3d 807, 818 (5th Cir. 2004)). Defendants object to Plaintiffs' proposed judgment as it violates both of these standards.

1. Plaintiffs' proposed injunction exceeds the legal basis of this suit. The allegations in this case relate to whether the State's online system violates Sections of the National Voter Registration Act ("NVRA") §§ 20503, 20504, and/or 20507. *See* Doc. 105 at 60. To be proper under Rule 65, any injunction thus must be narrowly tailored to address those alleged violations. *Scott*, 826 F.3d at 214 (in challenge to Louisiana handling of in-person voting registration transactions, stating that "the district court must make plain that the injunction's scope is limited to Schedler's enforcement of the NVRA as to in-person transactions"). Plaintiffs' proposed injunction goes far beyond the scope of the legal issues before the Court. *See, e.g.,* Doc. 106 at ¶ 3 (catch-all provision enjoining conduct that "otherwise" violates any portion of the NVRA); *id.* ¶ 5 (enjoining conduct related to communication with local voter registrars); *id.* ¶¶ 6-8 (provisions related to broad education plan and monitoring).

2. Plaintiffs' proposed injunction is also overbroad in that it improperly intrudes on Texas's authority to regulate its voter-registration procedures. States are given the authority under the Constitution to choose the time, place, and manner of elections, absent federal law that is

expressly to the contrary. U.S. CONST. art. I, § 4, cl. 1. Texas retains the authority to regulate its own voter-registration processes to the extent those procedures are not mandated by the NVRA or other federal law. Plaintiffs' proposal unnecessarily intrudes on Texas's authority to develop its own NVRA compliant system and fails to display what the Seventh and Ninth Circuits have referred to as "adequate sensitivity to the principles of federalism." *Voting Rights Coal. v. Wilson*, 60 F.3d 1411, 1416 (9th Cir. 1995); *Ass'n of Cmty. Orgs. For Reform Now (ACORN) v. Edgar*, 56 F.3d 791, 798 (7th Cir. 1995).

Plaintiffs' proposed judgment—specifically paragraphs 2 and 4—violates that principle of federalism. Rather than allowing the State to develop its own NVRA compliant system, Plaintiffs seek to set the exact language of the online questions and order Defendants to "track, record, and retain" certain information. There is no support for requiring the State to take such actions to cure an alleged NVRA violation. As the Seventh Circuit held in *Edgar*, it is one thing to issue a "simple injunction" ordering a state official to comply with the NVRA, it is another to micromanage the details of that compliance. *Edgar*, 56 F.3d at 797-98.

Further, some parts of Plaintiff's proposed judgment are wholly outside what the NVRA itself contemplates. For instance, in subsection (f) of paragraph 4, Plaintiffs seek to require DPS to transmit voter-registration information, including individual responses to questions and a physical signature electronically captured, to the Secretary of State—regardless of whether the applicant wants to register to vote. The NVRA in no way contemplates such a requirement.

3. Defendants object to Plaintiffs' proposed public education campaign in paragraph 6 as overbroad and outside the scope of a permissible remedy. Plaintiffs seek to require Defendants to propose a statewide public-education campaign within 14 days of entry of the judgment, using all forms of media—"including but not limited to" television, radio, internet, social media, and

government websites—to educate Texans about this case and the changes any remedy this Court ultimately orders. Doc. 106 at ¶ 6 The proposal requires Defendants and vendors who are not parties to this litigation to engage in a two-year marketing program to promote online voter registration. And this proposed judgment gives the Plaintiffs' attorneys the authority to approve or reject Defendants' efforts. *Id.*

The Court should reject this proposed relief. The NVRA permits appropriate declaratory and injunctive relief to individuals who have been "aggrieved by violations" of the NVRA. 52 U.S.C. § 20510(b)(2). It does not give federal courts (and certainly does not give any Plaintiff's counsel) carte blanche to order the State to do anything they think may be beneficial. The proposed media campaign does nothing to redress the named Plaintiffs' alleged injuries.

4. Plaintiffs' proposed catch-all provision in paragraph 3 runs afoul of Rule 65. Plaintiffs seek an order that enjoins "Defendants, their agents and successors in office, and all persons working in concert with them, from implementing practices and procedures that otherwise violate the NVRA." As courts have routinely found, this type of general catch all provision violates Rule 65 for two reasons. *First*, as described above, a catch-all injunction prohibiting legal violations that the Court has not found is overbroad. *See OCA-Greater Houston v. Texas*, 867 F.3d 604, 615 (5th Cir. Tex. 2017) (vacating injunction as overbroad where contained a provision that held "[t]o the extent the provisions of the Texas Election code are inconsistent with the Voting Rights Act, the Court ENJOINS the Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, from enforcement of those provisions"). *Second*, a catch-all injunction provision is also vague, in violation of the requirement that injunctive relief set forth the particular conduct that is required or proscribed. *Peregrine Myanmar Ltd. v. Segal*,

5

89 F.3d 41, 50-52 (2d Cir. 1996) (vacating as vague a catch-all provision of an injunction requiring the appellant to "take all other reasonable needful actions to facilitate" a general result).

### C. Monitoring is not an appropriate remedy.

Plaintiffs' request for monitoring in paragraphs 7-8 is not an appropriate remedy and is unwarranted here. Such relief is the "most intrusive of remedies" and should be considered in the context of Rule 65's requirement that injunctive relief be narrowly tailored to "achieve the federal law's ends in the least obtrusive possible manner." *United States v. Louisiana*, 196 F. Supp. 3d 612, 677 (M.D. La. July 26, 2016) (vacated by settlement). This is particularly true in the context of functions—such as conducting elections—that the Constitution assigns to state and local governments. Indeed, remedies like monitoring "are to be reserved for extreme cases of demonstrated noncompliance with milder measure." *Edgar*, 56 F.3d at 798. "They are last resorts, not first." *Id.* There is simply no evidence in the record that such extreme relief is warranted here. And there is certainly no authority—under the NVRA or the remedies jurisprudence—for ordering a State to engage in periodic reporting to counsel for a private litigant, as proposed by the Plaintiffs here. Doc. 106 at ¶¶ 6, 7(b), 7(c).

### D. Plaintiffs' proposed timeframe allows insufficient time for compliance.

Defendants also object to Plaintiffs' proposed judgment because it does not allow for sufficient time to comply with the proposed changes to Texas's online systems. Plaintiffs originally requested an injunction that allowed the State three months to come into compliance with any injunction. *See* Doc. 77 at 25 (requesting an injunction order compliance within three months of the Court's order). Plaintiffs now seek to cut that compliance time in half. Doc. 106 (requiring compliance within 45 days). Such a timeframe for compliance is not feasible.

As the record shows, neither Defendants nor any other State agency operates the processes on Texas.gov. Instead, that function is contracted to a private vendor that is not a party to this suit, and Defendants do not have the ability to independently reprogram these online processes. Under normal circumstances, it would take at least 90 days for the private vendor to reprogram the relevant systems in the manner suggested by Plaintiffs. But the current private vendor responsible for operating Texas.gov—NICUSA—recently lost a bid to renew its contact. As of September 1, 2018, Deloitte will replace NICUSA as the new vendor.

The current vendor has indicated that it cannot commit to completing the reprograming of these processes before its contract expires on September 1, 2018. Thus, should the Court order changes to these online processes to make such processes compliant with the provisions in paragraph 2 of Plaintiffs' proposal judgment, the new vendor could implement them by December 1, 2018—90 days from the beginning of its contract.

**DEFENDANTS' POSITION ON THE FORM OF THE JUDGMENT**

If the Court enters an injunction—which Defendants substantively oppose—several important factors should guide the Court's judgment.

First, the form and substance of any injunctive relief extended to the named parties "must be narrowly tailor[ed] . . . to remedy the specific action which gives rise to the order." *John Doe 1 v. Veneman*, 280 F.3d 807, 818 (5th Cir. 2004). The form of the injunction should allow an "ordinary person" to be able to able read the Court's order and "ascertain from the document itself exactly what conduct is proscribed." *U.S. Steel Corp.,* 519 F.2d at 1246 n.20. The Supreme Court has instructed that specificity requirements of Rule 65 are "no mere technical requirements" but are instead "designed to prevent uncertainty and confusion on the part of those faced with

injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Schmidt v. Lessard,* 414 U.S. 473, 476 (1974).

Second, in this context, it is of particular import that that the form and substance of any injunction show "adequate sensitivity to the principles of federalism." *Wilson*, 60 F.3d at 1416. The Ninth Circuit recognized this principle in *Wilson*, "direct[ing] the district court on remand to impose no burdens on the state not authorized by the [NVRA] which would impair the State of California's retained power to conduct its state elections as it sees fit." *Id*.

Here, the only matters at issue is whether Defendants' processes for online driver license transactions violates the Equal Protection Clause and 52 U.S.C. §§ 20503, 20504, and/or 20507. *See* Doc. 77. Accordingly, to be proper under Rule 65, any injunction must be limited to remedies involving Defendants' online processes related to driver license transactions and voting registration. In doing so, the injunction must not exceed the requirements of the NVRA or impair Texas's constitutional grant of authority to regulate voter-registration procedures and conduct elections.

## CONCLUSION

The Court should reject Plaintiff's proposed judgment. Defendants oppose an issuance of a judgment consistent with the Court opinion, but if the Court is inclined to issue declaratory and injunctive relief in favor of Plaintiffs, the form of those remedies should comply with the strictures of Rule 65.

DATE: May 17, 2018

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

/s/*Esteban S.M. Soto*
ANNE MARIE MACKIN
Texas Bar No. 24078898
ESTEBAN S.M. SOTO
Texas Bar. No. 24052284
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4074
(512) 320-0667 FAX
anna.mackin@oag.texas.gov
esteban.soto@oag.texas.gov

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that on this the 17th day of May, 2018, a true and correct copy of the foregoing was filed electronically with the Court and delivered via the CM/ECF system to all counsel of record.

/s/ *Esteban S.M. Soto*
ESTEBAN S.M. SOTO
Assistant Attorney General