UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

*FILED*

JAN 2 4 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| JARROD STRINGER, NAYELI GOMEZ, JOHN HARMS, MOVE Texas Civil Fund, and LEAGUE OF WOMEN VOTERS OF TEXAS | ) ) ) | |
| *Plaintiffs* | ) | |
| and | ) | |
| | ) | Civil No. 5:16-CV-257-OLG |
| TEXAS DEMOCRATIC PARTY, DCCC, and DSCC | ) | [lead case] |
| *Intervenor Plaintiffs* | ) | |
| v. | ) | |
| | ) | |
| RUTH HUGHS, in her official capacity as | ) | |
| Texas Secretary of State, and STEVEN C. McCRAW, | ) | Civil No. 5:20-CV-46-OLG |
| in his official capacity as Director of the | ) | [consolidated] |
| Texas Department of Public Safety | ) | |
| *Defendants* | ) | |

**O R D E R**

A preliminary injunction hearing has been set in this matter for January 28, 2020. The parties

must address the following at the preliminary injunction hearing:[1]

1. What facts or law have changed since the claims and issues were decided in Stringer I?[2]

    a. Is standing to assert the 2020 claims the only new issue?
    b. Have Defendants' practices changed since Stringer I?

2. Whether each individual, organizational, and associational plaintiff and intervenor plaintiff has standing to pursue the declaratory and injunctive relief set forth in their complaints, with facts and supporting authority.

---

[1] The parties do not need to brief all of these matters prior to the hearing, but must address them as part of their presentation.

[2] Stringer I refers to the 2016 claims. Unless the Court refers to Stringer I, it is referring to the 2020 claims. The Intervenor Plaintiffs filed their complaint in December 2019, but for ease of reference the Court will refer to all new claims as the 2020 claims.

3. Whether the parties agree that the Court need only find that one plaintiff/movant has standing to proceed with the merits of the preliminary injunction motion.

4. If any party claims that the Court cannot rely on the facts already developed in the Stringer I record, provide supporting authority.

5. Additionally, Defendants must provide the Court with the following:

   a. If Defendants' practices have changed since Stringer I, describe each change, why it was made, when it was made, and who decided to make such change(s). If no changes occurred, whether there have been any discussions about making changes.[3]

   b. Explain who made the decision to make the change to Step 5 of the online process described in paragraph one, page 16, of Plaintiffs' Emergency Application for Preliminary Injunction, why the decision was made, and what Defendant(s) sought to accomplish with this change. Explain why this language in Step 5 of the online process is different than the language contained in DL-14A, DL-43, and DL-64, as reflected on page 13 of Plaintiffs' Emergency Application for Preliminary Injunction.

   c. Since the inception of online services, the number of persons who, like Jarrod Stringer, have *more than once* renewed or updated their driver's license online through DPS, answered "yes" to the voter registration/application question or indicated that they wanted to register to vote or update their voter registration as part of the same transaction, and were not simultaneously permitted to do so.

   d. Since November 2016: the total number of persons who renewed or updated their driver's license online, answered "yes" to the voter registration/application question or indicated that they wanted to register to vote or update their voter registration as part of the same transaction, and were not simultaneously permitted to register to vote or update their voter registration.

   e. Since November 2016: the number of persons who renewed or updated their driver's license online, answered "yes" to the voter registration/application question or indicated that they wanted to register to vote or update their voter registration as part of the same transaction, were not simultaneously registered to vote or their voter registration was not updated, and *are still not registered to vote and/or their voter registration has not been updated as a result.*

   f. For any persons identified in subparagraph e. above, explain whether this is a continuing violation or continuing injury. Provide supporting authority.

---

[3] The Court is referring to intra or inter agency discussions, not discussions with legal counsel.

g.  Since November 2016: (i) the number of persons who renewed or updated their driver's license *in person*, indicated that they wanted to register to vote or update their voter registration as part of the same transaction, and were registered to vote and/or their voter registration was updated as a result of that transaction; and (ii) the number of persons who updated their driver's license *by mail*, indicated that they wanted to register to vote or update their voter registration as part of the same transaction, and were registered to vote and/or their voter registration was updated as a result of that transaction.

h.  The number of times the Secretary of State has rejected electronic signatures submitted by DPS for voter registration purposes based on a finding of fraud, and the steps that would be taken to notify the voter if this ever occurred.

i.  A reasonable estimate of time it would take Defendants to come into full compliance with the NVRA provisions in question.

6.  Finally, Plaintiffs must explain the scope of preliminary injunctive relief they are seeking and submit a proposed order setting out that relief.

IT IS SO ORDERED this _____ day of January, 2020.

ORLANDO L. GARCIA
CHIEF U.S. DISTRICT JUDGE