IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JARROD STRINGER, et al., | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL NO. SA-16-CV-257-OG |
| ROLANDO PABLOS, et al., | § § § | |
| *Defendants.* | § § | |
| ------------------------------------------------------ | § § | |
| JARROD STRINGER, et al., | § § § | |
| *Plaintiffs,* | § § § | |
| v. | § § | CIVIL NO. SA-20-CV-46-OG |
| RUTH HUGHS, et al., | § § § | |
| *Defendants.* | § | |

## DEFENDANTS' MOTION TO SEVER

Defendants file this Motion to Sever, asking the Court to sever the two causes of action it recently consolidated. *See* Docket No. 135. Because this Court was without subject matter jurisdiction over one of those cases, that case should be severed and dismissed.

### I. BACKGROUND

On January 21, 2020, this Court signed an order consolidating two separate cases. One of those cases (Civil No. SA-20-CV-46-OG) had recently been filed as a new lawsuit ("*Stringer II*").[1]

---

[1] Defendants have waived service of the complaint and summons in *Stringer II* and will timely file their responsive pleading. Defendants reserve all arguments and all grounds for dismissal under Rule 12(b) for their responsive pleading, including but not limited to lack of jurisdiction (due to a

The other case (Civil No. SA-16-CV-257-OG) had already been litigated to a final judgment in this Court and a subsequent appeal to the Fifth Circuit ("*Stringer I*"). The Fifth Circuit held this Court lacked subject matter jurisdiction in *Stringer I*, and remanded with instructions to dismiss the Plaintiffs' claims in that case for lack of standing. *Stringer v. Whitley*, 942 F.3d 715, 725 (5th Cir. 2019).

Upon remand, several new parties requested to join *Stringer I* as Intervenors, despite the fact this Court had no subject matter jurisdiction in the case. *See* Docket No. 124. Instead of dismissing *Stringer I* and entertaining a motion for new parties to join the new *Stringer II* litigation, this Court joined the new parties as Intervenors in *Stringer I* and then consolidated that older case with the new *Stringer II* case. *See* Docket Nos. 135, 136. The Court then dismissed the Plaintiffs' claims in *Stringer I* from the newly consolidated case. *See* Docket No. 139.

## II. ARGUMENT & AUTHORITIES

Rule 21 authorizes a court to "sever any claim against a party." Fed. R. Civ. P. 21. "Severance is appropriate where it will serve the ends of justice and further the prompt and efficient disposition of the litigation." *Robinson v. RWLS, LLC*, No. 5-16-CV-0201-OLG-RBF, 2018 WL 7198157, at *1 (W.D. Tex. May 23, 2018).

Here, justice requires the severance of *Stringer I* from *Stringer II*, for the simple reason that this Court had no jurisdiction over *Stringer I*. On November 13, 2019, the Fifth Circuit held that the Plaintiffs in *Stringer I* had no standing. *Stringer*, 942 F.3d at 723, 725. Accordingly, this Court was without subject matter jurisdiction in *Stringer I*. After it was established that the Court was without jurisdiction, the only proper action was to dismiss *Stringer I*. *See Steel Co. v. Citizens*

---

lack of standing, failure to comply with NVRA notice provisions, or any other reason) and failure to state a claim upon which relief can be granted.

2

*for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868))); *Stamper v. Baskerville*, 724 F.2d 1106, 1108 (4th Cir. 1984) ("Compliance with an order to relinquish jurisdiction necessarily precludes the lower court from taking any further action other than dismissal, for to do so would involve retaining jurisdiction.").

As the Fifth Circuit has explained, "[t]he mandate rule requires a district court on remand to effect our mandate and to do nothing else." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007). Accordingly, *Stringer I* must be dismissed for lack of jurisdiction, and any new parties and/or new claims must be considered only as part of new litigation (e.g., *Stringer II*); *see also* Docket No. 133 (Defendants' Response in Opposition to Motion to Intervene)

### III.  CONCLUSION & PRAYER FOR RELIEF

For all the foregoing reasons, this Court should sever Civil No. SA-16-CV-257-OG from Civil No. SA-20-CV-46-OG, dismiss Civil No. SA-16-CV-257-OG for lack of subject matter jurisdiction, and proceed with such parties and claims that are or may properly become part of Civil No. SA-20-CV-46-OG. Accordingly, Defendants request this Court to grant this Motion to Sever and enter the attached proposed order.

        Respectfully submitted.

        KEN PAXTON
        Attorney General of Texas

        JEFFREY C. MATEER
        First Assistant Attorney General

        DARREN L. MCCARTY
        Deputy Attorney General for Civil Litigation

        THOMAS A. ALBRIGHT
        Chief of the General Litigation Division

        */s/ Anne Marie Mackin*
        ANNE MARIE MACKIN
        Texas Bar No. 24078898
        Assistant Attorney General
        General Litigation Division
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 463-2120
        FAX: (512) 320-0667
        anna.mackin@oag.texas.gov
        christopher.hilton@oag.texas.gov

        ***Counsel for Defendants***

## CERTIFICATE OF CONFERENCE

On January 24, 2020, counsel for Defendants conferred with counsel for Plaintiffs and for Intervenor-Plaintiffs, and counsel for Plaintiffs and Intervenor-Plaintiffs indicated that they were opposed.

        */s/ Anne Marie Mackin*
        Anne Marie Mackin

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's CM/ECF system on January 27, 2020, to all counsel of record.

                                          */s/ Anne Marie Mackin*
                                          Anne Marie Mackin