# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| JARROD STRINGER; BENJAMIN HERNANDEZ; JOHN WOODS, *et al.*,<br><br>              Plaintiffs,<br>   v.<br><br>RUTH HUGHS, in her official capacity as the Texas Secretary of State; STEVEN C. MCCRAW, in his official capacity as the Director of the Texas Department of Public Safety;<br><br>              Defendants. | Civil Action<br><br>Case No. 5:16-cv-00257-OLG |

## TEXAS DEMOCRATIC PARTY, DSCC, AND DCCC'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO SEVER

## I.    INTRODUCTION

Defendants' Motion to Sever is nothing more than a veiled attempt to persuade the Court to reconsider its order granting Intervenors' Motion to Intervene, and to further delay this litigation. But the parties have already briefed the underlying jurisdictional issues which form the basis of Defendants' Motion to Sever, and the Court granted Intervenors' motion to intervene, which was based at least in part on the fact that Intervenors have standing to pursue their Equal Protection claim in *Stringer I*. Because Intervenors properly intervened in *Stringer I*, Defendants' latest attempt to further delay this case should be ignored, and the Court should deny the Motion to Sever.

## II.    BACKGROUND

Intervenors moved to intervene in this case on December 20, 2019, shortly after the Fifth Circuit's mandate issued and the matter returned to this Court. *See* ECF No. 124. Intervention was necessary to cure the standing defects that formed the basis of the Fifth Circuit's reversal. *Id*. Defendants opposed intervention, arguing that upon receiving the Fifth Circuit's mandate, the Court was required to dismiss the matter entirely, even if Intervenors can now establish standing. ECF No. 133. The Court considered Defendants' arguments against intervention, including the argument that the "mandate rule" required dismissal in this case. *See* ECF No. 136 ("The Court has reviewed the motion and applicable law...."). The Court disagreed with Defendants and found in favor of Intervenors' argument that they cured the jurisdictional defects of the case and the merits of the claims may continue through litigation. ECF No. 136.

Several weeks after Intervenors moved to intervene,[1] Plaintiffs filed a new lawsuit raising

---

[1] Curiously, Defendants argue that the Court should have "entertain[ed] a motion for new parties to join the new *Stringer II* litigation." ECF No. 142 at 2. But neither Intervenors nor the Court could allow intervention into *Stringer II* at the time of the motion to intervene because *that case*

nearly identical claims to the first lawsuit. *Stringer, et al. v. Hughs, et al.*, Case No. SA-20-CV-46-OG ("*Stringer II*"). Plaintiffs sought an emergency preliminary injunction in this new case. *Stringer II*, ECF No. 5. Finding that *Stringer II* involved the same parties and the same questions of law, the Court *sua sponte* ordered that *Stringer II* be consolidated into *Stringer I*. ECF No. 135. Defendants now seek to sever the cases, arguing in part that Intervenors should have intervened into *Stringer II* instead of *Stringer I*.[2]

## III. ARGUMENT

### A. The Court should not reconsider its order granting intervention.

Because Defendants are essentially filing a motion for reconsideration, Intervenors note that the Court has already determined that Intervenors properly intervened into *Stringer I* and the Court should not reconsider that decision.[3] "Reconsideration of a judgment after its entry is an

---

*did not exist*. Intervenors filed their motion to intervene on December 20, 2019. ECF No. 124. Almost a month passed before Plaintiffs filed *Stringer II* on January 14, 2020.

Defendants' arguments are also inconsistent with the arguments in their opposition to the motion to intervene. First, Defendants argued that Intervenors' motion to intervene was brought too late. ECF No. 133 at 10. Now, Defendants argue that Intervenors should have waited to intervene until Plaintiffs brought *Stringer II* even though Intervenors had no reason to know that Plaintiffs were going to file the new lawsuit. This is a transparent attempt at further delaying this litigation

[2] Intervenors filed a Motion For Leave to File a Motion for Summary Judgment on January 28, 2020, ECF No. 151, and the motion for leave to file Intervenors motion for summary judgment is still pending before this Court. To the extent relevant, Intervenors also rest on their arguments in their proposed Motion for Summary Judgment and have referred to that motion where applicable. *See* ECF No. 151-1.

[3] Again, intervention was necessary and proper because, contrary to Defendants' arguments, Intervenors can maintain the lawsuit on remand because they have established standing. *See* ECF No. 124 at 6 ("The Fifth Circuit has previously held that intervenors with independent grounds to maintain an action may cure jurisdictional defects even after the action is dismissed."); ECF No. 134 at 4-5 (explaining "why intervenors who have Article III standing are commonly permitted to continue litigating an action when the party on whose side they intervened does not wish to continue[.]").

extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Courts in the Fifth Circuit will not permit such motions in circumstances like this, where Defendants are "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. The Fifth Circuit treats motions for reconsideration as either motions to alter or amend a judgment under Rule 59(e) or as motions for relief from judgment under Rule 60(b). *Fret v. Melton Truck Lines, Inc*., No. SA-15-CV-00710-OLG, 2017 WL 5653905, at *2 (W.D. Tex. Feb. 13, 2017); *Khalfani v. Balfour Beatty Communities*, LLC, No. EP-12-CV-000422-DCG, 2014 WL 12530942, at *1 (W.D. Tex. Mar. 26, 2014). To succeed on a motion to alter or amend a judgment under Rule 59(e), Defendants "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and [such motions] cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Fret*, 2017 WL 5653905, at *2 (internal quotations and citations omitted). And to receive relief under Rule 60(b), Defendants must show "mistake, inadvertence, surprise, or excusable neglect." *Id*.

Defendants have not even tried to—nor can they—meet the standards under either Rule 59(e) or Rule 60(b). In opposing intervention, Defendants argued that the Court was required to dismiss *Stringer I* under the Fifth Circuit's mandate rule. ECF No. 133 at 6-8. Defendants raise those arguments again, fashioning them as new arguments supporting severance. *See* ECF No. 142 at 2-3. The Court should ignore these re-hashed arguments; Defendants are seeking reconsideration of the order granting intervention and the Court should deny relief.

To the extent that the Court reconsiders the underlying arguments regarding intervention, Intervenors rest on the arguments in their motion to intervene and supporting reply brief. *See* ECF Nos. 124, 125, 134. Specifically, the plain language of the Fifth Circuit's narrow mandate only

3

required the Court to dismiss Plaintiffs' claims for lack of standing.[4] ECF No. 122 at 12. The Court did just that. *See* ECF No. 139. The Fifth Circuit's mandate does not preclude Intervenors—who have standing—to litigate the merits of the equal protection claim. *See Sprague v. Ticonic Nat. Bank*, 307 U.S. 161, 167-68 (1939); *N.Y. State Nat. Org. for Women v. Pataki*, 228 F. Supp. 2d 420, 428 (S.D.N.Y. 2002).

Even if the Court were to find that the mandate rule applies—and it should not—the Court may exceed the mandate here because Intervenors' new evidence regarding standing is substantially different than what was before the Fifth Circuit. The mandate rule is "a specific application of the general doctrine of law of the case." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). Like the doctrine of law of the case, the mandate rule is subject to three exceptions: (1) the evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice. *Id*. Intervenors fall comfortably within the first exception. The Fifth Circuit analyzed Plaintiffs' standing, but now Intervenors submit substantially different evidence of their own standing. Therefore, the first exception to the mandate rule applies, permitting the Court to exceed the mandate requiring dismissal, and allowing the merits of the claim to move forward.

> **B.      Even if the Court severs *Stringer I* and *Stringer II*, Intervenors must remain in *Stringer I*.**

Intervenors are proper parties to *Stringer I*, and in the event the Court severs the two cases, Intervenors should remain in *this case* rather than be consolidated into *Stringer II*. Prior to consolidation, *Stringer I* was moving forward on Intervenors' equal protection claim. Intervenors

---

[4] Defendants conceded this point during the hearing on the preliminary injunction. Tr. of Prelim. Inj. Hearing, ECF No. 157 at 53:7-10 ("In the Fifth Circuit's opinion, it ruled only on standing. . . . they did not reach the merits. So we don't have a ruling from the merits on the Fifth Circuit.").

have already filed a motion for leave to file a motion for summary judgment, which is pending before the Court. *See* ECF No. 151. Intervenors will face prejudicial procedural delays if the Court severs and dismisses *Stringer I* and forces them to intervene into *Stringer II*. Moreover, Defendants are wrong that the Court must begin anew the equal protection claims here and allow Defendants to raise new arguments. There is no supporting authority or logical justification for binding the Court's hands, and indeed the law of the case and collateral estoppel doctrines preclude such a result. *See* ECF 151-1 at 12-19. Defendants are merely trying to delay resolution in this matter; the Court should reject their dilatory tactic.

## IV.  CONCLUSION

Defendants seek to sever *Stringer I* and *Stringer II* so that they can delay resolution of this case and try to escape the Court's decision and record in *Stringer I*. In *Stringer I*, this Court held that Defendants' continued disparate treatment of voters violated the Equal Protection Clause. As discussed in Intervenors' Motion for Summary Judgment, the law of the case and collateral estoppel doctrines establish that the same result must obtain here where the facts and the law have not changed. *See* Tr. of Prelim. Inj. Hearing, ECF No. 157 at 59:5-6 (admitting that "[t]he practices and law hasn't [sic] changed."). The Court should reject Defendants' transparent attempt to waste judicial resources litigating this case over again where there are no new facts or law, and where Defendants boldly continue to violate Texas voters' rights. In the same way that Defendants should not be permitted to re-litigate *Stringer I*, they should not be permitted to re-litigate Intervenors' proper intervention in this case.

Accordingly, Intervenors respectfully request that this Court deny Defendants' Motion to Sever (ECF No. 142).  However, if the Court grants the Motion and severs the two cases, Intervenors request that they remain in the case in which they originally moved to intervene,

*Stringer I*, Case No. SA-16-CV-257-OG.

Dated: February 3, 2020.                    Respectfully submitted,

/s/ *John M. Geise*
Marc E. Elias*
Aria C. Branch
Emily Brailey*
John M. Geise*
PERKINS COIE LLP
700 Thirteenth St., N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
abranch@perkinscoie.com
ebrailey@perkinscoie.com
jgeise@perkinscoie.com

John Hardin
TX State Bar No. 24012784
PERKINS COIE LLP
500 N. Akard St., Suite 3300
Dallas, TX 75201
Telephone: (214) 965-7743
Facsimile: (214) 965-7793
JohnHardin@perkinscoie.com

*Counsel for Intervenor-Plaintiff*

Chad W. Dunn
TX State Bar No. 24036507
Brazil & Dunn, LLP
4407 Bee Caves Road, Suite 111
Austin, Texas 78746
Telephone: (512) 717-9822
Facsimile: (512) 515-9355
chad@brazilanddunn.com

*Counsel for Intervenor-Plaintiff Texas Democratic Party*

*Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2020, I filed a copy of the foregoing Texas Democratic Party, DSCC, and DCCC'S Response in Opposition to Defendants' Motion to Sever with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    /s/  *John M. Geise*
    Counsel for the Intervenor-Plaintiffs